KATHI VIDAL (State Bar No. 194971)
kvidal@winston.com
CARSON SWOPE (State Bar No. 353352)
cswope@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

ALEXANDER H. COTE (State Bar No. 211558)
acote@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Plaintiffs X.AI Corp. and X.AI LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| X.AI Corp., a Nevada corporation, and X.AI LLC, a Nevada limited liability company,<br><br>       Plaintiffs,<br><br>   vs.<br><br>XUECHEN LI, an individual,<br><br>       Defendant. | **Case No.**<br><br>**[PROPOSED] ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND SETTING HEARING** |

AND NOW, on the _____ day of _____ 2025, upon consideration of the Motion for Order to Show Cause re: Preliminary Injunction, the Memorandum of Points and Authorities in support thereof, the Declarations of Carson Swope, Bruce Applin, Roberto A. Rivera, and Joseph Pochron in support thereof and all exhibits, the Complaint, filed by Plaintiffs X.AI Corp. and X.AI LLC (collectively, "Plaintiff" or "xAI"), and any response by Defendant Xuechen Li ("Li") and any argument of counsel, it is hereby ORDERED:

## ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

To Defendant Li:

Based upon the Complaint, xAI's *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction ("Motion") and the documents in support thereof, you are ordered to appear on _____, 2025, in this Court, located at _____, to show cause why a preliminary injunction pending trial of this action should not be ordered pursuant to Rule 65 of the Federal Rules of Civil Procedure and the Defend Trade Secrets Act, 18 U.S.C. § 1836(b), restraining and enjoining you, your agents, employees, partners, any others acting in concert with you or on your behalf or any other individual or entity having actual notice of the preliminary injunction by personal service or otherwise from the following acts:

1. controlling, logging into, or otherwise accessing any personal electronic devices (e.g., cellular devices, computers), online storage repositories (e.g., Gmail, Google Drive, iCloud), or other electronic storage devices that are currently accessible by Defendant or in Defendant's possession, custody, or control;

2. possessing, using, copying, reproducing, disclosing, transferring (including to a third party), disseminating, or otherwise exploiting, any of xAI's "Confidential Information" (as defined in Employee Confidential Information and Assignment Agreement signed by Li on February 26, 2024),[1] including the xAI files uploaded to his Personal System, and any copies, derivatives, or materials created therefrom;

---

[1] A copy of the Agreement shall be provided to Defendant Li along with this Order to Show Cause so that Defendant Li has full knowledge of the information including in the definition of Confidential Information.

3.  destroying, deleting, changing, altering, or otherwise eliminating any version (whether hard copy, native, or electronic) of any documents or electronically stored information on any device or in any account (whether in printed form or downloaded to any remote storage system, computer, hard drive, server, disk drive, flash drive, cellular telephone, CD, DVD, USB drive, or any other device that can be used to electronically store data or information) relating to the Confidential Information;

4.  disposing of, deleting, changing, altering, wiping, tampering with, or destroying any remote storage systems (including cloud storage accounts), computers, hard drives, servers, disk drives, flash drives, cellular telephones, CDs, DVDs, USB drives, and any other devices that can be used to electronically store data or information that are: (a) currently accessible by Defendant or in Defendant's possession, custody or control; or (b) have been accessible by Defendant or in Defendant's possession, custody or control, since February 26, 2024, and any data, files, information, forensic remnants, or digital artifacts stored on or within the device;

5.  destroying, deleting, changing, altering, or otherwise eliminating any emails to or from any email accounts used by Defendant since February 26, 2024, either in printed form or downloaded to any computers, laptops, online storage repositories, cloud storage, or electronic storage devices;

6.  destroying, deleting, changing, altering, or otherwise eliminating any text, electronic postings, or other application messages from any cellular telephones or devices, computers, laptops, online storage repositories, cloud storage, or electronic storage devices (a) currently accessible by Defendant or in Defendant's possession, custody or control; or (b) have been accessible by Defendant, or in Defendant's possession, custody or control, since February 26, 2024;

7.  violating, aiding, or participating in the violation of any terms of the Agreement or Termination Certification, as detailed in the Complaint.

8.  having any role or responsibility at OpenAI or any other competitor of xAI pertaining to generative AI including without limitation OpenAI's ChatGPT until xAI has confirmed that all of xAI's Confidential Information in Li's possession, custody, or control has been deleted; and

9.  having any communication on the subject of generative AI with any officer, director, employee, agent, supplier, consultant, or customer of OpenAI or any other competitor of xAI until xAI

has confirmed that all of xAI's Confidential Information in Li's possession, custody, or control has been deleted.

xAI shall make service upon Li of this Order to Show Cause together with all supporting papers, including specifically, the Agreement. Service of a copy of this Order to Show Cause and the papers upon which it is based shall be made by hand delivery upon Li or by transmittal to Li's counsel by email and overnight mail by no later than _____ 2025, which shall be deemed good and sufficient service thereof.

Any opposition papers by Defendant Li to the Order to Show Cause shall be filed and served electronically by no later than _____, 2025.

Any reply papers by xAI in support of the Order to Show Cause shall be filed and served electronically by no later than _____, 2025.

**IT IS SO ORDERED.**

DATED:                                             _____