# EXHIBIT B

KATHI VIDAL (State Bar No. 194971)
kvidal@winston.com
CARSON SWOPE (State Bar No. 353352)
cswope@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

ALEXANDER H. COTE (State Bar No. 211558)
acote@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Plaintiffs X.AI Corp. and X.AI LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X.AI Corp., a Nevada corporation, and X.AI LLC, a Nevada limited liability company,<br><br>              Plaintiffs,<br><br>     vs.<br><br>XUECHEN LI, an individual,<br><br>              Defendant. | **Case No.** _____<br><br>**EXPEDITED FIRST SET OF INTERROGATORIES TO DEFENDANT XUECHEN LI** |

**EXPEDITED FIRST SET OF INTERROGATORIES
TO DEFENDANT XUECHEN LI**

CASE NO. _____

Plaintiffs X.AI Corp. and X.AI LLC, through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 33, hereby propound their Expedited First Set of Interrogatories to Defendant Xuechen Li to be fully answered in writing and under oath within seven (7) days of a Court order granting xAI's Motion for Expedited Discovery.

### DEFINITIONS

1. "xAI" means Plaintiffs X.AI Corp. and X.AI LLC, including any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units, and present or former officers, directors, or employees under their control.

2. "You" means Xuechen Li, including but not limited to any and all aliases, agents, representatives, employees, attorneys, or any other persons or entities acting in concert with You or acting or purporting to act on Your behalf or at Your direction.

3. "ELECTRONIC STORAGE DEVICE(S)" means remote storage systems; servers (including but not limited to virtual servers); hosted servers (including but not limited to virtual hosted servers); computers; CPUs; hard drives; disk drives; flash drives; virtual file systems; cellular telephones; smart phones; SIM cards; CDs; DVDs; USB drives; any devices that contain any hard drive, disk drive, flash drive, flash memory, and/or SIM card; and any other device or medium that can be used to store data or information in any electronic format or that can be used to view, convert, process, or manipulate data or information in any way.

4. "CLOUD STORAGE ACCOUNT(S)" means any account, application, or virtual mailbox capable of sending, receiving, and/or storing messages or information electronically using a computer or other electronic device, and includes, without limitation, cloud-based storage accounts (e.g., Dropbox, Box, iCloud, Google Cloud, Google Drive) and email accounts (e.g., Gmail, Yahoo).

5. "AGREEMENT" means the Employee Confidential Information and Invention Assignment Agreement ("Agreement") that You executed on or about February 26, 2024.

6. The term "xAI CONFIDENTIAL INFORMATION" shall have the meaning ascribed to the term "Confidential Information" in the AGREEMENT, including: "any and all confidential

knowledge, data or information" belonging to xAI, including as relevant here: "(a) trade secrets, proprietary technology, inventions, mask works, ideas, processes, formulas, software in source or object code, data, programs, other works of authorship, know-how, improvements, discoveries, developments, designs and techniques, and any other work product of any nature and all Intellectual Property Rights [as defined in the AGREEMENT] therein (collectively, "Inventions"), including all Company Inventions [as defined in the AGREEMENT]; [and] (g) any other non-public information that a competitor of Company could use to Company's competitive disadvantage."

7. The term "xAI TRADE SECRET(S)" means the following types and categories of confidential information concerning xAI's business without limitation: technical information concerning product offerings (past, present, and future, including without limitation information concerning model weights); compilations of customer data used for research and development purposes; collection and development of targeted information about prospective customers; data regarding customers' and prospective customers' trial status and results; compilations and analysis of customer feedback; internal data on sales results; data and reports on products under consideration; forecasting informing market and customer trends; pricing models and discounts; and other compilations of sensitive and proprietary customer information.

8. The term "DOCUMENT" as used herein shall have the broadest possible construction under the Federal Rules of Civil Procedure, and shall include, but is not limited to, all original written, recorded or graphic materials of any nature whatsoever, all mechanical or electronic sound or video recordings or transcripts thereof, and all copies thereof, including without limitation, letters, notes, memoranda, reports, minutes or records of meetings, orders, diaries, statistics, source code, statements, publications or articles, transcripts, manuscripts, summaries, circulars, books, pamphlets, bulletins, notations of conversations, manuals, speeches, drawings, blueprints, telephone calls, emails, text messages, and instant or internet messaging sessions, meetings or other communications or electronic communications of any kind, as well as any information or material stored in electronic, mechanical or magnetic media, such as tapes, cassettes, computer or floppy disks, email, archived or deleted email, log

2
**EXPEDITED FIRST SET OF INTERROGATORIES
TO DEFENDANT XUECHEN LI**
CASE NO. _____

files, CD-ROM, DVD-ROM, personal data organizers, network share drives, electronic mirror-images of hard drives, flash drives, flash memory, any information stored on any ELECTRONIC STORAGE DEVICE or in any CLOUD STORAGE ACCOUNT, and any information stored or available on the Internet, or on any hosted service provider, or other remote storage facility.

9. The term "COMMUNICATION" means any transmission of information from one PERSON to another, including (without limitation) by letter, personal meeting, telephone, radio, telegraph, facsimile, email, text message, teleconference, chat application (e.g., Discord), social media posting or comment (including, but not limited to, Facebook, X (f/k/a Twitter), and LinkedIn), etc. "IDENTIFY" shall mean, when used in reference to:

(a) a PERSON that is a natural person, his or her: (i) full name; and (ii) present or last known job position, business affiliation, and job description; and (iii) present or last known home and business addresses.

(b) a PERSON that is a partnership, firm, corporation, or any kind of business or legal entity, its: (i) legal name and any d/b/a; and (ii) business address(es).

(c) an ELECTRONIC STORAGE DEVICE: (i) its make, model, and serial number; (ii) its present or last known address and/or location; (iii) its owner and/or lessor; (iv) any and all passcodes, passwords, or decryption keys necessary to access and examine such ELECTRONIC STORAGE DEVICE; and (v) each PERSON who has or had access to such ELECTRONIC STORAGE DEVICE since January 1, 2024.

(d) a CLOUD STORAGE ACCOUNT: (i) its log-in name; (ii) its domain (e.g., gmail.com, box.com); (iii) its owner; (iv) each PERSON who has or had access to it since January 1, 2024; (v) its last date accessed; (vi) if it is an email account, the email address; and (vii) any and all passcodes, passwords, or decryption keys necessary to access and examine such CLOUD STORAGE ACCOUNT.

(e) a DOCUMENT: (i) its author; (ii) its subject matter, title and date, and the total number of pages thereof; (iii) the date on which it was first reviewed, obtained by, furnished to or prepared by You; (iv) each and every addressee; (v) each and every PERSON to whom copies were sent and/or by whom copies were received; and (vi) its present location(s) and custodian(s), or its disposition if no

3
**EXPEDITED FIRST SET OF INTERROGATORIES
TO DEFENDANT XUECHEN LI**
CASE NO. _____

location(s) or custodian(s) is specified in response to (vi) hereof.

(f) a COMMUNICATION: (i) the date of the COMMUNICATION; (ii) all PERSONS present for the COMMUNICATION; (iii) the approximate duration of the COMMUNICATION; (iv) the subject matter of the COMMUNICATION; (v) the method of communication (e.g., in person, by telephone, by email, by chat application); and (vi) a detailed description of the contents of the COMMUNICATION.

10. The term "PERSON(S)" shall mean and include a natural person, individual, partnership, firm, corporation, limited liability company, or any kind of business or legal entity, including its agents or employees.

**INSTRUCTIONS**

1. If You are unable to fully answer any interrogatory due to a lack of knowledge or information, You must answer the interrogatory to the fullest extent possible and state the reason or reasons why You are unable to completely answer the interrogatory.

2. If, in answering any of the interrogatories, You are not aware of exact dates, amounts, or other figures or facts, but You have information permitting You to make an approximate or estimated answer, You must state each answer and indicate that it is an approximation or estimate because more precise information is not known or available to You.

3. In lieu of describing a DOCUMENT, You may attach to Your answers a true and correct copy of a DOCUMENT or DOCUMENTS, provided that each DOCUMENT is appropriately marked to identify the interrogatory to which the DOCUMENT is responsive. If the DOCUMENT or DOCUMENTS You attach represent only a part of the information requested, You must provide the remaining information in writing in response to the applicable interrogatory. If any DOCUMENT identified is no longer in Your possession, custody, or control, or is no longer in existence, state whether it is: (i) lost or missing; (ii) destroyed; (iii) transferred voluntarily or involuntarily to others and, if so, to whom; or (iv) otherwise disposed. In each instance, explain the circumstances surrounding and the authorization for each disposition, and state the approximate date thereof.

4. If You claim that a DOCUMENT or COMMUNICATION is protected from production by the attorney-client privilege, the work-product doctrine, or any other privilege or protection, You must supply at the time of responding to these interrogatories a schedule that specifically identifies: (i) each such DOCUMENT or COMMUNICATION by date; (ii) the author(s); (iii) the PERSON(S) to whom the DOCUMENT or COMMUNICATION was directed; (iv) the nature of the DOCUMENT or COMMUNICATION (e.g., letter, memorandum); (v) the subject matter, title and number of pages; and (vi) the basis for withholding the DOCUMENT or COMMUNICATION.

5. If You learn that any of Your responses to these interrogatories were incomplete or incorrect, You must promptly amend or supplement the incomplete/incorrect responses.

6. All interrogatories herein are continuing in nature, and any subsequently discovered or additional information responsive to these interrogatories shall be supplied to xAI immediately upon Your learning such information.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY all ELECTRONIC STORAGE DEVICES and all CLOUD STORAGE ACCOUNTS used by You at any time to acquire, copy, transfer, store, download, and/or upload any DOCUMENTS or information belonging to xAI or relating to xAI's business, including any xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS, whether or not the ELECTRONIC STORAGE DEVICES or CLOUD STORAGE ACCOUNTS belong to or are controlled by You, xAI, or a third party.

**INTERROGATORY NO. 2:**

IDENTIFY all DOCUMENTS belonging to xAI or relating to xAI's business (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS) that have been in Your possession, custody, or control at any time on or after July 25, 2025, including, but not limited to, any such DOCUMENTS currently in Your possession, custody, or control and any such DOCUMENTS that were discarded, destroyed, or are no longer accessible by You, or that are no longer in Your possession, custody, or control.

**INTERROGATORY NO. 3:**

IDENTIFY all PERSONS to whom You sent, disclosed, and/or otherwise shared in whole or in part any DOCUMENTS belonging to xAI or relating to xAI's business (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS) that were in Your possession, custody, or control during or after Your employment with xAI and describe the nature and content of the DOCUMENTS shared, the date(s) of such sharing, and the manner in which such DOCUMENTS were shared.

**INTERROGATORY NO. 4:**

For each PERSON you identified in response to the preceding Interrogatory No. 3, IDENTIFY any COMMUNICATIONS you had with each such PERSON and state whether you know or suspect that the PERSON made or maintains any copies of all or any portion of the information sent, disclosed, and/or otherwise shared, and if so, in what format and state the basis for that knowledge or suspicion.

**INTERROGATORY NO. 5:**

IDENTIFY the COMMUNICATIONS whereby You sent, disclosed, and/or otherwise shared in whole or in part any DOCUMENTS belonging to xAI or relating to xAI's business (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS) that were in Your possession, custody, or control during or after Your employment with xAI.

**INTERROGATORY NO. 6:**

IDENTIFY all PERSONS with whom You discussed in whole or in part any DOCUMENTS belonging to xAI or relating to xAI's business (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS) that were in Your possession, custody, or control on or after July 25, 2025.

**INTERROGATORY NO. 7:**

IDENTIFY all PERSONS with whom You discussed the possibility of future employment on or after February 26, 2024, including identifying whether you accepted employment with such PERSON.

**INTERROGATORY NO. 8:**

IDENTIFY any contact by You with any PERSONS who actually hold an official position with, purport to hold an official position with, and/or purport to be acting on behalf or in the interest of any

6
**EXPEDITED FIRST SET OF INTERROGATORIES
TO DEFENDANT XUECHEN LI**

Case No. _____

government other than that of the United States of America relating to xAI's business (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS) on or after February 26, 2024.

**INTERROGATORY NO. 9:**

IDENTIFY all ELECTRONIC STORAGE DEVICES that You have accessed, used, or possessed at any time since February 26, 2024, regardless of ownership.

**INTERROGATORY NO. 10:**

IDENTIFY all CLOUD STORAGE ACCOUNTS that You have accessed or used at any time since February 26, 2024, regardless of ownership.

**INTERROGATORY NO. 11:**

For each ELECTRONIC STORAGE DEVICE and CLOUD STORAGE ACCOUNT identified in response to Interrogatory Nos. 9 or 10, state whether any DOCUMENTS belonging to xAI or relating to xAI's business (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS) were accessed, transferred, downloaded, uploaded, copied, or deleted on or after February 26, 2024, and describe in detail the nature and content of any such DOCUMENTS and the actions, as well as the date of the actions, taken with respect to them.

Dated: August 28, 2025

**WINSTON & STRAWN LLP**

By: /s/ *Kathi Vidal*
KATHI VIDAL
ALEXANDER H. COTE
CARSON SWOPE

Attorneys for Plaintiffs X.AI Corp. and X.AI LLC

7
**EXPEDITED FIRST SET OF INTERROGATORIES TO DEFENDANT XUECHEN LI**

CASE NO. _____