# EXHIBIT C

KATHI VIDAL (State Bar No. 194971)
kvidal@winston.com
CARSON SWOPE (State Bar No. 353352)
cswope@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

ALEXANDER H. COTE (State Bar No. 211558)
acote@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Plaintiffs X.AI Corp. and X.AI LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| X.AI Corp., a Nevada corporation, and X.AI LLC, a Nevada limited liability company,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>XUECHEN LI, an individual,<br><br>　　　　　Defendant. | **Case No.** _____<br><br>**EXPEDITED FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT XUECHEN LI** |

**EXPEDITED FIRST SET OF REQUESTS FOR PRODUCTION
TO DEFENDANT XUECHEN LI**

Case No. _____

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs X.AI Corp. and X.AI LLC hereby request that Defendant Xuechen Li produce for inspection and copying the documents and things in his possession, custody, or control described below at the offices of Winston & Strawn LLP, 255 Shoreline Drive, Suite 520, Redwood City, California 94065, Attn: Kathi Vidal, kvidal@winston.com, within seven (7) calendar days from the date of service of a Court order granting xAI's Motion for Expedited Discovery.

## DEFINITIONS

1. "xAI" means Plaintiffs X.AI Corp and X.AI LLC, including any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units, and present or former officers, directors, or employees under their control.

2. "You" means Xuechen Li, including but not limited to any and all aliases, agents, representatives, employees, attorneys, or any other persons or entities acting in concert with You or acting or purporting to act on Your behalf or at Your direction, and includes all accounts, profiles, or pages associated with You.

3. "ELECTRONIC STORAGE DEVICE(S)" means remote storage systems; servers (including but not limited to virtual servers); hosted servers (including but not limited to virtual hosted servers); computers; CPUs; hard drives; disk drives; flash drives; virtual file systems; cellular telephones; smart phones; SIM cards; CDs; DVDs; USB drives; any devices that contain any hard drive, disk drive, flash drive, flash memory and/or SIM card; and any other device or medium that can be used to store data or information in any electronic format or that can be used to view, convert, process, or manipulate data or information in any way.

4. "CLOUD STORAGE ACCOUNT(S)" means any account, application, or virtual mailbox capable of sending, receiving, and/or storing messages or information electronically using a computer or other electronic device, and includes, without limitation, cloud-based storage accounts (e.g., Dropbox, Box, iCloud, Google Cloud, Google Drive) and email accounts (e.g., Gmail, Yahoo).

5. "AGREEMENT" means the Employee Confidential Information and Invention Assignment Agreement ("Agreement") that You executed on or about February 26, 2024.

1

**EXPEDITED FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT XUECHEN LI**

CASE NO. _____

6. The term "xAI CONFIDENTIAL INFORMATION" shall have the meaning ascribed to the term "Confidential Information" in the AGREEMENT, including: "any and all confidential knowledge, data or information" belonging to xAI, including as relevant here: "(a) trade secrets, proprietary technology, inventions, mask works, ideas, processes, formulas, software in source or object code, data, programs, other works of authorship, know-how, improvements, discoveries, developments, designs and techniques, and any other work product of any nature and all Intellectual Property Rights [as defined in the AGREEMENT] therein (collectively, "Inventions"), including all Company Inventions [as defined in the AGREEMENT]; [and] (g) any other non-public information that a competitor of Company could use to Company's competitive disadvantage."

7. The term "xAI TRADE SECRET(S)" means the following types and categories of confidential information concerning xAI's business without limitation: technical information concerning product offerings (past, present, and future, including without limitation information concerning model weights); compilations of customer data used for research and development purposes; collection and development of targeted information about prospective customers; data regarding customers' and prospective customers' trial status and results; compilations and analysis of customer feedback; internal data on sales results; data and reports on products under consideration; forecasting informing market and customer trends; pricing models and discounts; and other compilations of sensitive and proprietary customer information.

8. The term "DOCUMENT" as used herein shall have the broadest possible construction under the Federal Rules of Civil Procedure, and shall include, but is not limited to, all original written, recorded, or graphic materials of any nature whatsoever, all mechanical or electronic sound or video recordings or transcripts thereof, and all copies thereof, including without limitation, letters, notes, memoranda, reports, minutes or records of meetings, orders, diaries, statistics, source code, statements, publications or articles, transcripts, manuscripts, summaries, circulars, books, pamphlets, bulletins, notations of conversations, manuals, speeches, drawings, blueprints, telephone calls, emails, text messages, and instant or internet messaging sessions, meetings or other communications or electronic

communications of any kind, as well as any information or material stored in electronic, mechanical or magnetic media, such as tapes, cassettes, computer or floppy disks, email, archived or deleted email, log files, CD-ROM, DVD-ROM, personal data organizers, network share drives, electronic mirror-images of hard drives, flash drives, flash memory, any information stored on any ELECTRONIC STORAGE DEVICE or in any CLOUD STORAGE ACCOUNT, and any information stored or available on the Internet, or on any hosted service provider, or other remote storage facility.

9. The term "COMMUNICATION" means any transmission of information from one PERSON to another, including (without limitation) by letter, personal meeting, telephone, radio, telegraph, facsimile, email, text message, teleconference, chat application (e.g., Discord), social media posting or comment (including, but not limited to, Facebook, X (f/k/a Twitter), and LinkedIn), etc.

10. The term "PERSON(S)" shall mean and include a natural person, individual, partnership, firm, corporation, limited liability company, or any kind of business or legal entity, including its agents or employees.

**INSTRUCTIONS**

1. If You are unable to fully answer any request for production due to a lack of knowledge or information, You must answer the request for production to the fullest extent possible and state the reason or reasons why You are unable to completely answer the request for production.

2. If the event any DOCUMENT is withheld from production on the basis of the legal objection or privilege, You shall indicate the following information for each such withheld DOCUMENT: (a) date of the DOCUMENT; (b) general character or type of DOCUMENT (e.g., letter, memorandum, notes of meeting); (c) identity of the PERSON in possession of the DOCUMENT; (d) identity of the author of the DOCUMENT; (e) identity of the original recipient or holder of the DOCUMENT; (f) relationship of the author, addressee, and any other recipient; (g) general subject matter of the DOCUMENT; and (h) legal basis, including, but not limited to, any legal objection or privilege for withholding the DOCUMENT.

3. If any DOCUMENT that is the subject of a request for production was at one time in

existence, but was subsequently lost, discarded, or destroyed, identify such DOCUMENT as completely as possible, including the following information: (a) the type of DOCUMENT (e.g., letter, memorandum); (b) the date of the DOCUMENT; (c) the date when the Document became lost, discarded, or destroyed; (d) circumstances under which the DOCUMENT was lost, discarded, or destroyed; and (e) the identity of all PERSONS having knowledge of the contents of the DOCUMENT.

4. All DOCUMENTS shall be produced as they are kept in the usual course of business, or You shall organize and label them to correspond with the categories in the request for production, where such request for production includes categories. In this connection, and for purposes of illustration, all DOCUMENTS should be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled, or otherwise arranged in the same form and manner as they were found. If You choose to produce DOCUMENTS corresponding with the categories in a request for production, where such request for production includes categories, You should identify the file folders, drawers, or cartons in which the DOCUMENTS were originally maintained and the PERSON or PERSONS in whose custody or control such files are or were maintained.

5. If You learn that any of Your responses to these requests for production were incomplete or incorrect, You must promptly amend or supplement the incomplete/incorrect responses.

6. All requests for production herein are continuing in nature, and any subsequently discovered or additional DOCUMENTS responsive to these requests shall be supplied to Plaintiff X.AI LLC immediately upon Your identification of such DOCUMENTS.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all DOCUMENTS belonging to xAI or relating to xAI's business (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS), including, but not limited to, any such DOCUMENTS You transmitted to Your personal email account, saved to an ELECTRONIC STORAGE DEVICE or CLOUD STORAGE ACCOUNT, and/or downloaded or printed.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all DOCUMENTS and/or COMMUNICATIONS You shared, transmitted and/or otherwise disclosed in any way to any PERSON other than xAI containing, referencing and/or otherwise mentioning DOCUMENTS belonging to xAI or relating to xAI's business (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS).

**REQUEST FOR PRODUCTION NO. 3:**

Any and all DOCUMENTS and/or COMMUNICATIONS between you and any prospective employer on or after February 26, 2024.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all DOCUMENTS and/or COMMUNICATIONS relating to xAI or xAI's business on or after February 26, 2024.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all DOCUMENTS and/or COMMUNICATIONS relating to any foreign government and/or anyone who actually holds an official position with, purports to hold an official position with, and/or purports to be acting on behalf or in the interest of any government other than that of the United States of America on or after February 26, 2024.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all DOCUMENTS and/or COMMUNICATIONS relating to any PERSON who is a Chinese entity or an entity located in China, or who is employed or affiliated with a Chinese entity or an entity located in China, on or after February 26, 2024.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS and/or COMMUNICATIONS relating to artificial intelligence, large language models, or multimodal models on or after February 26, 2024.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS and/or COMMUNICATIONS relating to passwords, passcodes, decryption keys, or other access credentials for any ELECTRONIC STORAGE DEVICE or CLOUD

STORAGE ACCOUNT used to access, store, or transmit any DOCUMENTS or information belonging to xAI or relating to xAI's business.

## REQUESTS FOR INSPECTION

**REQUEST FOR INSPECTION NO. 1:**

Any computer (including laptop computer) or other device, including without limitation any smartphones or mobile devices, which YOU have ever accessed, copied, or transmitted xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS.

**REQUEST FOR INSPECTION NO. 2:**

Any backup media, including but not limited to any ELECTRONIC STORAGE DEVICES, CLOUD STORAGE ACCOUNTS, compact disks, tape, or hard drives, used to backup any computer, computer system, e-mail system, electronic data, or other information system used by YOU at any time to access, copy, or transmit xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS.

Dated: August 28, 2025

**WINSTON & STRAWN LLP**

By: */s/ Kathi Vidal*
KATHI VIDAL
ALEXANDER H. COTE
CARSON SWOPE

Attorneys for Plaintiffs X.AI Corp. and X.AI LLC