KATHI VIDAL (State Bar No. 194971)
kvidal@winston.com
CARSON SWOPE (State Bar No. 353352)
cswope@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

ALEXANDER H. COTE (State Bar No. 211558)
acote@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Plaintiffs X.AI Corp. and X.AI LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| X.AI Corp., a Nevada corporation, and X.AI LLC, a Nevada limited liability company,<br><br>  Plaintiffs,<br><br>  vs.<br><br>XUECHEN LI, an individual,<br><br>  Defendant. | **Case No.** _____<br><br>**DECLARATION OF JOSEPH POCHRON IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE, AND ORDER PERMITTING EXPEDITED DISCOVERY** |

I, Joseph Pochron, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the Managing Director, Digital Investigations & Cyber Risk at Nardello & Co., a leading global investigations firm, and have more than 22 years of experience in digital forensics, cybercrime investigations, and cyber incident response. Over the course of my career, I have investigated and/or managed thousands of cases involving the collection and analysis of computer, mobile device, network, and cloud-based data. My work routinely involves digital forensics, incident response, and electronic discovery matters, and I have testified as a digital forensics expert numerous times in local, state, and federal cases. Prior to joining Nardello & Co., I was the president of a forensic technology practice and also served as a commanding officer of a law enforcement digital forensic laboratory for 13 years. I offer this declaration in support of the Motion for Temporary Restraining Order, Order to Show Cause Why Preliminary Injunction Should Not Issue, and Order Permitting Expedited Discovery brought by Plaintiffs X.AI Corp. and X.AI LLC (collectively "Plaintiff" or "xAI"). I am over 18 years of age and have personal knowledge of the matters set forth in this declaration. If called as a witness, I could competently testify under oath.

2. I was retained by xAI and Winston & Strawn, LLP ("Winston") to perform a forensic investigation of personal electronic devices and online cloud storage accounts belonging to Defendant Xuechen Li ("Defendant" or "Li").

3. I was given instructions by xAI and Winston to perform a forensic investigation on Defendant's devices and accounts to (a) investigate Defendant's access, possession, deletion, and/or transmission of the ▮▮▮▮▮▮ confidential and proprietary xAI data, ▮▮▮▮▮▮ ▮▮▮▮▮; and (b) to delete any of xAI's confidential information and trade secrets from said Defendant's devices and accounts.

4. On the evening of August 18, 2025, I was provided a copy of the August 18, 2025 Authorization for Access to Accounts and Personal Devices executed by Defendant ("Authorization"), which listed certain passwords, credentials, keys, and other information which Defendant provided, in order to access his devices and accounts intended to be investigated. I was also provided 3 devices from Winston that I was advised were personal devices belonging to Defendant, and were to be forensically

1

**POCHRON DECLARATION ISO PLAINTIFFS'
MOTION FOR TRO AND ORDER TO SHOW CAUSE**

Case No. _____

1 imaged and investigated pursuant to the Authorization. Those devices consisted of two MacBook laptop
2 computers, and an iPhone mobile device.

3   5.   My team and I were able to successfully create forensic images for all three of said devices.

4   6.   During my analysis of the forensic image of Defendant's personal Macbook laptop
5 computer bearing serial number ▮▮▮▮ ("Laptop 1"), I discovered two forensic artifacts—
6 specifically, Google Chrome download events—indicating a first download of a zip file roughly ▮
7 ▮▮▮▮ named "▮▮▮" on July 25, 2025, and a second download of a zip file named "▮▮▮"
8 on July 27, 2025.

9   7.   During my analysis of the forensic image of Defendant's personal Macbook laptop
10 computer bearing serial number ▮▮▮▮ ("Laptop 2"), I discovered a zip file named
11 "▮▮▮" located on the desktop of user "xuechenli". Using credentials provided in the Authorization, I
12 was able to access the contents of the zip file, which contained a PDF file named "▮▮▮" which further
13 contained presentation materials conspicuously belonging to xAI and were labeled as "confidential."

14   8.   However, I could not fully complete the forensic work I was instructed to perform, because
15 I was not provided a password to access Defendant's ▮▮▮ account, ▮▮▮▮▮, which was
16 explicitly listed in the Authorization as being implicated in the investigation.

17   9.   I was notified that Defendant was apparently unable to recall the password for Defendant's
18 said account, as an explanation of why I was not provided a password for said account.

19   10.   I discovered forensic artifacts from the image of Defendant's iPhone indicating that
20 Defendant's iPhone received a notification at 9:56pm, August 11, 2025 from ▮▮▮ stating that "[t]he
21 password for your ▮▮▮ account ▮▮▮▮▮ was changed."

22   11.   I discovered that a password associated with that same account had been stored on a
23 password manager within Defendant's iPhone. I further discovered that the password manager in
24 Defendant's iPhone stated that the password stored in the password manager was "[l]ast modified" on
25 August 12, 2025.

26   12.   In an effort to access the ▮▮▮▮▮ account, I attempted to access
27 Defendant's said ▮▮▮ account two times using the password that was stored in the password manager.

28

2
**POCHRON DECLARATION ISO PLAINTIFFS'
MOTION FOR TRO AND ORDER TO SHOW CAUSE**
CASE NO. _____

1. However, that password was rejected as incorrect, and I was unable to access Defendant's said ▓▓▓ account.

13. I was notified that counsel for Defendant stated on August 18, 2025 that one of Defendant's laptops would contain the necessary password to access Defendant's said account.

14. I was unable to locate any information on any of Defendant's devices, other than the password stored in the password manager of the iPhone, which could potentially allow access to said account.

15. I discovered forensic artifacts from the image of Defendant's iPhone—specifically, Google Chrome web history and email traffic history—indicating that Defendant's said account had been accessed after August 12, 2025, and in fact, as recently as August 15, 2025.

16. Therefore, I believe that the password associated with Defendant's said ▓▓▓ account was either updated *again* some time *after* August 12, 2025, and that, to my knowledge, the new password was not updated in Defendant's password manager on his iPhone or otherwise on any of Defendant's three devices that I forensically imaged, or the Defendant manually updated the password within the app with an incorrect password.

17. Further, I discovered forensic artifacts indicating that Li also had another ▓▓▓ account, as well as a ▓▓▓ account and ▓▓▓ account, all of which I was only made aware through forensic analysis of the devices. Furthermore, forensic artifacts indicated that Defendant created a folder named "xAI" within his ▓▓▓ account, the contents of which cannot be confirmed without gaining further access to the account.

18. When analyzing the forensic image of Defendant's iPhone I discovered a Google Chrome web history artifact indicating that a slide deck titled "interview slides 07/13/25" was last accessed on August 13, 2025, at 10:24 A.M.

19. In addition, I discovered forensic artifacts of Google Chrome web history from Defendant's iPhone indicating a last visit date on July 19, 2025, containing a search for "openai l6 compensation," and a second search with a last visit date of July 23, 2025, containing a search for "openai l7 offer."

20. I further discovered a number of forensic artifacts from the biome data of Li's iPhone, indicating a series of notifications through the Signal messaging application originating from a contact named "Tifa Chen." The forensic artifacts which I discovered contained the apparent body, or portions of the body, of each Signal message, as well as a timestamp of when the notification was received. Li's iPhone indicated receiving one of such notifications from Tifa Chen at least as early as July 23, 2025, at 3:24 P.M. Li's iPhone indicated receiving a series of at least 25 additional messages from Tifa Chen between July 24, 2025, and August 1, 2025. The contents of these messages appeared to generally pertain to Li going through the process of OpenAI recruiting and hiring Li, including details regarding Li's expected compensation package.

21. One of these forensic artifacts indicates a notification from Tifa Chen on July 24, 2025 at 11:39 P.M., with the contents of the message appearing as "Awesome! Just sent you the docs link via email and the chat invite for tmr:)".

22. Another of these forensic artifacts indicates a notification from Tifa Chen on August 1, 2025 at 11:49 A.M., with the contents of the message appearing as "Reacted ❤ to 'Signed the offer letter, completed the first step for bg check. I think next is starting visa process?'".

23. I also discovered a forensic artifact indicating that Li had a calendar invite delivered to his ████████████ email account, set for August 19, 2025 at 8:45 A.M. with the subject line of "Welcome to OpenAI! | New Hire Orientation Day 1."

24. I have refrained from connecting Defendant's Personal Devices from accessing any wireless networks in order to preserve the integrity of the information stored on Defendant's devices and accounts to be investigated, including for example, a remote "Erase This Device" request via iCloud which could erase the existing data on Defendant's iPhone.

25. I have discovered forensic artifacts indicating that Li was deleting files from the ████ account in question and accessing the "trash" folder of ████████ for the ██████ account in question on the evening of August 12 and morning of August 13.

26. As of the signing of this Declaration, I have been unable to access Defendant's ███ account, ███████████, to perform analysis thereof or to delete xAI's confidential and trade secret information from Defendant's Google account.

27. It is my opinion that the Defendant, and possibly others, may still have access to Defendant's ██████ account in question and have the ability to copy, disseminate, disclose, or otherwise share the ████████████ confidential and proprietary xAI data, ████████████████, as of the signing of this Declaration.

28. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 28th day of August, 2025, at Walnut Creek, CA.

/s/ _____
Joseph Pochron

5

**POCHRON DECLARATION ISO PLAINTIFFS'
MOTION FOR TRO AND ORDER TO SHOW CAUSE**

CASE NO. _____