1  CHRISTIAN E. PICONE, CA STATE BAR NO. 218275
   BERLINER COHEN, LLP
2  TEN ALMADEN BOULEVARD
   ELEVENTH FLOOR
3  SAN JOSE, CALIFORNIA 95113-2233
   TELEPHONE: (408) 286-5800
4  FACSIMILE: (408) 998-5388
   christian.picone@berliner.com
5
   ATTORNEYS FOR SPECIALLY APPEARING FOR
6  DEFENDANT XUECHEN LI

7              UNITED STATES DISTRICT COURT

8             NORTHERN DISTRICT OF CALIFORNIA

9               SAN FRANCISCO DIVISION

10 | X.AI Corp., a Nevada corporation, and X.AI | CASE NO.  3:25-cv-07292-RFL
   | LLC, a Nevada limited liability company, |
11 |                                            | DEFENDANT'S IDENTIFICATION OF
   |              Plaintiffs,                    | FIFTH AMENDMENT ISSUES RELATED
12 |                                            | TO THE TEMPORARY RESTRAINING
   |         v.                                 | ORDER (SECTIONS 1-5)
13 |                                            |
   | XUECHEN LI,                                | Date:     September 2, 2025
14 |                                            | Time:     2:00 PM
   |              Defendant.                    | Judge:    Hon. Rita F. Lin
15 |                                            |
   |                                            | Case Filed: August 28, 2025
16

17        NOTICE IS HEREBY GIVEN that Defendant XUECHEN LI (Li) identifies certain

18 discovery orders as part of the Order Granting Plaintiffs' Motion for Temporary Restraining Order

19 and Permitting Expedited Discovery as Modified (Doc. 20) that involve Li's Fifth Amendment

20 Privilege.

21        1.     Li shall, within three business days of the issuance of this Order,

22               a.     temporarily surrender control and access (for a period of 14 days or less to

23 allow for a forensic examination to identify, remediate, and/or delete Confidential Information

24 belonging to xAI) to any personal electronic devices ( e.g., cellular devices, computers), online

25 storage repositories (e.g., Gmail, Google Drive, iCloud), or other electronic storage devices that

26 are currently accessible by Li or in Li's possession, custody, or control, but he may procure new

27 devices and create new accounts going forward, so long as nothing is moved there from his existing

28 devices and accounts;

CASE NO. 3:25-CV-07292-RFL
                                          -1-

4909-9015-1782v5
CEP\34704001

1          Response: To Li's knowledge he can respond to this request without asserting his Fifth

2    Amendment right against self-incrimination. As represented in court, Li obtained a new cell phone

3    on August 27 and set up a new Gmail account.  Neither the phone nor the account contains data

4    moved from existing devices.  Both the phone and account have attorney client privileged material

5    due to communication between Li and counsel. As for online storage repositories, Li is without

6    sufficient external information to identify all online storage repositories. Li will provide to the best

7    of his memory all information about online storage repositories he has used since February 24,

8    2024.

9                    c.         provide a written statement identifying all personal locations, personal

10   devices, personal accounts, or personal storage media-whether physical or electronic-where any

11   Confidential Information belonging to xAI is or has been stored, maintained, or accessed;

12         Response: Responding to (c) requires Li to acknowledge a crime by identifying the location

13   of xAI's property.

14         2.        Li, his agents, employees, partners, and any others acting in concert with him or on

15   his

16                   a.         controlling, logging into, or otherwise accessing (other than as required by

17   l(e) above) any personal electronic devices (e.g., cellular devices, computers), online storage

18   repositories (e.g., Gmail, Google Drive, iCloud), or other electronic storage devices that are

19   currently accessible by Defendant or in Defendant's possession, custody, or control, but he may

20   procure new devices and create new accounts going forward, so long as nothing is moved there

21   from his existing devices and accounts;

22         and

23                   b.         possessing, using, copying, reproducing, disclosing, transferring (including

24   to third party), disseminating, or otherwise exploiting, any Confidential Information (as defined in

25   the Agreement), including the xAI files uploaded to his Personal System, and any copies,

26   derivatives, or materials created therefrom;

27         Response: Li is the Subject of a criminal investigation. Criminal counsel has possession of

28   devices that likely do not, but may, contain xAI information. However, counsel is prohibited from

1  reviewing the devices pursuant to the TRO to determine whether the devices fall within the TRO

2  (i.e., if they were accessed during Li's employment with xAI).  The undersigned does not have

3  access to the devices.  Li has a Fifth and Sixth Amendment right to competent counsel and the

4  right to a defense which includes the ability to present a defense. Possession and use of forensic

5  images of the devices is critical to Li's defense.

6          5.     xAI is granted leave to propound expedited discovery immediately in aid of

7  preliminary injunction proceedings before this Court as follows, and Li is ordered to respond and

8  comply with such discovery, as follows:

9          a.     Li shall respond to xAI's First Set of Interrogatories under oath within seven

10  days of entry of this Order;

11  INTERROGATORY NO. 1:

12      IDENTIFY all ELECTRONIC STORAGE DEVICES and all CLOUD STORAGE

13  ACCOUNTS used by You at any time to acquire, copy, transfer, store, download, and/or upload

14  any DOCUMENTS or information belonging to xAI or relating to xAI's business, including any

15  xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS, whether or not the

16  ELECTRONIC STORAGE DEVICES or CLOUD STORAGE ACCOUNTS belong to or are

17  controlled by You, xAI, or a third party.

18  INTERROGATORY NO. 2:

19      IDENTIFY all DOCUMENTS belonging to xAI or relating to xAI's business (including

20  xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS) that have been in Your

21  possession, custody, or control at any time on or after July 25, 2025, including, but not limited to,

22  any such DOCUMENTS currently in Your possession, custody, or control.

23  INTERROGATORY NO. 3:

24      IDENTIFY all PERSONS to whom You sent, disclosed, and/or otherwise shared in whole

25  or in part any DOCUMENTS belonging to xAI or relating to xAI's business (including xAI

26  CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS) that were in Your

27  possession, custody, or control during or after Your employment with xAI and describe the nature

28  and content of the DOCUMENTS shared, the date(s) of such sharing, and the manner in which

4909-9015-1782v5
CEP\34704001

1 such DOCUMENTS were shared.

2 INTERROGATORY NO. 4:

3     For each PERSON you identified in response to the preceding Interrogatory No. 3,

4 IDENTIFY any COMMUNICATIONS you had with each such PERSON and state whether you

5 know or suspect that the PERSON made or maintains any copies of all or any portion of the

6 information sent, disclosed, and/or otherwise shared, and if so, in what format and state the basis

7 for that knowledge or suspicion.

8 INTERROGATORY NO. 4:

9     IDENTIFY the COMMUNICATIONS whereby You sent, disclosed, and/or otherwise

10 shared in whole or in part any DOCUMENTS belonging to xAI or relating to xAI's business

11 (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS) that were in

12 Your possession, custody, or control during or after Your employment with xAI.

13 INTERROGATORY NO. 6:

14     IDENTIFY all PERSONS with whom You discussed in whole or in part any

15 DOCUMENTS belonging to xAI or relating to xAI's business (including xAI CONFIDENTIAL

16 INFORMATION and/or xAI TRADE SECRETS) that were in Your possession, custody, or

17 control on or after July 25, 2025.

18 INTERROGATORY NO. 5:

19     IDENTIFY all PERSONS with whom You discussed the possibility of future employment

20 on or after February 26, 2024, including identifying whether you accepted employment with such

21 PERSON.

22 INTERROGATORY NO. 6:

23     IDENTIFY any contact by You with any PERSONS who actually hold an official position

24 with, purport to hold an official position with, and/or purport to be acting on behalf or in the interest

25 of any government other than that of the United States of America relating to xAI's business

26 (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS) on or after

27 February 26, 2024.

28 ///

CASE NO. 3:25-CV-07292-RFL

-4-

4909-9015-1782v5
CEP\34704001

1   INTERROGATORY NO. 7:

2       IDENTIFY all ELECTRONIC STORAGE DEVICES that You have accessed, used, or

3   possessed at any time since February 26, 2024, regardless of ownership.

4   INTERROGATORY NO. 8:

5       IDENTIFY all CLOUD STORAGE ACCOUNTS that You have accessed or used at any

6   time since February 26, 2024, regardless of ownership.

7   INTERROGATORY NO. 9:

8       For each ELECTRONIC STORAGE DEVICE and CLOUD STORAGE ACCOUNT

9   identified in response to Interrogatory Nos. 9 or 10, state whether any DOCUMENTS belonging

10  to xAI or relating to xAI's business (including xAI CONFIDENTIAL INFORMATION and/or

11  xAI TRADE SECRETS) were accessed, transferred, downloaded, uploaded, copied, or deleted on

12  or after February 26, 2024, and describe in detail the nature and content of any such DOCUMENTS

13  and the actions, as well as the date of the actions, taken with respect to them.

14  RESPONSES TO INTERROGATORIES NOS. 1-11: Substantive under oath responses to the

15  Interrogatories presuppose and requires admission that Li possesses or possessed xAI property

16  including CONFIDENTIAL INFORMATION and/or TRADE SECRETS, and that he sent to,

17  disclosed to, shared with, and/or discussed with any party outside of xAI any documents belonging

18  to xAI.

19      b.      Li shall respond to and comply with xAI's First Set of Requests for Production

20  within seven days of entry of this Order; and

21  REQUEST FOR PRODUCTION NO. 1:

22      Any and all DOCUMENTS belonging to xAI or relating to xAI's business (including xAI

23  CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS), including, but not limited

24  to, any such DOCUMENTS You transmitted to Your personal email account, saved to an

25  ELECTRONIC STORAGE DEVICE or CLOUD STORAGE ACCOUNT, and/or downloaded or

26  printed.

27  ///

28  ///

DEFENDANT'S IDENTIFICATION OF FIFTH AMENDMENT ISSUES RELATED TO THE TEMPORARY
RESTRAINING ORDER (SECTIONS 1-5)

REQUEST FOR PRODUCTION NO. 2:

Any and all DOCUMENTS and/or COMMUNICATIONS You shared, transmitted and/or otherwise disclosed in any way to any PERSON other than xAI containing, referencing and/or otherwise mentioning DOCUMENTS belonging to xAI or relating to xAI's business (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS).

REQUEST FOR PRODUCTION NO. 3:

Any and all DOCUMENTS and/or COMMUNICATIONS between you and any prospective employer on or after February 26, 2024.

REQUEST FOR PRODUCTION NO. 4:

Any and all DOCUMENTS and/or COMMUNICATIONS relating to xAI or xAI's business on or after February 26, 2024.

REQUEST FOR PRODUCTION NO. 5:

Any and all DOCUMENTS and/or COMMUNICATIONS relating to any foreign government and/or anyone who actually holds an official position with, purports to hold an official position with, and/or purports to be acting on behalf or in the interest of any government other than that of the United States of America on or after February 26, 2024.

REQUEST FOR PRODUCTION NO. 6:

Any and all DOCUMENTS and/or COMMUNICATIONS relating to any PERSON who is a Chinese entity or an entity located in China, or who is employed or affiliated with a Chinese entity or an entity located in China, on or after February 26, 2024.

REQUEST FOR PRODUCTION NO. 7:

Any and all DOCUMENTS and/or COMMUNICATIONS relating to artificial intelligence, large language models, or multimodal models on or after February 26, 2024.

REQUEST FOR PRODUCTION NO. 8:

Any and all DOCUMENTS and/or COMMUNICATIONS relating to passwords, passcodes, decryption keys, or other access credentials for any ELECTRONIC STORAGE DEVICE or CLOUD STORAGE ACCOUNT used to access, store, or transmit any DOCUMENTS or information belonging to xAI or relating to xAI's business.

4909-9015-1782v5
CEP\34704001

1  RESPONSES TO REQUEST FOR PRODUCTION NOS. 1-8: Substantive responses to the

2  requests may entail providing evidence to link Li to criminal liability. Li will assert his Fifth

3  Amendment Privilege in response to the requests because the requests may require that Li

4  acknowledge that he possesses xAI property, and that he sent to, disclosed to, shared with, and/or

5  discussed with any party outside of xAI any documents belonging to xAI could be self-

6  incriminating.

7  REQUEST FOR INSPECTION NO. 1:

8      Any computer (including laptop computer) or other device, including without limitation

9  any smartphones or mobile devices, which YOU have ever accessed, copied, or transmitted xAI

10  CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS.

11  REQUEST FOR INSPECTION NO. 2:

12      Any backup media, including but not limited to any ELECTRONIC STORAGE

13  DEVICES, CLOUD STORAGE ACCOUNTS, compact disks, tape, or hard drives, used to backup

14  any computer, computer system, e-mail system, electronic data, or other information system used

15  by YOU at any time to access, copy, or transmit xAI CONFIDENTIAL INFORMATION and/or

16  xAI TRADE SECRETS.

17  RESPONSES TO REQUEST FOR INSPECTION NOS. 1-2: Substantive responses to the requests

18  may entail providing evidence to link Li to criminal liability. Li will assert his Fifth Amendment

19  Privilege in response to the requests because the requests may require that Li acknowledge that he

20  possesses devices that contain xAI CONFIDENTIAL INFORMATION and/or xAI TRADE

21  SECRETS.

22          c.      Li is to sit for deposition at a time and place mutually agreed between the

23  parties, but no later than ten (10) days of entry of this Order.

24  ///

25  ///

26  ///

27  ///

28  ///

CASE NO. 3:25-CV-07292-RFL                          -7-

DEFENDANT'S IDENTIFICATION OF FIFTH AMENDMENT ISSUES RELATED TO THE TEMPORARY
RESTRAINING ORDER (SECTIONS 1-5)

1    Response: This is a question-by-question issue and Li reserves the right to assert his Fifth

2    Amendment privilege against self-incrimination in response to questions asked at his deposition.

3

4    DATED:  SEPTEMBER 3, 2025          BERLINER COHEN, LLP

5

6

7                                        BY:  /S/ CHRISTIAN E. PICONE
                                              CHRISTIAN E. PICONE
8                                              ATTORNEYS SPECIALLY APPEARING FOR
                                              DEFENDANT XUECHEN LI

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:25-CV-07292-RFL                          -8-

4909-9015-1782v5
CEP\34704001