KATHI VIDAL (State Bar No. 194971)
kvidal@winston.com
MATTHEW R. MCCULLOUGH (State Bar No. 301330)
mrmccullough@winston.com
CARSON SWOPE (State Bar No. 353352)
cswope@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

M. BRETT JOHNSON (admitted *Pro Hac Vice*)
mbjohnson@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

ALEXANDER H. COTE (State Bar No. 211558)
acote@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Plaintiffs X.AI Corp. and X.AI LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X.AI Corp., a Nevada corporation, and X.AI LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>XUECHEN LI, an individual,<br><br>Defendant. | **Case No. 3:25-cv-07292-RFL**<br><br>**PLAINTIFFS X.AI CORP. AND X.AI LLC'S CIVIL L.R. 7-11 ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Courtroom: Courtroom 15<br>Judge: Hon. Rita F. Lin |

1    **I.    Introduction**

2        Pursuant to Civil Local Rules 7-11 and 79-5 of the United States District Court for the Northern

3    District of California, Plaintiffs X.AI Corp. and X.AI LLC (collectively, "Plaintiffs" or "xAI")

4    respectfully submit this narrowly tailored Administrative Motion to File Under Seal the names of

5    select third parties described in Plaintiffs' Memorandum Regarding Defendant Li's Fifth Amendment

6    Objections and declaration and exhibits supporting it ("Memorandum") describing the known and

7    possible locations of xAI Confidential Information.[1]

8        This request is specifically tailored to prevent only the disclosure of specific details relating to

9    known and possible locations of misappropriated xAI Confidential Information in order to (1) preserve

10   the value of xAI's Confidential Information, which is derived from the maintenance of its secrecy, and

11   (2) prevent malicious actors from attempting to attack or otherwise illegally access the locations where

12   misappropriated xAI Confidential Information is or may be stored.

13   **II.    Legal Standard**

14       Plaintiffs are cognizant of Civil Local Rule 79-5 and the importance of public access to

15   documents. While there is a common law right of public access to judicial proceedings, that right is

16   "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A party seeking to seal a

17   judicial record may overcome the presumption in favor of access by "articulat[ing] justifications for

18   sealing that outweigh the public policies favoring disclosure." *In re Incretin-Based Therapies Prod.*

19   *Liab. Litig.*, No. 13-MD-2452, 2021 WL 873290, at *1 (S.D. Cal. Mar. 9, 2021) (citing *Kamakana v.*

20   *City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). The party seeking to seal must

21   provide "a compelling reason" that outweighs the public interest in disclosure, such as the risk of court

22   files becoming "'a vehicle for improper purposes,' such as the use of records to gratify private spite,

23   promote public scandal, circulate libelous statements, ***or release trade secrets***." *Kamakana*, 447 F.3d

24   at 1179 (quoting *Nixon*, 435 U.S. at 598) (emphasis added); *Ctr. for Auto Safety v. Chrysler Grp.,*

25   *LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Kamakana*, 447 F.3d 1172).

26

27   ---

[1] "xAI Confidential Information" is a contractually defined term that includes xAI's most sensitive

28   trade secrets. *See* Pl.'s Mot. for TRO, Order To Show Cause Why Prelim. Inj. Should Not Issue, And
Order Permitting Expedited Disc. Docket No. 7-3 ("TRO Motion") at 9 n. 1.

### III.    Argument

There are compelling reasons for the Court to grant Plaintiffs' very narrowly tailored request to partially seal Plaintiffs' Memorandum.

xAI seeks to seal discrete portions of the Memorandum concerning the specific known and possible locations of xAI Confidential Information to protect the integrity, security, and continued value of xAI's most sensitive trade secrets. The very nature of trade secret protection is predicated on the maintenance of secrecy. *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-CV-04050-MEJ, 2014 WL 6788310, at *22 (N.D. Cal. Dec. 2, 2014) (citing *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984)) ("Secrecy is an essential characteristic of information that is protectable as a trade secret."). Disclosure of the precise locations where xAI's Confidential Information is stored without authorization and appropriate protections, given the sensitive nature of the misappropriated material, would expose xAI Confidential Information to a heightened risk of further misappropriation, cyber intrusion, and other malicious acts attempting to disseminate or disclose xAI Confidential Information. *See Bartell Ranch LLC v. McCullough*, 570 F. Supp. 3d 945, 948 (D. Nev. 2021) (finding that the threat of third parties looting sites containing cultural resources was a compelling reason to redact the locations of certain excavation sites). By revealing these locations, potential attackers would be equipped with actionable intelligence that would enable them to focus their efforts on particular storage locations, thereby increasing the likelihood and potential effectiveness of unauthorized access attempts. *Id*.

### IV.    Conclusion

In sum, Plaintiffs' Administrative Motion to File Under Seal is narrowly tailored to protect only the most sensitive details regarding the nature and location of misappropriated xAI Confidential Information. By granting this Administrative Motion, the Court will prevent irreparable harm to xAI's competitive position and the security of its trade secrets, without impairing the public's access to all other aspects of the case. Because the compelling reasons articulated herein justify the limited sealing requested, Plaintiff respectfully requests that the Court grant this narrowly tailored Administrative Motion to File Under Seal.

Dated:  September 8, 2025

Winston & Strawn LLP


By: /s/ Kathi Vidal
    KATHI VIDAL
    MATTHEW R. MCCULLOUGH
    M. BRETT JOHNSON
    ALEXANDER H. COTE
    CARSON SWOPE

Attorneys for Plaintiffs X.AI Corp. and X.AI LLC

# CERTIFICATE OF SERVICE

## Case No. 3:25-CV-07292-RFL

I am employed in the County of San Mateo, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 255 Shoreline Drive, Suite 520, Redwood City, CA 94065.

On September 8, 2025, I served the following document(s) described as

**PLAINTIFFS X.AI CORP. AND X.AI LLC'S MEMORANDUM REGARDING DEFENDANT LI'S FIFTH AMENDMENT OBJECTIONS [SEALED]**

**DECLARATION OF CARSON SWOPE IN SUPPORT OF PLAINTIFFS' MEMORANDUM REGARDING DEFENDANT LI'S FIFTH AMENDMENT OBJECTIONS [SEALED]**

**EXHIBITS A-D [SEALED]**

| X | BY ELECTRONIC SERVICE:  By electronically mailing a true and correct copy through Winston & Strawn LLP's electronic mail system from lquan@winston.com to the email addresses set forth below. |
|---|---|

CHRISTIAN E. PICONE
christian.picone@berliner.com

Executed on September 8, 2025, at Foster City, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Liberty Quan