REDACTED VERSION

KATHI VIDAL (State Bar No. 194971)
kvidal@winston.com
MATTHEW R. MCCULLOUGH (State Bar No. 301330)
mrmccullough@winston.com
CARSON SWOPE (State Bar No. 353352)
cswope@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

M. BRETT JOHNSON (admitted *Pro Hac Vice*)
mbjohnson@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

ALEXANDER H. COTE (State Bar No. 211558)
acote@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Plaintiffs X.AI Corp. and X.AI LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X.AI Corp., a Nevada corporation, and X.AI LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>XUECHEN LI, an individual,<br><br>Defendant. | **Case No. 3:25-cv-07292-RFL**<br><br>**DECLARATION OF CARSON SWOPE IN SUPPORT OF PLAINTIFFS' MEMORANDUM REGARDING DEFENDANT LI'S FIFTH AMENDMENT OBJECTIONS**<br><br>Courtroom: Courtroom 15<br>Judge: Hon. Rita F. Lin |

REDACTED VERSION

I, Carson Swope, pursuant to 28 U.S.C. § 1746 declare as follows

1. I am an associate with the law firm of Winston & Strawn LLP and am counsel of record for Plaintiffs X.AI Corp. and X.AI LLC (collectively "Plaintiffs" or "xAI"). I have personal knowledge of the matters set forth in this declaration. I offer this declaration in support of Plaintiff's Memorandum Regarding Defendant Li's Fifth Amendment Objections. I am over 18 years of age and have personal knowledge of the matters set forth in this declaration. If called as a witness, I could competently testify under oath.

2. Attached as Exhibit A is a true and correct copy of an email sent from counsel for Plaintiffs Kathi Vidal to counsel for Defendant Christian Picone on Sunday, September 7, 2025 at 4:03 pm PST.

3. In the email at Exhibit A, Ms. Vidal proposes the following:

> We understand that Defendant contends that such device and email account contain communications with counsel. To safeguard any potential privileged information while enabling xAI's forensics team to verify that the device and account do not contain xAI Confidential Information, xAI proposes the following procedure: xAI's forensics team will inspect the device and account to identify any content that may constitute xAI Confidential Information. If no such information is found, the devices will be returned promptly. If the forensics team identifies any data that it reasonably believes may contain xAI Confidential Information, it will document those items in a manner consistent with a privilege log. Before any such data is shared with xAI, the files will be submitted to you, as counsel for Li, for review. You will have the opportunity to raise objections to the disclosure of any specific item at that time.

4. In the email at Exhibit A, Ms. Vidal proposes the following:

> Further regarding paragraph 1(e), please have Li sign the attached consent form permitting companies at which he has accounts (including ███████████ ███████, and any others) to produce data relating to Li's accounts to xAI and/or its Vendor, including without limitation any information that may qualify as a communication and/or customer record as referenced in 18 U.S.C. § 2702. This consent

1

form will only be used in conjunction with third party subpoenas xAI will serve. Li will have an opportunity to object to those subpoenas.

5. Attached as Exhibit C is a true and correct copy of the Consent for Disclosure of Email and Cloud Account Content attached to the September 7 email.

6. Attached as Exhibit D is a true and correct copy of an email sent from counsel for Plaintiffs Kathi Vidal to counsel for Defendant Christian Picone on Friday, September 5, 2025 at 10:36 am PST.

7. In the email at Exhibit D, Ms. Vidal proposes the following:

As for Defendant's new cell phone obtained on August 27, 2025 and his new ▇ account, xAI proposes that Defendant permit the independent forensic team that xAI has engaged to access the device and ▇ account to verify that no xAI Confidential Information is present on the new device or within the new ▇ account. The forensic team will not disclose the contents of any privileged material to xAI. As ordered by the court, if Defendant objects to complying with such a request on the basis of attorney-client privilege, he must "(1) provide a privilege log; and (2) produce the non-privileged information by another means (e.g., conducting third-party forensic imaging of devices which will be produced with redactions)."

8. In the email at Exhibit D, Ms. Vidal proposes the following:

In light of Defendant's position asserting the Fifth Amendment, xAI is prepared to accept the following as a compromise: "Provide a written statement identifying all personal locations, personal devices, personal accounts, or personal storage media-whether physical or electronic-where [Li stored, maintained or accessed any data or files]" since he began working for xAI. We believe this resolves Defendant's Fifth Amendment objection. (Indeed, we note that in Defendant's Identification of Fifth Amendment Issues Relating to the TRO, he states on page 2 that **"Li will provide to the best of his memory all information about online storage repositories he has used since February 24, 2024."** This revision addresses your concern that the request presupposed the existence of xAI materials and presumably eliminates any concern you

have with responding.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 8th day of September, 2025, at San Francisco, CA.

*/s/ Carson Swope*

Carson Swope