# EXHIBIT A REDACTED

| | |
|---|---|
| **From:** | Vidal, Kathi |
| **Sent:** | Sunday, September 7, 2025 4:03 PM |
| **To:** | Picone, Christian E. |
| **Cc:** | Swope, Carson; McCullough, Matt |
| **Subject:** | xAI v. Li - Follow-up |
| **Attachments:** | Forensic Protocol Pursuant to TRO.pdf; Online Storage Repository Consent Form.pdf |

Christian,

We acknowledge receipt of Defendant Li's Response and Notice of Compliance with Section 1 of the Temporary Restraining Order ("TRO"). While we appreciate the limited additional information and the device that has been provided, we remain concerned about Defendant's compliance with several provisions of Section 1. Accordingly, we write to request further clarification and information to facilitate Defendant Li's compliance with all aspects of Section 1 of the TRO to which he has not asserted objections based on the Fifth Amendment.

Regarding paragraph 1(a), we understand that Defendant is in possession of at least one other device, a cellular phone, as well as one other email account, that were not surrendered. Defendant admitted to possessing such a device and email account in Paragraph 8, subsection a of Defendant's Opposition to Plaintiff's Motion for TRO (Docket No. 17) ("Opposition"), as well as in the transcript of the Court's September 2 hearing regarding the Temporary Restraining Order at 16:12-15. The Court's order requires this device and email account to be surrendered: "[S]urrender … any personal electronic devices (e.g., cellular devices, computers), online storage repositories (e.g., Gmail …) …, that are currently accessible by Li or in Li's possession, custody, or control…"

We understand that Defendant contends that such device and email account contain communications with counsel. To safeguard any potential privileged information while enabling xAI's forensics team to verify that the device and account do not contain xAI Confidential Information, xAI proposes the following procedure: xAI's forensics team will inspect the device and account to identify any content that may constitute xAI Confidential Information. If no such information is found, the devices will be returned promptly. If the forensics team identifies any data that it reasonably believes may contain xAI Confidential Information, it will document those items in a manner consistent with a privilege log. Before any such data is shared with xAI, the files will be submitted to you, as counsel for Li, for review. You will have the opportunity to raise objections to the disclosure of any specific item at that time.

Please confirm you are not withholding any other account, device, Document or Communication (as defined in xAI's discovery requests) based on an assertion of the attorney-client privilege.

Regarding paragraph 1(e), attached is a proposed Forensic Protocol for Access to Electronic Devices and Accounts Pursuant to Temporary Restraining Order that sets forth the processes and procedures to be followed pursuant to Paragraph 1.e of the TRO. Please confirm you agree to this protocol and provide a time on **Tuesday, September 9** when Defendant will meet with xAI and its Vendor to perform the account recovery steps, or otherwise provide a date and time as immediately as possible which Defendant will comply with Paragraph 1.e of the TRO Order. We expect that Defendant will not delay, given that he has already stated he will "cooperate and work with Plaintiffs to reset or recover access to the accounts." *See* Defendant Li's Response and Notice of Compliance with Section 1 of the Temporary Restraining Order at 4.

Further regarding paragraph 1(e), please have Li sign the attached consent form permitting companies at which he has accounts (including ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, and any others) to produce data relating to Li's accounts to xAI and/or its Vendor, including without limitation any information that may qualify as a communication

1

and/or customer record as referenced in 18 U.S.C. § 2702. This consent form will only be used in conjunction with third party subpoenas xAI will serve. Li will have an opportunity to object to those subpoenas.

Regarding paragraph 5(c), please provide days this week when Li is available to sit for a deposition and please confirm that the deposition will take place in Winston & Strawn's Redwood City Office.

Finally, we note that Defendant has listed ▮▮▮▮▮▮▮▮▮▮ as an email address in his Response. Please confirm whether ▮▮▮▮▮▮ is a typographical error and that the correct domain is ▮▮▮▮▮▮ such that the intended email address is ▮▮▮▮▮▮▮▮▮▮.

Thank you for your continued time and consideration in this matter.

Regards,

Kathi



**Bio vCard**

**KATHI VIDAL**
PARTNER

**T** +1 (202) 282-5099
kvidal@winston.com

1901 L Street, N.W., Washington, D.C. 20036-3506
255 Shoreline Drive, Suite 520, Redwood City, CA 94065

*Admitted to practice in Arizona, California, District of Columbia, Patent and Trademark Office*

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.