# EXHIBIT D REDACTED

| | |
|---|---|
| **From:** | Vidal, Kathi |
| **Sent:** | Friday, September 5, 2025 10:36 AM |
| **To:** | Picone, Christian E. |
| **Cc:** | Swope, Carson; McCullough, Matt |
| **Subject:** | RE: xAI v. Li (Case No. 3:25-cv-07292-RFL) |

Thank you, Christian. I'll send this shortly in letter form for better readability, but wanted to get you the substance as soon as possible. Can we please set a time to talk today? I think we can really narrow the issues for the briefing due on Monday.

    First, I am writing to immediately request a conference pursuant to Federal Rule of Civil Procedure 26(f) in the above-referenced matter. As you are aware, Rule 26(f) requires the parties to confer to discuss a proposed discovery plan, among other topics, and xAI has expressed in no uncertain terms its desire to seek discovery as quickly as possible. Please provide your availability for a call <u>today, September 5, 2025</u>.

    Next, I am writing in response to Defendant's Identification of Fifth Amendment Issues Relating to the TRO (Sections 1-5) (Dkt. 27). With regard to the relief ordered in section 1:

**<u>1.a. temporarily surrender control and access (for a period of 14 days or less to allow for a forensic examination to identify, remediate, and/or delete Confidential Information belonging to xAI) to any personal electronic devices (e.g., cellular devices, computers), online storage repositories (e.g., Gmail, Google Drive, iCloud), or other electronic storage devices that are currently accessible by Li or in Li's possession, custody, or control, but he may procure new devices and create new accounts going forward, so long as nothing is moved there from his existing devices and accounts.</u>**

- <u>xAI's Position</u>: Thank you for your email of September 4 indicating that you "will have items listed in 1 (a, b, d, and e) of the Temporary Restraining Order available for pick up at my office after 2:00 PM tomorrow." We will show up at or around 2:00 for the pick-up.

  As for Defendant's new cell phone obtained on August 27, 2025 and his new ▇▇▇ account, xAI proposes that Defendant permit the independent forensic team that xAI has engaged to access the device and ▇▇▇ account to verify that no xAI Confidential Information is present on the new device or within the new ▇▇▇ account. The forensic team will not disclose the contents of any privileged material to xAI. As ordered by the court, if Defendant objects to complying with such a request on the basis of attorney-client privilege, he must "(1) provide a privilege log; and (2) produce the non-privileged information by another means (e.g., conducting third-party forensic imaging of devices which will be produced with redactions)."

**<u>1.b. return to xAI, through its counsel of record, all Confidential Information belonging to xAI currently in Li's possession, custody, or control, that exists in any physical form (e.g., notepad, paper files).</u>**

- <u>xAI's Position</u>: Thank you for your email of September 4 indicating that you "will have items listed in 1 (a, b, d, and e) of the Temporary Restraining Order available for pick up at my office after 2:00 PM tomorrow." We will show up at or around 2:00 for the pick-up. Also, if Defendant is not providing such information that was previously in his possession, custody, or control, please advise on his reasons for not providing it so that we can work together on a solution.

**1.c. provide a written statement identifying all personal locations, personal devices, personal accounts, or personal storage media–whether physical or electronic–where any Confidential Information belonging to xAI is or has been stored, maintained or accessed.**

- xAI's Position: In light of Defendant's position asserting the Fifth Amendment, xAI is prepared to accept the following as a compromise: "Provide a written statement identifying all personal locations, personal devices, personal accounts, or personal storage media-whether physical or electronic-where [Li stored, maintained or accessed any data or files]" since he began working for xAI. We believe this resolves Defendant's Fifth Amendment objection. (Indeed, we note that in Defendant's Identification of Fifth Amendment Issues Relating to the TRO, he states on page 2 that "**Li will provide to the best of his memory all information about online storage repositories he has used since February 24, 2024**." This revision addresses your concern that the request presupposed the existence of xAI materials and presumably eliminates any concern you have with responding.3

**1.d. provide, and not modify for the 14-day period referenced in (a) above, the passwords, credentials, keys, MultiFactor Authentication information, and other information necessary to fully access all devices, repositories, storage media, and accounts listed in (a).**

- xAI's Position: Thank you for your email of September 4 indicating that you "will have items listed in 1 (a, b, d, and e) of the Temporary Restraining Order available for pick up at my office after 2:00 PM tomorrow." We will show up at or around 2:00 for the pick-up.

**1.e. for any password or credentials listed in relation to (a) which Defendant claims he has forgotten or is unsure how to readily access, cooperate and work with xAI to reset or recover the same and/or to otherwise cooperate with xAI as necessary to provide xAI access to such accounts and devices listed in (a).**

- xAI's Position: Thank you for your email of September 4 indicating that you "will have items listed in 1 (a, b, d, and e) of the Temporary Restraining Order available for pick up at my office after 2:00 PM tomorrow." We will show up at or around 2:00 for the pick-up. To the extent that, following your 2pm disclosure today, there remain any passwords or credentials—including access to Li's primary ▮▮▮▮ account—that Li claims he cannot recall, we are prepared to work with you on a protocol. This would involve Li initiating the account recovery process in the presence of one of our representatives and with the session recorded on video. This safeguard is necessary because any account recovery inherently involves accessing the account, which could present an opportunity to transfer, download, or delete evidence. Accordingly, every step of the process must be closely monitored and thoroughly documented.

For all of section 2 below, enjoining Li, his agents, employees, partners, and any others acting in concert with him or on his behalf from:

**2.a. controlling, logging into, or otherwise accessing (other than as required by 1(e) above) any personal electronic devices (e.g., cellular devices, computers), online storage repositories (e.g., Gmail, Google Drive, iCloud), or other electronic storage devices that are currently accessible by Defendant or in Defendant's possession, custody, or control, but he may procure new devices and create new accounts going forward, so long as nothing is moved there from his existing devices and accounts.**

- xAI's Position: xAI is unclear about the basis for Defendant's objection to paragraph 2.a. The Court's TRO Order required the Defendant to "identify the specific portions with which he refuses to comply." It is unclear from Defendant's objection whether he objects to this provision in total, or only specific portions of this provision. With respect to the devices in Defendant's counsel's possession and Defendant's objection that "counsel is prohibited from reviewing the devices

2

pursuant to the TRO to determine whether the devices fall within the TRO," please see our proposal in section 1.a regarding forensic analysis of such devices. We believe this obviates Defendant's objections. We are willing to meet and confer about this requirement today, September 5, 2025.

**2.b. possessing, using, copying, reproducing, disclosing, transferring (including to a third party), disseminating, or otherwise exploiting, any Confidential Information (as defined in the Agreement), including the xAI files uploaded to his Personal System, and any copies, derivatives, or materials created therefrom.**

- <u>xAI's Position</u>: xAI is unclear about the basis for Defendant's objection to Paragraph 2.b and the extent, if any, to which the objection is to the entire provision, or only specific portions of this provision. With respect to the devices in Defendant's counsel's possession and Defendant's objection that "counsel is prohibited from reviewing the devices pursuant to the TRO to determine whether the devices fall within the TRO," please see our proposal in section 1.a regarding forensic analysis of such devices, which we believe should obviate Defendant's objections here. We are willing to meet and confer about this requirement today, September 5, 2025.

**2.c. destroying, deleting, changing, altering, or otherwise eliminating any version (whether hard copy, native, or electronic) of any documents or electronically stored information on any device or in any account (whether in printed form or downloaded to any remote storage system, computer, hard drive, server, disk drive, flash drive, cellular telephone, CD, DVD, USB drive, or any other device that can be used to electronically store data or information) relating to the Confidential Information.**

- <u>xAI's Position</u>: We understand that Defendant does not object to Paragraph 2.c of the Court's TRO Order and will thus comply with this requirement.

**2.d. disposing of, deleting, changing, altering, wiping, tampering with, or destroying any remote storage systems (including cloud storage accounts), computers, hard drives, servers, disk drives, flash drives, cellular telephones, CDs, DVDs, USB drives, and any other devices that can be used to electronically store data or information that are (a) currently accessible by Defendant or in Defendant's possession, custody, or control; or (b) have been accessible by Defendant or in Defendant's possession, custody, or control, since February 26, 2024, and any data, files, information, forensic remnants, or digital artifacts stored on or within the device.**

- <u>xAI's Position</u>: We understand that Defendant does not object to Paragraph 2.d of the Court's TRO Order and will thus comply with this requirement.

**2.e. destroying, deleting, changing, altering, or otherwise eliminating any emails to or from any email accounts used by Defendant since February 26, 2024, either in printed form or downloaded to any computers, laptops, online storage repositories, cloud storage, or electronic storage devices.**

- <u>xAI's Position</u>: We understand that Defendant does not object to Paragraph 2.e of the Court's TRO Order and will thus comply with this requirement.

**2.f. destroying, deleting, changing, altering, or otherwise eliminating any text, electronic postings, or other application messages from any cellular telephones or devices, computers, laptops, online storage repositories, cloud storage, or electronic storage devices (a) are currently accessible by Defendant or in Defendant's possession, custody or control; or (b) have been accessible by Defendant, or in Defendant's possession, custody or control, since February 26, 2024.**

- xAI's Position: We understand that Defendant does not object to Paragraph 2.f of the Court's TRO Order and will thus comply with this requirement

**2.g. Violating, aiding, or participating in the violation of any terms of the Agreement or Termination Certification, as detailed in the Complaint.**

- xAI's Position: We understand that Defendant does not object to Paragraph 2.g of the Court's TRO Order and will thus comply with this requirement

**3. Li is hereby enjoined from having any role or responsibility at OpenAI or any other competitor of xAI pertaining to generative AI including without limitation OpenAI's ChatGPT until xAI has confirmed that all of xAI's Confidential Information in Li's possession, custody, or control has been deleted.**

- xAI's Position: We understand that Defendant does not object to Paragraph 3 of the Court's TRO Order and will thus comply with this requirement.

**4. Li is hereby enjoined from having any communication on the subject of generative AI with any officer, director, employee, agent, supplier, consultant, or customer of OpenAI or any other competitor of xAI until xAI has confirmed that all of xAI's Confidential Information in Li's possession, custody, or control has been deleted.**

- xAI's Position: We understand that Defendant does not object to Paragraph 4 of the Court's TRO Order and will thus comply with this requirement.

**5. xAI is granted leave to propound expedited discovery immediately in aid of preliminary injunction proceedings before this Court as follows, and Li is ordered to respond and comply with such discovery, as follows: (a) Li shall respond to xAI's First Set of Interrogatories (attached hereto as Exhibit A) under oath within seven days of entry of this Order; (b) Li shall respond to and comply with xAI's First Set of Requests for Production (attached hereto as Exhibit B) within seven days of entry of this Order; and (c) Li is to sit for deposition at a time and place mutually agreed between the parties, but no later than ten (10) days of entry of this Order.**

- xAI's Position: The Court's TRO Order required Defendant to "identify the specific portions [of the relief described in Paragraph 5] with which he refuses to comply" based on his assertion of the right against self-incrimination under the Fifth Amendment. Defendant's blanket objections to paragraph 5 do not identify the specific portions of these requests to which Defendant objects. In order to streamline the simultaneous briefing due Monday, September 8, we ask to meet and confer today, September 5, 2025, regarding the specific portions of these requests to which Defendant objects, including potential modifications to any requests that would obviate Defendant's privilege objections and thereby reduce the number of disputes for the Court.

---

**From:** Picone, Christian E. <Christian.Picone@berliner.com>
**Sent:** Thursday, September 4, 2025 8:23 PM
**To:** Swope, Carson <CSwope@winston.com>; Vidal, Kathi <KVidal@winston.com>
**Subject:** xAI v. Li (Case No. 3:25-cv-07292-RFL)

Kathi and Carson,

4

I will have items listed in 1 (a, b, d, and e) of the Temporary Restraining Order available for pick up at my office after 2:00 PM tomorrow.

Best regards,

**Christian E. Picone** | Partner
Christian.Picone@berliner.com



San Jose | Modesto | Merced

10 Almaden Blvd., Eleventh Floor | San Jose, California 95113 | Office 408.286.5800 | Direct & Text/SMS 408.938.2543 | Fax 408.998.5388 | www.berliner.com

**CONFIDENTIALITY NOTICE:** This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

5