UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X.AI CORP., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>XUECHEN LI,<br><br>    Defendant. | Case No. 25-cv-07292-RFL<br><br>**ORDER RESOLVING FIFTH AMENDMENT OBJECTIONS**<br><br>Re: Dkt. No. 27 |

    The Court recently issued a temporary restraining order that, among other things, required Defendant Li to respond to certain discovery requests and sit for a deposition. (*See* Dkt. No. 20 (the "TRO").) In light of a pending criminal investigation concerning the same subject matter as this action, and as permitted by the TRO, Li lodged objections to certain of those discovery requests and the deposition requirement on the basis that complying would violate his Fifth Amendment right against self-incrimination. (*See* Dkt. No. 27.) The Parties then filed briefing on the issue and other discovery concerns. (*See* Dkt. Nos. 30, 32.) The Court now rules as follows.

    ***Paragraph 1.a.*** This requirement applies to all devices and accounts owned or controlled by Li as of September 2, 2025. It does not prohibit him from obtaining any new devices or accounts after September 2, 2025, and those new devices are excluded from the requirements of Paragraph 1.a. If any responsive devices or accounts obtained on or before September 2, 2025, contains privileged information, Li must produce the non-privileged portions as required by the TRO. (*See* TRO at ECF Page 5.)

    ***Paragraph 1.c.*** This requirement is modified as follows: "Li shall, within three business days of the issuance of this Order . . . provide a written statement identifying all personal locations, personal devices, personal accounts, or personal storage media—whether physical or electronic—where **Li has stored, maintained, or accessed** any Confidential Information belonging to xAI." Li may still assert his Fifth Amendment rights and refuse to provide this

1

written statement. He did not waive his Fifth Amendment rights by initially cooperating with xAI before becoming the potential target of a criminal investigation. Although xAI may use Li's prior voluntary statements against him, Li may still assert his Fifth Amendment rights to refuse to make new statements. If xAI believes that Li's refusal to provide a statement is not warranted under the Fifth Amendment, it may move to compel a response. This Order does not address whether Li would be treated as having waived his Fifth Amendment rights if he were to introduce his prior voluntary statements at trial or in another court proceeding. Nor is this the appropriate juncture for the Court to determine the consequences of Li's assertion of his Fifth Amendment rights, such as whether an adverse inference will be drawn.

*Paragraph 2.* This requirement is modified to permit Li's counsel to access any devices or accounts not yet turned over to xAI for the limited purpose of determining whether the devices or accounts were accessed on or after the date Li started employment at xAI.

*Paragraph 5.* Li must respond to the discovery requests and sit for a deposition as ordered in the TRO. As discussed above regarding Paragraph 1.c, Li may still assert his Fifth Amendment rights. He must assert those rights on a question-by-question or request-by-request basis. If xAI believes that Li's assertions of privilege are not warranted as to particular requests or questions, it may move to compel responses.

*Third-Party Discovery.* For good cause shown, and in light of the need for third-party discovery, the Parties shall meet for an early Rule 26(f) conference on or before September 16, 2025, and they may begin pursuing third-party discovery without further delay. The Court declines to order Li to provide consent under the Stored Communications Act. xAI may obtain and preserve the requested documents and information by serving subpoenas.

**IT IS SO ORDERED.**

Dated: September 9, 2025

RITA F. LIN
United States District Judge