# EXHIBIT B

## Forensic Protocol for Imaging and Analysis of Electronic Devices and Accounts

X.AI LLC and X.AI Corp. ("xAI") and Xuechen Li ("Li") (collectively, the "Parties") jointly agree to this forensic imaging and analysis protocol (the "Imaging and Analysis Protocol").

Unless otherwise later agreed upon by the parties, this protocol does not apply to any devices, accounts or other storage media obtained by Li on or after August 27, 2025, which the outside counsel for the Parties have agreed to separately negotiate.

xAI has retained an independent third-party provider, Nardello & Co. ("Vendor"), which has agreed to the terms of this Forensic Protocol. The Vendor will create and preserve forensic images of Li's devices and accounts pursuant to this Imaging and Analysis Protocol. The Vendor will then conduct a forensic examination by performing targeted searches, inspections, analyses, and data extractions in accordance with xAI's instructions, solely to identify, remediate, and/or delete information believed to be Confidential Information belonging to xAI pursuant to Section 1(a) of the TRO and to identify any evidence of the presence, use, copying, transfer, or any further disclosure of information believed to be Confidential Information belonging to xAI solely for the purpose of identifying, remediating, and/or deleting information believed to be Confidential Information belonging to xAI pursuant to Section 1(a) of the TRO.

Information believed to be Confidential Information as used herein shall have the meaning ascribed by the EMPLOYEE CONFIDENTIAL INFORMATION AND INVENTION ASSIGNMENT AGREEMENT (Dkt. 1-1).

For the avoidance of doubt, Li does not agree that all Information believed to be Confidential Information is in fact xAI Confidential Information. However, in an effort to cooperate with xAI's efforts and provide xAI with assurance that it has remediated and/or deleted all information believed to be its confidential information, Li agrees to allow the Vendor to use the proposed definition. Further for the avoidance of doubt, the Vendor does not have authority to perform searches, inspections, analyses, and data extractions for any purpose other than to identify, remediate, and/or delete information believed to be Confidential Information belonging to xAI or to identify any evidence of the presence, use, copying, transfer, or any further disclosure of information believed to be Confidential Information belonging to xAI solely for the purpose of identifying, remediating, and/or deleting information believed to be Confidential Information belonging to xAI pursuant to Section 1(a) of the TRO.

The Vendor agrees that it will not disclose any information or data obtained from its forensic examination unrelated to information believed to be Confidential Information belonging to xAI to xAI or any xAI representatives, including xAI's outside counsel. Vendor may disclose information relating to information believed to be Confidential Information belonging to xAI to xAI and xAI representatives, including xAI's counsel. xAI shall, within three (3) days of receiving such information from Vendor, produce such information to Li's counsel or make it available for

inspection on a source code computer under the Protective Order, with any appropriate confidentiality designations under the Protective Order.

The Parties further agree that any disclosure of privileged or otherwise protected information through the foregoing protocol does not operate as a waiver of the attorney-client privilege and/or attorney work-product doctrine.   For the avoidance of doubt, each of xAI, xAI's outside counsel and the Vendor are not authorized to review or extract any privileged information and/or information subject to the attorney work-product doctrine.

**Purpose:**

This protocol sets forth the detailed procedures for the temporary forensic examination, and remediation of Li's electronic devices and accounts, in accordance with the TRO. It applies to the Mac Studio device surrendered by Li on September 5, 2025; the accounts identified in the August 18, 2025 Authorization for Access to Accounts and Personal Devices; the accounts listed in Defendant Li's Response and Notice of Compliance with Section 1 of the TRO served on September 5, 2025; and any additional devices surrendered or accounts identified by Li or xAI while the TRO remains in effect.  However, this protocol does not apply to any devices, accounts or other storage media obtained by Li on or after August 27, 2025, which the outside counsel for the Parties have agreed to separately negotiate.  Nor does this protocol apply to any devices which have already been imaged.

1) **Step 1: Forensic Examination and Remediation**

   a)   The Vendor will conduct a forensic examination of each device and account to identify, remediate, and/or delete any information believed to be xAI Confidential Information or to identify any evidence of the presence, use, copying, transfer, or any further disclosure of information believed to be Confidential Information belonging to xAI solely for the purpose of identifying, remediating, and/or deleting information believed to be Confidential Information belonging to xAI.

   b)   As provided above, the Vendor will create and preserve forensic images, or other account downloads, takeouts, or the equivalent, of Li's devices and account.  Because the forensic images, downloads, or takeouts may contain information believed to be xAI Confidential Information including xAI source code, unless otherwise agreed to by xAI and negotiated by the Parties in writing, the forensic images, downloads, or takeouts will be stored at xAI in an encrypted form not accessible to xAI or in a secure third-party location approved by xAI (the exact location to be negotiated by the Parties in writing) and any and all analysis of the forensic images, downloads, or takeouts shall take place at that location.   The Vendor shall preserve at least one forensic image, download, or takeout unmodified and shall not access it or otherwise perform any operations on this forensic image (the "Unmodified Forensic Image").  The Vendor may analyze the other forensic image(s),

download(s), or takeout(s) it creates, but may not share such image(s) with any party or counsel (or any third party), absent written consent from all Parties or court order. After completion of Vendor's review, any other forensic image(s), download(s), or takeout(s) shall be deleted, such that only the Unmodified Forensic Image remains. The Unmodified Forensic Image shall not be provided to any party or counsel (or third party), absent written consent from all Parties or court order. At the conclusion of the case, upon written permission from both parties or court order, the Unmodified Forensic Image shall be deleted. The Parties acknowledge that there is an ongoing criminal investigation related to this matter. The Parties explicitly agree that any obligations they may have to a governmental agency or law enforcement body, including but not limited to any obligations to provide information, documents, or testimony, shall take precedence over any and all terms and conditions of this Imaging and Analysis Protocol Agreement. No provision of this protocol shall be interpreted to limit, waive, or otherwise interfere with a Party's compliance with its legal obligations related to the criminal investigation.

c) The Vendor will document and preserve any evidence of information believed to be xAI Confidential Information having been on Li's devices or accounts, as well as any other evidence of the presence, use, copying, transfer, or any further disclosure of information believed to be Confidential Information. All such evidence shall be provided to xAI's counsel and then produced or made available for inspection on a source code computer, with any appropriate designation under the Protective Order, within three (3) business days as described above.

d) The Vendor will create a Forensic Report (1) describing the processes and steps taken by the Vendor, (2) confirming the absence of and/or deletion of any information, (3) if any deletion occurred, describing the information deleted with sufficient information (including at least the file names); and (4) identifying any evidence of the presence, use, copying, transfer, or any further disclosure of information believed to be Confidential Information belonging to xAI solely for the purpose of identifying, remediating, and/or deleting information believed to be Confidential Information belonging to xAI. The Forensic Report will not contain any xAI source code. The Vendor will provide the Forensic Report to outside counsel for each of xAI and Li, subject to the Protective Order governing this action.

e) Each of xAI and Li, through their counsel, shall have up to seven days to object to disclosure of the Forensic Report to Li and xAI, respectively, following the procedure for objecting to disclosure of Highly Confidential – Attorneys' Eyes Only information under the Protective Order. In any dispute, the party opposing disclosure shall have the burden of justifying any restriction on sharing the Forensic Report. Li may not object to the disclosure of any xAI Confidential Information or any records or metadata reflecting the

presence, use, disclosure, transfer, copying, or deletion of xAI Confidential Information obtained through this Protocol, though Li may object on the basis that he contends certain information obtained through this Protocol is not xAI Confidential Information. Likewise, xAI may not object to the disclosure of any information obtained through this Protocol not alleged to be xAI Confidential Information, though xAI may object on the basis that it contends certain information obtained through this Protocol is xAI Confidential Information. For the avoidance of doubt, no person (including outside counsel for any Party) may share the Forensic Report with Li or xAI until after the seven-day objection period has expired if there is no objection, or, in case of an objection, without written permission of the other Party or an order of the Court. For the avoidance of doubt, the Vendor does not have authority to provide the Forensic Report to any other person, including to each of xAI and Li, except as provided herein.

f) As to each device or account, Li will not have access to the device or account during the 14-day period during which Vendor executes this Protocol, which time period shall constitute the "Examination Period" for that device or account.

2) **Step 2: Restoration of Access to Li**

a) As to each device or account, after the Examination Period:

i) The Vendor will provide Li's counsel the credentials to enable Li to set a new password and update recovery methods. This process is intended to fully restore Li's access to his devices and accounts.

ii) Li's device and/or account taken for forensic investigation will be returned to Li's control pursuant to the Court's TRO.

Signature: _Jessica Kaempf_____

Name: Jessica Kaempf_____

*On behalf of Xuechen Li*

Date: 9/16/2025_____

Signature: *Kathi Vidal* box SIGN    4Q5586ZZ-1X5V5385_____

Name: Kathi Vidal_____

*On behalf of xAI*

Date: Sep 16, 2025_____

Signature: **box** SIGN     463W3X69-1X5V5385

Name: Joe Pochron

*On behalf of Nardello & Co.*

Date: Sep 16, 2025