# EXHIBIT U

CAROLYN HOECKER LUEDTKE (SBN 207976)
Carolyn.Luedtke@mto.com
DANE P. SHIKMAN (SBN 313656)
Dane.Shikman@mto.com
GABRIEL M. BRONSHTEYN (SBN 338011)
Gabriel.Bronshteyn@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

JONATHAN I. KRAVIS (*pro hac vice* pending)
jonathan.kravis@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW, Suite 500E
Washington, D.C. 20001-5369
Telephone:    (202) 220-1100
Facsimile:    (202) 220-2300

Attorneys for Non-Parties,
OpenAI Inc., OpenAI Global LLC, and OpenAI OpCo LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X.AI CORP., et al., | Case No. 25-cv-07292-RFL |
| Plaintiffs, | **NON-PARTY OPENAI'S RESPONSES AND OBJECTIONS TO PLAINTIFF X.AI CORP.'S SUBPOENA** |
| vs. | |
| XUECHEN LI, | |
| Defendant. | |

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, non-parties OpenAI Inc., OpenAI Global LLC, and OpenAI OpCo LLC hereby object and respond to the subpoena served by Plaintiff X.AI Corp. ("xAI"), dated September 18, 2025 (the "Subpoena"), as follows:

**PREFATORY STATEMENT**

1.      OpenAI OpCo LLC is the only non-party named in the instant subpoena with custody or control over any documents or information requested by the subpoena.  To the extent that the requests in this Subpoena are directed to OpenAI Inc. and OpenAI Global LLC, OpenAI Inc. and OpenAI Global LLC respond that they do not possess any relevant information and object globally on that basis.  All subsequent responses and objections are on behalf of OpenAI OpCo LLC ("OpenAI").

2.      OpenAI is not a party to this litigation.

3.      OpenAI's investigation in response to the Subpoena is continuing and ongoing. OpenAI's objections and responses are based on OpenAI's current knowledge, understanding, and belief as to the information and documents reasonably available to OpenAI in the ordinary course of its business as of the date of these responses. In submitting these objections and responses (the "Responses"), OpenAI reserves all rights, including the right to supplement or modify these Responses if additional information becomes available; the right to redact personal, private, or sensitive non-responsive information, or information which it is contractually obligated not to disclose; and the right to seek recoupment of costs from xAI.

4.      In submitting these Responses, OpenAI does not waive any privilege or objection that may be applicable to: (a) the use, for any purpose, by xAI of any information or documents sought by xAI or provided in response to a Request for Production ("Request"); (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case; or (c) any demand for further responses involving or relating to the subject matter of any of the Requests.

5.      To the extent the Requests seek to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and any discovery or standing orders governing or soon to be

1    governing this case, they are improper.

2         6.       To the extent the Requests seek sensitive, confidential, or internal OpenAI business

3    information, they are improper.  Should OpenAI produce documents in response to the Requests,

4    there will need to be a Protective Order that protects OpenAI's and other parties' commercially

5    sensitive or personal information. OpenAI has not been informed that any such Protective Order

6    exists and none was served on OpenAI with the subpoena.

7                    **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

8         1.       OpenAI's responses, regardless of whether they include a specific objection, do not

9    constitute an adoption or acceptance of the definitions and instructions that xAI seeks to impose.

10        2.       OpenAI objects to the defined terms "You" and "OpenAI" and to each and every

11   Request containing those terms, on the ground that they are vague, ambiguous, overly broad,

12   unduly burdensome, and not proportional to the needs of this case to the extent that these terms

13   purport to include any entity or individual other than OpenAI.  OpenAI will interpret these terms

14   to refer only to OpenAI itself as a corporate entity.

15        3.       OpenAI objects to the defined term "Defendant" and to each and every Request

16   containing that term on the ground that it is vague, ambiguous, and overly broad to the extent that

17   this term includes unenumerated "representatives, employees, attorneys, or any other persons or

18   entities acting in concert with Defendant or acting or purporting to act on Defendant's behalf or at

19   Defendant's direction."  OpenAI will interpret this term to refer to the individual Xuechen Li.

20        4.       OpenAI objects to the defined term "xAI Confidential Information" and to each and

21   every Request containing that term on the ground that it is vague, ambiguous, and overly broad.

22   OpenAI was not a party to the agreement in which this term appears and lacks knowledge of its

23   intended meaning.  OpenAI will construe this term to refer to information that OpenAI can

24   ascertain is confidential or proprietary information that belongs to or originated from xAI.

25        5.       OpenAI objects to the defined terms "Document" and "Communication" and to

26   each and every Request containing those terms, as overly broad, unduly burdensome, and not

27   proportional to the needs of this case.  OpenAI will interpret these terms consistent with the

28   Federal Rules of Civil Procedure to mean those Document(s), Electronically Stored Information,

1   and Communication(s) that can be identified after a reasonably diligent search and that can be

2   produced or retrieved without undue burden or cost.

3          6.      OpenAI objects to each and every Request, definition, and instruction to the extent

4   that it seeks any confidential, proprietary, or trade secret information, or any other information or

5   documents that OpenAI is not permitted to disclose pursuant to confidentiality or other legal

6   obligations to third parties.  OpenAI will not produce such documents or information, if at all,

7   until entry of an appropriate and mutually agreeable protective order.

8          7.      OpenAI objects to the instructions and each and every Request to the extent it seeks

9   discovery of documents or electronically stored information from sources that are not reasonably

10  accessible in light of the burdens or costs required to locate, restore, review and produce whatever

11  responsive information may be found.  To the extent that any Request requires the identification or

12  production of email currently in electronic form, or any other electronic communications or

13  electronically stored information, and OpenAI agrees to conduct a search of media reasonably

14  likely to contain the same, OpenAI will search readily accessible email or other electronic media

15  in relation to individual custodians or other sources likely to have responsive documents.  OpenAI

16  will not search emails that are inaccessible or that are overly burdensome to restore and/or search,

17  or other media containing electronically stored information that are inaccessible or unduly

18  burdensome to search.

19                 **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

20  **REQUEST FOR PRODUCTION NO. 1:**

21         All COMMUNICATIONS between You and Defendant.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

23         OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

24  forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

25  needs of the case on the ground that it seeks information that is in the possession, custody, or

26  control of a party in this case, or is readily available to a party.  All communications between

27  OpenAI and Defendant are available to Defendant and should be requested from and obtained

28  from Defendant in the first instance if they are properly discoverable.  OpenAI further objects to

1   this Request as premature and unduly burdensome because party discovery in this matter has only

2   recently commenced, and the Request is thus likely to duplicate requests that may be propounded

3   in party discovery.  Third party discovery here should await resolution of the appropriate scope of

4   party discovery covering many of the same documents.  That is especially so given that xAI has

5   filed a separate lawsuit against OpenAI in this Court relating to xAI's allegations that Li

6   misappropriated trade secrets.  *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-

7   08133.  Party discovery in that case has not begun.  In fact, xAI just served that complaint on

8   OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the Initial Case

9   Management Conference in that case is not scheduled until January 2026.  xAI cannot short-circuit

10  the process of party discovery in its separate litigation against OpenAI by serving premature third-

11  party document requests on OpenAI here, particularly to the extent that the Request goes beyond

12  xAI's narrow allegations concerning Defendant's alleged misappropriation in this litigation.

13          OpenAI accordingly further objects to this Request as overly broad, unduly burdensome,

14  not proportional to the needs of the case, not reasonably limited in scope, and not seeking

15  information relevant to any issue in the case, including because it calls for the production of "all"

16  communications between OpenAI and Defendant, without regard to whether the documents are

17  likely to have any connection to the claims or defenses at issue in this case (to the extent OpenAI

18  can understand those claims and defenses given the redaction of operative pleadings).  OpenAI

19  understands that this suit pertains to Defendant's alleged trade secret misappropriation.  This

20  Request is not tailored to any alleged trade secret misappropriation.  OpenAI will construe this

21  request to be limited to communications between OpenAI and Defendant that reflect the disclosure

22  of xAI information to OpenAI or any request by OpenAI for Defendant to disclose xAI

23  information, and communications between OpenAI and Defendant reflecting Defendant's access

24  to OpenAI's systems.

25          Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

26  OpenAI has conducted a reasonable and diligent search for non-privileged communications in its

27  possession, custody or control between OpenAI and Defendant that reflect (i) the disclosure of

28  xAI information to OpenAI; (ii) any request by OpenAI for Defendant to disclose xAI

information; and/or (iii)  communications between OpenAI and Defendant or other documents reflecting Defendant's access to OpenAI's systems.  OpenAI has located two emails relevant to (iii) that sent links to an HR portal containing HR documents, and OpenAI will produce these emails and the documents contained in the links.  Otherwise, OpenAI has located no other documents responsive to categories (i), (ii), or (iii) listed above after a reasonable search and inquiry.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS related to any meetings between You and Defendant, including documents shared with You by Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the needs of the case on the ground that it seeks information that is in the possession, custody, or control of a party in this case, or is readily available to a party.  Any documents potentially shared by Defendant with OpenAI are available to Defendant and should be requested from and obtained from Defendant in the first instance if they are properly discoverable.  OpenAI further objects to this Request as premature and unduly burdensome because party discovery in this matter has only recently commenced, and the Request is thus likely to duplicate requests that may be propounded in party discovery.  Third party discovery here should await resolution of the appropriate scope of party discovery covering many of the same documents.  That is especially so given that xAI has filed a separate lawsuit against OpenAI in this Court relating to xAI's allegations that Li misappropriated trade secrets.  *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that case has not begun.  In fact, xAI just served that complaint on OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the Initial Case Management Conference in that case is not scheduled until January 2026.  xAI cannot short-circuit the process of party discovery in its separate litigation against OpenAI by serving premature third-party document requests on OpenAI here, particularly to the extent that the Request goes beyond xAI's narrow allegations concerning Defendant's alleged misappropriation in this litigation.

1    OpenAI accordingly further objects to this Request as overly broad, unduly burdensome,

2    not proportional to the needs of the case, not reasonably limited in scope, and not seeking

3    information relevant to any issue in the case, including because it calls for the production of "all"

4    documents and communications related to "any" meetings between OpenAI and Defendant, and

5    all documents shared by Defendant, without regard to whether the documents are likely to have

6    any connection to the claims or defenses at issue in this case (to the extent OpenAI can understand

7    those claims and defenses given the redaction of operative pleadings).  OpenAI understands that

8    this suit pertains to Defendant's alleged trade secret misappropriation.  But this Request is not

9    tailored to any alleged trade secret misappropriation.  For examples, internal OpenAI recruiting

10   documents and communications that relate to Defendant's interview process but do not reflect the

11   actual or potential disclosure of xAI information by Defendant are irrelevant.  OpenAI will

12   construe this request to be limited to documents that reflect the disclosure of xAI information to

13   OpenAI by Defendant or any request by OpenAI for Defendant to disclose xAI information.

14   Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

15   OpenAI has conducted a reasonable and diligent search for non-privileged documents, if any, in its

16   possession, custody or control that reflect (i) the disclosure of xAI information to OpenAI by

17   Defendant, and/or (ii) any request by OpenAI for Defendant to disclose xAI information.  OpenAI

18   has located no such documents after a reasonable search and inquiry.

19   **REQUEST FOR PRODUCTION NO. 3:**

20   All DOCUMENTS and COMMUNICATIONS related to any offer of employment by You

21   to Defendant, including without limitation descriptions of Defendant's intended job

22   responsibilities.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

24   OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

25   forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

26   needs of the case on the ground that it seeks information that is in the possession, custody, or

27   control of a party in this case, or is readily available to a party.  All communications between

28   OpenAI and Defendant including any offer of employment are available to Defendant and should

1  be requested from and obtained from Defendant in the first instance if they are properly

2  discoverable.  OpenAI further objects to this Request as premature and unduly burdensome

3  because party discovery in this matter has only recently commenced, and the Request is thus likely

4  to duplicate requests that may be propounded in party discovery.  Third party discovery here

5  should await resolution of the appropriate scope of party discovery covering many of the same

6  documents.  That is especially so given that xAI has filed a separate lawsuit against OpenAI in this

7  Court relating to xAI's allegations that Li misappropriated trade secrets.  *See X.AI Corp. v.*

8  *OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that case has not begun.

9  In fact, xAI just served that complaint on OpenAI on September 29, OpenAI has moved to dismiss

10  that complaint, and the Initial Case Management Conference in that case is not scheduled until

11  January 2026.  xAI cannot short-circuit the process of party discovery in its separate litigation

12  against OpenAI by serving premature third-party document requests on OpenAI here, particularly

13  to the extent that the Request goes beyond xAI's narrow allegations concerning Defendant's

14  alleged misappropriation in this litigation.

15      OpenAI further objects to this Request as overly broad, unduly burdensome, not

16  proportional to the needs of the case, not reasonably limited in scope, and not seeking information

17  relevant to any issue in the case, including because it calls for the production of "all" documents

18  and communications "related" to any offer of employment, without regard to whether the

19  documents are likely to have any connection to the claims or defenses at issue in this case (to the

20  extent OpenAI can understand those claims and defenses given the redaction of operative

21  pleadings).  OpenAI understands that this suit pertains to Defendant's alleged trade secret

22  misappropriation.  But this Request is not tailored to any alleged trade secret misappropriation.

23  OpenAI will construe this request to be limited to documents sufficient to show OpenAI's offer of

24  employment to Defendant.

25      Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

26  OpenAI will produce documents sufficient to show OpenAI's offer of employment to Defendant

27  upon entry of a mutually agreeable protective order.

28

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS related to Your internal review and decision-making process about whether to hire Defendant, including without limitation internal memoranda, recruitment notes, Defendant's job application, notes or correspondence regarding a review of Defendant's background and/or concerns, risks, or questions related to hiring Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the needs of the case on the ground that it seeks information that is in the possession, custody, or control of a party in this case, or is readily available to a party to the extent that it requests Defendant's job application.  Communications between Defendant and OpenAI about Defendant's candidacy are available to Defendant and should be requested from and obtained from Defendant in the first instance if they are properly discoverable.  OpenAI further objects to this Request as premature and unduly burdensome because party discovery in this matter has only recently commenced, and the Request is thus likely to duplicate requests that may be propounded in party discovery.  Third party discovery here should await resolution of the appropriate scope of party discovery covering many of the same documents.  That is especially so given that xAI has filed a separate lawsuit against OpenAI in this Court relating to xAI's allegations that Li misappropriated trade secrets.  *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that case has not begun.  In fact, xAI just served that complaint on OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the Initial Case Management Conference in that case is not scheduled until January 2026.  xAI cannot short-circuit the process of party discovery in its separate litigation against OpenAI by serving premature third-party document requests on OpenAI here, particularly to the extent that the Request goes beyond xAI's narrow allegations concerning Defendant's alleged misappropriation in this litigation.

OpenAI accordingly further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  OpenAI also objects to this Request as seeking

confidential commercial and trade secret information without substantial need.  OpenAI further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, not reasonably limited in scope, and not seeking information relevant to any issue in the case, including because it calls for the production of "all" documents and communications related to "*internal* review and decision-making" by OpenAI, without regard to whether the documents are likely to have any connection to the claims or defenses at issue in this case (to the extent OpenAI can understand those claims and defenses given the redaction of operative pleadings). OpenAI understands that this suit pertains to Defendant's alleged trade secret misappropriation. But this Request is not tailored to any alleged trade secret misappropriation.  Documents reflecting OpenAI's internal decision-making regarding recruiting that do not reflect actual or anticipated disclosure of xAI information by Defendant are irrelevant.  OpenAI will construe this request to be limited to documents that reflect the disclosure of xAI information to OpenAI by Defendant or any request by OpenAI for Defendant to disclose xAI information.

Subject to, and without waiving the foregoing objections, OpenAI responds as follows: OpenAI has conducted a reasonable and diligent search for non-privileged documents, if any, in its possession, custody or control that reflect (i) the disclosure of xAI information to OpenAI by Defendant, and/or (ii) any request by OpenAI for Defendant to disclose xAI information.  OpenAI has located no such documents after a reasonable search and inquiry.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS related to Your onboarding, orientation, and/or intended or actual training of Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the needs of the case on the ground that it seeks information that is in the possession, custody, or control of a party in this case, or is readily available to a party.  All communications between OpenAI and Defendant including any communications to Defendant regarding Defendant's onboarding are available to Defendant and should be requested from and obtained from Defendant

in the first instance if they are properly discoverable.  OpenAI further objects to this Request as premature and unduly burdensome because party discovery in this matter has only recently commenced, and the Request is thus likely to duplicate requests that may be propounded in party discovery.  Third party discovery here should await resolution of the appropriate scope of party discovery covering many of the same documents.  That is especially so given that xAI has filed a separate lawsuit against OpenAI in this Court relating to xAI's allegations that Li misappropriated trade secrets.  *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that case has not begun.  In fact, xAI just served that complaint on OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the Initial Case Management Conference in that case is not scheduled until January 2026.  xAI cannot short-circuit the process of party discovery in its separate litigation against OpenAI by serving premature third-party document requests on OpenAI here, particularly to the extent that the Request goes beyond xAI's narrow allegations concerning Defendant's alleged misappropriation in this litigation.

OpenAI also objects to this Request as seeking confidential commercial and trade secret information without substantial need.  OpenAI further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, not reasonably limited in scope, and not seeking information relevant to any issue in the case, including because it calls for the production of "all" documents and communications regarding Defendant's onboarding or anticipated training, without regard to whether the documents are likely to have any connection to the claims or defenses at issue in this case (to the extent OpenAI can understand those claims and defenses given the redaction of operative pleadings).  OpenAI understands that this suit pertains to Defendant's alleged trade secret misappropriation.  But this Request is not tailored to any alleged trade secret misappropriation.  Internal OpenAI documents related to onboarding that do not reflect the actual or anticipated disclosure of xAI information by Defendant are irrelevant. OpenAI will construe this request to be limited to documents that reflect the disclosure of xAI information to OpenAI by Defendant or any request by OpenAI for Defendant to disclose xAI information.

Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

1   OpenAI has conducted a reasonable and diligent search for non-privileged documents, if any, in its

2   possession, custody or control that reflect (i) the disclosure of xAI information to OpenAI by

3   Defendant, and/or (ii) any request by OpenAI for Defendant to disclose xAI information.  OpenAI

4   has located no such documents after a reasonable search and inquiry.

5   **REQUEST FOR PRODUCTION NO. 6:**

6        All DOCUMENTS and COMMUNICATIONS related to Your soliciting, inducing, or

7   encouraging Defendant or any xAI employee, consultant, or independent contractor (including

8   without limitation Uday Ruddarraju, Mike Dalton, Hieu Pham, Ethan Knight, Jimmy Fraiture, and

9   Mike Liberatore) to terminate his or her relationship with xAI or to consider joining OpenAI.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

11       OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

12  forth herein.

13       OpenAI objects to this Request as unduly burdensome and not proportional to the needs of

14  the case given that xAI has filed a separate lawsuit against OpenAI in this Court relating to xAI's

15  allegations that Li misappropriated trade secrets.  *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal.

16  Case No. 3:25-cv-08133.  Party discovery in that case has not begun.  In fact, xAI just served that

17  complaint on OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the

18  Initial Case Management Conference in that case is not scheduled until January 2026.  xAI cannot

19  short-circuit the process of party discovery in its separate litigation against OpenAI by serving

20  premature third-party document requests on OpenAI here, particularly to the extent that the

21  Request goes beyond xAI's narrow allegations concerning Defendant's alleged misappropriation

22  in this litigation.

23       OpenAI further objects to this Request to the extent that it seeks documents that are

24  protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or

25  any other applicable privilege.  OpenAI also objects to this Request as seeking confidential

26  commercial and trade secret information without substantial need.  OpenAI further objects to this

27  Request as overly broad, unduly burdensome, not proportional to the needs of the case, not

28  reasonably limited in scope, and not seeking information relevant to any issue in the case,

1  including because it calls for the production of "all" documents and communications related to

2  OpenAI's hiring of xAI employees other than Defendant, without regard to whether the documents

3  are likely to have any connection to the claims or defenses at issue in this case (to the extent

4  OpenAI can understand those claims and defenses given the redaction of operative pleadings).

5  OpenAI understands that this suit pertains to Defendant's alleged trade secret misappropriation.

6  But this Request is not tailored to any alleged trade secret misappropriation.  Documents relating

7  to hiring xAI employees other than Defendant are plainly irrelevant and as noted in response to

8  other requests, documents related to hiring Defendant that have no intersection to taking

9  confidential xAI information are also irrelevant.

10      Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

11  OpenAI has conducted a reasonable and diligent search for non-privileged documents, if any, in its

12  possession, custody or control that reflect (i) the disclosure of xAI information to OpenAI by

13  Defendant, and/or (ii) any request by OpenAI for Defendant to disclose xAI information. OpenAI

14  has located no such documents after a reasonable search and inquiry.

15  **REQUEST FOR PRODUCTION NO. 7:**

16      All DOCUMENTS and COMMUNICATIONS related to Defendant soliciting, inducing,

17  or encouraging any xAI employee, consultant, or independent contractor, including without

18  limitation Uday Ruddarraju, Mike Dalton, Hieu Pham, Ethan Knight, Jimmy Fraiture, and Mike

19  Liberatore, to terminate his or her relationship with xAI or to consider joining OpenAI.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

21      OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

22  forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

23  needs of the case on the ground that it seeks information that is in the possession, custody, or

24  control of a party in this case, or is readily available to a party.  To the extent they exist,

25  documents related to Defendant encouraging xAI employees to join OpenAI are available to

26  Defendant and should be requested from and obtained from Defendant in the first instance if they

27  are properly discoverable.  OpenAI further objects to this Request as premature and unduly

28  burdensome because party discovery in this matter has only recently commenced, and the Request

1    is thus likely to duplicate requests that may be propounded in party discovery. Third party

2    discovery here should await resolution of the appropriate scope of party discovery covering many

3    of the same documents. That is especially so given that xAI has filed a separate lawsuit against

4    OpenAI in this Court relating to xAI's allegations that Li misappropriated trade secrets. *See X.AI*

5    *Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133. Party discovery in that case has

6    not begun. In fact, xAI just served that complaint on OpenAI on September 29, OpenAI has

7    moved to dismiss that complaint, and the Initial Case Management Conference in that case is not

8    scheduled until January 2026. xAI cannot short-circuit the process of party discovery in its

9    separate litigation against OpenAI by serving premature third-party document requests on OpenAI

10   here, particularly to the extent that the Request goes beyond xAI's narrow allegations concerning

11   Defendant's alleged misappropriation in this litigation.

12        OpenAI accordingly further objects to this Request as overly broad, unduly burdensome,

13   not proportional to the needs of the case, not reasonably limited in scope, and not seeking

14   information relevant to any issue in the case. OpenAI understands that this suit pertains to

15   Defendant's alleged trade secret misappropriation. But this Request is not tailored to any alleged

16   trade secret misappropriation. To the extent they exist, documents relating to Defendant soliciting

17   other xAI employees to join OpenAI are irrelevant.

18        Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

19   OpenAI does not have possession, custody, or control of any of Defendant's documents.

20   Defendant never started working at OpenAI and Defendant did not have an OpenAI computer or

21   email account. OpenAI is not aware of Defendant soliciting anyone for employment at OpenAI

22   when Defendant did not work for OpenAI, and if Defendant did, OpenAI does not have any

23   documents reflecting such solicitation.

24   **REQUEST FOR PRODUCTION NO. 8:**

25        All DOCUMENTS and COMMUNICATIONS related to Your soliciting, inducing, or

26   encouraging Defendant or any xAI employee, consultant, or independent contractor, including

27   without limitation Uday Ruddarraju, Mike Dalton, Hieu Pham, Ethan Knight, Jimmy Fraiture, and

28   Mike Liberatore, to share information about xAI, including but not limited to Confidential

1  Information, presentations, and information about AI research, operations, and planning, with

2  OpenAI.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

4       OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

5  forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

6  needs of the case on the ground that it seeks information that is in the possession, custody, or

7  control of a party in this case, or is readily available to a party.  Any communications between

8  OpenAI and Defendant are available to Defendant and should be requested from and obtained

9  from Defendant in the first instance if they are properly discoverable.  OpenAI further objects to

10 this Request as premature and unduly burdensome because party discovery in this matter has only

11 recently commenced, and the Request is thus likely to duplicate requests that may be propounded

12 in party discovery.  Third party discovery here should await resolution of the appropriate scope of

13 party discovery covering many of the same documents.  That is especially so given that xAI has

14 filed a separate lawsuit against OpenAI in this Court relating to xAI's allegations that Li

15 misappropriated trade secrets.  *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-

16 08133.  Party discovery in that case has not begun.  In fact, xAI just served that complaint on

17 OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the Initial Case

18 Management Conference in that case is not scheduled until January 2026.  xAI cannot short-circuit

19 the process of party discovery in its separate litigation against OpenAI by serving premature third-

20 party document requests on OpenAI here, particularly to the extent that the Request goes beyond

21 xAI's narrow allegations concerning Defendant's alleged misappropriation in this litigation.

22      OpenAI also objects to this Request as seeking confidential commercial and trade secret

23 information without substantial need.  OpenAI further objects to this Request as overly broad,

24 unduly burdensome, not proportional to the needs of the case, not reasonably limited in scope, and

25 not seeking information relevant to any issue in the case, including because it calls for the

26 production of "all" documents and communications related to "any" xAI employee, without regard

27 to whether the documents are likely to have any connection to the claims or defenses at issue in

28 this case (to the extent OpenAI can understand those claims and defenses given the redaction of

1    operative pleadings).  OpenAI understands that this suit pertains to Defendant's alleged trade

2    secret misappropriation.  But this Request is not tailored to any alleged trade secret

3    misappropriation by Defendant.  OpenAI will construe this request to be limited to documents that

4    reflect the disclosure of xAI information to OpenAI by Defendant or any request by OpenAI for

5    Defendant to disclose xAI information.

6            Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

7    OpenAI has conducted a reasonable and diligent search for non-privileged documents, if any, in its

8    possession, custody or control that reflect (i) the disclosure of xAI information to OpenAI by

9    Defendant, and/or (ii) any request by OpenAI for Defendant to disclose xAI information.  OpenAI

10   has located no such documents after a reasonable search and inquiry.

11   **REQUEST FOR PRODUCTION NO. 9:**

12           All DOCUMENTS and COMMUNICATIONS related to Defendant soliciting, inducing,

13   or encouraging any xAI employee, consultant, or independent contractor, including without

14   limitation Uday Ruddarraju, Mike Dalton, Hieu Pham, Ethan Knight, Jimmy Fraiture, and Mike

15   Liberatore, to share information about xAI, including but not limited to Confidential Information,

16   with OpenAI.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

18           OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

19   forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

20   needs of the case on the ground that it seeks information that is in the possession, custody, or

21   control of a party in this case, or is readily available to a party.  To the extent they exist, any

22   documents related to Defendant soliciting other xAI employees to share information about xAI are

23   available to Defendant and should be requested from and obtained from Defendant in the first

24   instance if they are properly discoverable.  OpenAI further objects to this Request as premature

25   and unduly burdensome because party discovery in this matter has only recently commenced, and

26   the Request is thus likely to duplicate requests that may be propounded in party discovery.  Third

27   party discovery here should await resolution of the appropriate scope of party discovery covering

28   many of the same documents.  That is especially so given that xAI has filed a separate lawsuit

1    against OpenAI in this Court relating to xAI's allegations that Li misappropriated trade secrets.

2    *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that

3    case has not begun.  In fact, xAI just served that complaint on OpenAI on September 29, OpenAI

4    has moved to dismiss that complaint, and the Initial Case Management Conference in that case is

5    not scheduled until January 2026.  xAI cannot short-circuit the process of party discovery in its

6    separate litigation against OpenAI by serving premature third-party document requests on OpenAI

7    here, particularly to the extent that the Request goes beyond xAI's narrow allegations concerning

8    Defendant's alleged misappropriation in this litigation.

9          OpenAI accordingly further objects to this Request as overly broad, unduly burdensome,

10   not proportional to the needs of the case, not reasonably limited in scope, and not seeking

11   information relevant to any issue in the case, including because it calls for the production of "all"

12   documents and communications related to "any" xAI employee, without regard to whether the

13   documents are likely to have any connection to the claims or defenses at issue in this case (to the

14   extent OpenAI can understand those claims and defenses given the redaction of operative

15   pleadings).  OpenAI understands that this suit pertains to *Defendant*'s alleged trade secret

16   misappropriation.  But this Request is not tailored to any alleged trade secret misappropriation by

17   Defendant.  OpenAI will construe this request to be limited to documents that reflect the

18   disclosure of xAI information to OpenAI by Defendant or any request by OpenAI for Defendant to

19   disclose xAI information.

20          Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

21   OpenAI does not have possession, custody, or control of any of Defendant's documents.

22   Defendant never started working at OpenAI and Defendant did not have an OpenAI computer or

23   email account.  OpenAI is not aware of Defendant soliciting anyone to share xAI information with

24   OpenAI when Defendant did not work for OpenAI, and if Defendant did, OpenAI does not have

25   documents reflecting such solicitation.

26   **REQUEST FOR PRODUCTION NO. 10:**

27          All DOCUMENTS and COMMUNICATIONS related to any internal or forensic

28   investigation or inquiry regarding Defendant's use, misappropriation, dissemination, or

1  onboarding of xAI Confidential Information, including any identification, isolation, or remediation

2  steps taken.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

4      OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

5  forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

6  needs of the case given that xAI has filed a separate lawsuit against OpenAI in this Court relating

7  to xAI's allegations that Li misappropriated trade secrets.  *See X.AI Corp. v. OpenAI, Inc. et al.*,

8  N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that case has not begun.  In fact, xAI just

9  served that complaint on OpenAI on September 29, OpenAI has moved to dismiss that complaint,

10  and the Initial Case Management Conference in that case is not scheduled until January 2026.  xAI

11  cannot short-circuit the process of party discovery in its separate litigation against OpenAI by

12  serving premature third-party document requests on OpenAI here, particularly to the extent that

13  the Request goes beyond xAI's narrow allegations concerning Defendant's alleged

14  misappropriation in this litigation. OpenAI further objects to this Request to the extent that it seeks

15  documents that are protected from disclosure by the attorney-client privilege, the attorney work

16  product doctrine, or any other applicable privilege.  OpenAI also objects to this Request as seeking

17  confidential commercial and trade secret information without substantial need.  Documents

18  reflecting OpenAI's privileged investigation into xAI's allegations are protected from disclosure

19  by the attorney-client privilege and the attorney work product doctrine.

20      Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

21  OpenAI will not produce documents in response to this Request.

22  **REQUEST FOR PRODUCTION NO. 11:**

23      All DOCUMENTS and COMMUNICATIONS related to or reflecting any training,

24  reminders, or instructions provided to Defendant regarding the prohibition of using or disclosing

25  xAI Confidential Information.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

27      OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

28  forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

1  needs of the case on the ground that it seeks information that is in the possession, custody, or

2  control of a party in this case, or is readily available to a party.  Any documents or

3  communications provided to Defendant by OpenAI regarding the prohibition of using or

4  disclosing xAI confidential information are available to Defendant and should be requested from

5  and obtained from Defendant in the first instance if they are properly discoverable.  OpenAI

6  further objects to this Request as premature and unduly burdensome because party discovery in

7  this matter has only recently commenced, and the Request is thus likely to duplicate requests that

8  may be propounded in party discovery.  Third party discovery here should await resolution of the

9  appropriate scope of party discovery covering many of the same documents.  That is especially so

10  given that xAI has filed a separate lawsuit against OpenAI in this Court relating to xAI's

11  allegations that Li misappropriated trade secrets.  *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal.

12  Case No. 3:25-cv-08133.  Party discovery in that case has not begun.  In fact, xAI just served that

13  complaint on OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the

14  Initial Case Management Conference in that case is not scheduled until January 2026.  xAI cannot

15  short-circuit the process of party discovery in its separate litigation against OpenAI by serving

16  premature third-party document requests on OpenAI here, particularly to the extent that the

17  Request goes beyond xAI's narrow allegations concerning Defendant's alleged misappropriation

18  in this litigation.

19          OpenAI also objects to this Request as seeking confidential commercial and trade secret

20  information without substantial need.  OpenAI further objects to this Request as overly broad,

21  unduly burdensome, not proportional to the needs of the case, not reasonably limited in scope, and

22  not seeking information relevant to any issue in the case, including because it calls for the

23  production of "all" documents and communications "related" to training or guidance regarding

24  xAI confidential information, without regard to whether the documents are likely to have any

25  connection to the claims or defenses at issue in this case (to the extent OpenAI can understand

26  those claims and defenses given the redaction of operative pleadings).

27          Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

28  OpenAI will produce documents sufficient to show OpenAI's offer of employment to Defendant,

1  which contains a prohibition on improperly disclosing to OpenAI confidential third party

2  information, upon entry of a mutually agreeable protective order.

3  **REQUEST FOR PRODUCTION NO. 12:**

4       DOCUMENTS sufficient to identify any email addresses, phone numbers, or other

5  communication methods used by Defendant to communicate with You or otherwise identified by

6  Defendant, at any time, as belonging to Defendant.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

8       OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

9  forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

10  needs of the case on the ground that it seeks information that is in the possession, custody, or

11  control of a party in this case, or is readily available to a party.  Defendant's contact information is

12  available to Defendant and should be requested from and obtained from Defendant in the first

13  instance if they are properly discoverable.  OpenAI further objects to this Request as premature

14  and unduly burdensome because party discovery in this matter has only recently commenced, and

15  the Request is thus likely to duplicate requests that may be propounded in party discovery.  Third

16  party discovery here should await resolution of the appropriate scope of party discovery covering

17  many of the same documents.  That is especially so given that xAI has filed a separate lawsuit

18  against OpenAI in this Court relating to xAI's allegations that Li misappropriated trade secrets.

19  *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that

20  case has not begun.  In fact, xAI just served that complaint on OpenAI on September 29, OpenAI

21  has moved to dismiss that complaint, and the Initial Case Management Conference in that case is

22  not scheduled until January 2026.  xAI cannot short-circuit the process of party discovery in its

23  separate litigation against OpenAI by serving premature third-party document requests on OpenAI

24  here, particularly to the extent that the Request goes beyond xAI's narrow allegations concerning

25  Defendant's alleged misappropriation in this litigation.

26       Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

27  OpenAI will produce documents sufficient to identify Defendant's email addresses, phone

28  numbers, or other communication methods used by Defendant to communicate with OpenAI, to

1  OpenAI's knowledge.

2  **REQUEST FOR PRODUCTION NO. 13:**

3      DOCUMENTS sufficient to identify all devices from which Defendant accessed any

4  OpenAI system including, without limitation, any webpage or application used by Defendant to

5  apply for a position with OpenAI, including any identifying information for such devices, such as

6  device name, model, make, type, serial number, IP address, MAC address, telephone number,

7  IMEI number, location information (e.g., WiFi or other network identification, GPS location,

8  and/or cell tower location), browser information (e.g., User-Agent information, make, model,

9  and/or version number), or any other information that may identify the device, type of device,

10  and/or location of device.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

12      OpenAI objects to this Request as unduly burdensome and not proportional to the needs of

13  the case on the ground that it seeks information that is in the possession, custody, or control of a

14  party in this case, or is readily available to a party.  Information regarding Defendant's devices and

15  the applications or webpages Defendant visited is available to Defendant and should be requested

16  from and obtained from Defendant if it is properly discoverable.  OpenAI further objects to this

17  Request as premature and unduly burdensome because party discovery in this matter has only

18  recently commenced, and the Request is thus likely to duplicate requests that may be propounded

19  in party discovery.  Third party discovery here should await resolution of the appropriate scope of

20  party discovery covering many of the same documents.  That is especially so given that xAI has

21  filed a separate lawsuit against OpenAI in this Court relating to xAI's allegations that Li

22  misappropriated trade secrets.  *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-

23  08133.  Party discovery in that case has not begun.  In fact, xAI just served that complaint on

24  OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the Initial Case

25  Management Conference in that case is not scheduled until January 2026.  xAI cannot short-circuit

26  the process of party discovery in its separate litigation against OpenAI by serving premature third-

27  party document requests on OpenAI here, particularly to the extent that the Request goes beyond

28  xAI's narrow allegations concerning Defendant's alleged misappropriation in this litigation.

1    OpenAI further objects to this Request to the extent that it seeks documents that are

2   protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or

3   any other applicable privilege.  OpenAI also objects to this Request as seeking confidential

4   commercial and trade secret information without substantial need.  OpenAI further objects to this

5   Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not

6   reasonably limited in scope.

7    Subject to, and without waiving the foregoing objections, OpenAI responds as follows:  Li

8   never began work at OpenAI and never accessed any internal OpenAI system.  OpenAI uses third-

9   party websites such as Dropbox DocSend, Ashby, and Workday as part of its recruiting process.

10  OpenAI will produce documents from these third-party platforms sufficient to identify Li's device,

11  browser, or location information to the extent that they exist and are in OpenAI's possession,

12  custody, or control upon entry of a mutually agreeable protective order.

13  **REQUEST FOR PRODUCTION NO. 14:**

14    All DOCUMENTS and COMMUNICATIONS related to xAI Confidential Information.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

16    OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

17  forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

18  needs of the case on the ground that it seeks information that is in the possession, custody, or

19  control of a party in this case, or is readily available to a party.  Any documents reflecting xAI

20  confidential information potentially misappropriated by Defendant are available to Defendant and

21  should be requested from and obtained from Defendant in the first instance if they are properly

22  discoverable.  OpenAI further objects to this Request as premature and unduly burdensome

23  because party discovery in this matter has only recently commenced, and the Request is thus likely

24  to duplicate requests that may be propounded in party discovery.  Third party discovery here

25  should await resolution of the appropriate scope of party discovery covering many of the same

26  documents.  That is especially so given that xAI has filed a separate lawsuit against OpenAI in this

27  Court relating to xAI's allegations that Li misappropriated trade secrets.  *See X.AI Corp. v.*

28  *OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that case has not begun.

1   In fact, xAI just served that complaint on OpenAI on September 29, OpenAI has moved to dismiss

2   that complaint, and the Initial Case Management Conference in that case is not scheduled until

3   January 2026.  xAI cannot short-circuit the process of party discovery in its separate litigation

4   against OpenAI by serving premature third-party document requests on OpenAI here, particularly

5   to the extent that the Request goes beyond xAI's narrow allegations concerning Defendant's

6   alleged misappropriation in this litigation.

7          OpenAI accordingly further objects to this Request as overly broad, unduly burdensome,

8   not proportional to the needs of the case, not reasonably limited in scope, and not seeking

9   information relevant to any issue in the case, including because it calls for the production of "all"

10  documents and communications "related" to xAI confidential information, without regard to

11  whether the documents are likely to have any connection to the claims or defenses at issue in this

12  case (to the extent OpenAI can understand those claims and defenses given the redaction of

13  operative pleadings).  OpenAI understands that this suit pertains to Defendant's alleged trade

14  secret misappropriation.  But this Request is not tailored to any alleged trade secret

15  misappropriation by Defendant.  OpenAI will construe this request to be limited to documents that

16  reflect the disclosure of xAI information to OpenAI by Defendant or any request by OpenAI for

17  Defendant to disclose xAI information.

18         Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

19  OpenAI has conducted a reasonable and diligent search for non-privileged documents, if any, in its

20  possession, custody or control that reflect (i) the disclosure of xAI information to OpenAI by

21  Defendant, and/or (ii) any request by OpenAI for Defendant to disclose xAI information.  OpenAI

22  has located no such documents after a reasonable search and inquiry.

23  **REQUEST FOR PRODUCTION NO. 15:**

24         DOCUMENTS sufficient to show any source code provided by Defendant to You.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

26         OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

27  forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

28  needs of the case given that xAI has filed a separate lawsuit against OpenAI in this Court relating

to xAI's allegations that Li misappropriated trade secrets. *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133. Party discovery in that case has not begun. In fact, xAI just served that complaint on OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the Initial Case Management Conference in that case is not scheduled until January 2026. xAI cannot short-circuit the process of party discovery in its separate litigation against OpenAI by serving premature third-party document requests on OpenAI here, particularly to the extent that the Request goes beyond xAI's narrow allegations concerning Defendant's alleged misappropriation in this litigation.

Subject to, and without waiving the foregoing objections, OpenAI responds as follows: OpenAI has conducted a reasonable and diligent search for non-privileged documents, if any, in its possession, custody or control that reflect the disclosure of xAI source code to OpenAI by Defendant. OpenAI has located no such documents after a reasonable search and inquiry.

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS sufficient to show any xAI presentations or DOCUMENTS provided by Defendant to You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set forth herein. OpenAI objects to this Request as unduly burdensome and not proportional to the needs of the case given that xAI has filed a separate lawsuit against OpenAI in this Court relating to xAI's allegations that Li misappropriated trade secrets. *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133. Party discovery in that case has not begun. In fact, xAI just served that complaint on OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the Initial Case Management Conference in that case is not scheduled until January 2026. xAI cannot short-circuit the process of party discovery in its separate litigation against OpenAI by serving premature third-party document requests on OpenAI here, particularly to the extent that the Request goes beyond xAI's narrow allegations concerning Defendant's alleged misappropriation in this litigation.

Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

1   OpenAI has conducted a reasonable and diligent search for non-privileged documents, if any, in its

2   possession, custody or control that reflect the disclosure of xAI presentations or xAI documents

3   provided to OpenAI by Defendant.  OpenAI has located no such documents after a reasonable

4   search and inquiry.

5   **REQUEST FOR PRODUCTION NO. 17:**

6   DOCUMENTS sufficient to identify all person(s) at OpenAI who received any xAI

7   presentations, xAI source code, xAI Confidential Information, or any other xAI information from

8   Defendant or from any other current or former xAI employee.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

10   OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

11   forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

12   needs of the case on the ground that it seeks information that is in the possession, custody, or

13   control of a party in this case, or is readily available to a party.  Any documents reflecting xAI

14   confidential information potentially misappropriated by Defendant are available to Defendant and

15   should be requested from and obtained from Defendant in the first instance if they are properly

16   discoverable.  OpenAI further objects to this Request as premature and unduly burdensome

17   because party discovery in this matter has only recently commenced, and the Request is thus likely

18   to duplicate requests that may be propounded in party discovery.  Third party discovery here

19   should await resolution of the appropriate scope of party discovery covering many of the same

20   documents.  That is especially so given that xAI has filed a separate lawsuit against OpenAI in this

21   Court relating to xAI's allegations that Li misappropriated trade secrets.  *See X.AI Corp. v.*

22   *OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that case has not begun.

23   In fact, xAI just served that complaint on OpenAI on September 29, OpenAI has moved to dismiss

24   that complaint, and the Initial Case Management Conference in that case is not scheduled until

25   January 2026.  xAI cannot short-circuit the process of party discovery in its separate litigation

26   against OpenAI by serving premature third-party document requests on OpenAI here, particularly

27   to the extent that the Request goes beyond xAI's narrow allegations concerning Defendant's

28   alleged misappropriation in this litigation.

1    OpenAI accordingly further objects to this Request as overly broad, unduly burdensome,

2  not proportional to the needs of the case, not reasonably limited in scope, and not seeking

3  information relevant to any issue in the case, including because it calls for the production of

4  documents related to the disclosure of xAI information by "any other current or former xAI

5  employee," without regard to whether the documents are likely to have any connection to the

6  claims or defenses at issue in this case (to the extent OpenAI can understand those claims and

7  defenses given the redaction of operative pleadings).  OpenAI understands that this suit pertains to

8  Defendant's alleged trade secret misappropriation.  But this Request is not tailored to any alleged

9  trade secret misappropriation by Defendant.  OpenAI will construe this request to be limited to

10 documents that reflect the disclosure of xAI information to OpenAI by Defendant.

11    Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

12 OpenAI has conducted a reasonable and diligent search for non-privileged documents, if any, in its

13 possession, custody or control that reflect the disclosure of xAI information to OpenAI by

14 Defendant.  OpenAI has located no such documents after a reasonable search and inquiry.

15

16 DATED:  October 2, 2025                    MUNGER, TOLLES & OLSON LLP

17

18                              By:    _/s/ Carolyn Hoecker Luedtke_
                                         CAROLYN HOECKER LUEDTKE
19                                       Attorneys for Non-Parties
                                         OpenAI Inc.,  OpenAI Global LLC, and OpenAI
20                                       OpCo LLC

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2        At the time of service, I was over 18 years of age and **not a party to this action**.  I am
employed in the County of San Francisco, State of California.  My business address is 560

3    Mission Street, Twenty-Seventh Floor, San Francisco, CA 94105-2907
.

4        On October 2, 2025, I served true copies of the following document(s) described as

5       •  **NON-PARTY OPENAI'S RESPONSES AND OBJECTIONS TO PLAINTIFF X.AI
     CORP.'S SUBPOENA**

6

7    on the interested parties in this action as follows:

| | |
|---|---|
| Kathi Vidal, Esq.<br>Matthew R. Mccullough, Esq.<br>Carson Swope, Esq.<br>WINSTON & STRAWN LLP<br>255 Shoreline Drive, Suite 520<br>Redwood City, CA 94065<br>Telephone: (650) 858-6500<br>Facsimile: (650) 858-6550<br>Email: kvidal@winston.com<br>     mrmccullough@winston.com<br>     cswope@winston.com<br><br>M. Brett Johnson, Esq.<br>WINSTON & STRAWN LLP<br>2121 N. Pearl St., 9th Floor<br>Dallas, TX 75201<br>Telephone: (214) 453-6500<br>Facsimile: (214) 453-6400<br>Email: mbjohnson@winston.com<br><br>Angela Marie S Machala, Esq.<br>Alexander H. Cote, Esq.<br>**WINSTON & STRAWN LLP**<br>333 S. Grand Avenue<br>Los Angeles, CA 90071-1543<br>Telephone: (213) 615-1700<br>Facsimile: (213) 615-1750<br>Email: amachala@winston.com<br>     acote@winston.com | *Attorneys for Plaintiffs X.AI Corp. and X.AI LLC* |

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

23        **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be
sent from e-mail address maria.gonzalez@mto.com to the persons at the e-mail addresses listed

24    above.

25        I declare under penalty of perjury that the foregoing is true and correct. Executed on
October 2, 2025 at San Francisco, California.

26

27                          _____
                  Maria M. Gonzalez

28

NON-PARTY OPENAI'S RESPONSE TO PLAINTIFF'S DOCUMENT SUBPOENA