KATHI VIDAL (State Bar No. 194971)
kvidal@winston.com
MATTHEW R. MCCULLOUGH (State Bar No. 301330)
mrmccullough@winston.com
CARSON SWOPE (State Bar No. 353352)
cswope@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

LEELLE B. SLIFER (*pro hac vice*)
lslifer@winston.com
JONATHAN HUNG (*pro hac vice*)
johung@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Attorneys for Plaintiffs X.AI CORP. and X.AI LLC

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| X.AI CORP. and X.AI LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>XUECHEN LI,<br><br>Defendant. | **Case No. 3:25-cv-07292-RFL**<br><br>**CIVIL L.R. 7-11 ADMINISTRATIVE MOTION TO FILE UNDER SEAL XAI'S REPLY TO THE ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Date: January 13, 2025<br>Time: 10:00 am<br>Judge: Honorable Rita F. Lin |

Pursuant to Civil Local Rules 7-11 and 79-5 of the United States District Court for the Northern District of California, Plaintiffs X.AI Corp. and X.AI LLC (collectively "Plaintiff" or "xAI") respectfully submit this Civil L.R. 7-11 Administrative Motion to File Under Seal xAI's Reply to the Order to Show Cause Why Preliminary Injunction Should Not Issue and exhibits thereto ("Administrative Motion to Seal"), and the unredacted version of Plaintiffs' December 16, 2025 xAI's Reply to the Order to Show Cause Why Preliminary Injunction Should Not Issue and exhibits thereto ("Documents Sought to Be Sealed") are included as exhibits to this Administrative Motion to Seal, and portions of the Reply for which sealing is sought are highlighted in yellow pursuant to Civil L.R. 79-5(e)(2).

**<u>LEGAL STANDARD</u>**

Plaintiffs are cognizant of Civil Local Rule 79-5 and the importance of public access to documents. While there is a common law right of public access to judicial proceedings, that right is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A party seeking to seal a judicial record may overcome the presumption in favor of access by "articulat[ing] justifications for sealing that outweigh the public policies favoring disclosure." *In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13-MD-2452, 2021 WL 873290, at *1 (S.D. Cal. Mar. 9, 2021) (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). The party seeking to seal must provide "a compelling reason" that outweighs the public interest in disclosure, such as the risk of court files becoming "'a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, ***or release trade secrets***." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598) (emphasis added); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Kamakana*, 447 F.3d 1172).

**<u>ARGUMENT</u>**

There are compelling reasons for the Court to grant Plaintiffs' very narrowly tailored request to partially seal Plaintiffs' Reply and to seal Exhibits 1-5, 7, and 12 and Appendix A to the [Proposed] Preliminary Injunction. xAI seeks to seal discrete portions of the Reply and the exhibits and appendix

concerning the specific known and possible locations of xAI trade secrets and confidential information to protect the integrity, security, and continued value of xAI's most sensitive trade secrets. The very nature of trade secret protection is predicated on the maintenance of secrecy. *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-CV-04050-MEJ, 2014 WL 6788310, at *22 (N.D. Cal. Dec. 2, 2014) (citing *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984)) ("Secrecy is an essential characteristic of information that is protectable as a trade secret."). Disclosure of the precise locations where xAI's confidential information is stored without authorization and appropriate protections, given the sensitive nature of the misappropriated material, would expose xAI confidential information to a heightened risk of further misappropriation, cyber intrusion, and other malicious acts attempting to disseminate or disclose xAI confidential information. *See Bartell Ranch LLC v. McCullough*, 570 F. Supp. 3d 945, 948 (D. Nev. 2021) (finding that the threat of third parties looting sites containing cultural resources was a compelling reason to redact the locations of certain excavation sites); McCullough Declaration ¶¶ 2–4. By revealing these locations, potential attackers would be equipped with actionable intelligence that would enable them to focus their efforts on particular storage locations, thereby increasing the likelihood and potential effectiveness of unauthorized access attempts. *Id*.

**CONCLUSION**

For the foregoing reasons, xAI respectfully requests that the Court grant this Administrative Motion to Seal and order that the portions of xAI's Reply to the Order to Show Cause Why Preliminary Injunction Should Not Issue, Exhibits 1-5, 7 and 12 of the McCullough Declaration, and Appendix A to the [Proposed] Preliminary Injunction be filed under seal according to xAI's requested narrowly tailored redactions.

Dated: December 16, 2025

**WINSTON & STRAWN LLP**

By: /s/ LeElle B. Slifer
KATHI VIDAL (State Bar No. 194971)
kvidal@winston.com
MATTHEW R. MCCULLOUGH (State Bar No. 301330)
mrmcullough@winston.com
CARSON SWOPE (State Bar No. 353352)
cswope@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

LEELLE B. SLIFER (*pro hac vice*)
lslifer@winston.com
JONATHAN HUNG (*pro hac vice*)
johung@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Attorneys for Plaintiffs X.AI CORP. and X.AI LLC

# CERTIFICATE OF SERVICE

Case No. **3:25-cv-07292-RFL**

I am employed in the County of San Mateo, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 255 Shoreline Drive, Suite 520, Redwood City, CA 94065.

On December 16, 2025, I served the following document(s) described as

**CIVIL L.R. 7-11 ADMINISTRATIVE MOTION TO FILE UNDER SEAL XAI'S REPLY TO THE ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

**DECLARATION OF MATTHEW R. MCCULLOUGH IN SUPPORT OF PLAINTIFFS' CIVIL L.R. 7-11 ADMINISTRATIVE MOTION TO FILE UNDER SEAL XAI'S REPLY TO THE ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND EXHIBITS THERETO; PROPOSED ORDER TO MOTION TO SEAL**

**XAI'S REPLY TO THE ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

**EXHIBITS 1-5, 7 AND 12**

**APPENDIX A TO [PROPOSED] PRELIMINARY INJUNCTION**

☑ BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through Winston & Strawn LLP's electronic mail system from LQuan@winston.com to the email addresses set forth below.

**Jessica Andrea Martinez Kaempf**
Fenwick & West LLP
401 Union Street, 5th Floor
Seattle, WA 98101
206-389-4550
Email: jkaempf@fenwick.com

**Christian E. Picone**
Berliner Cohen
Ten Almaden Boulevard
Eleventh Floor
San Jose, CA 95113-2233
408-286-5800
Fax: 408-998-5388
Email: christian.picone@berliner.com

**Angela Hoffman Shaw**
Berliner Cohen, LLP
10 Almaden Blvd., Ste. 1100
San Jose, CA 95113
(408) 286-5800
Fax: (408) 998-5388
Email: angela.shaw@berliner.com

**Benjamin Kingsley**
Fenwick and West
555 California Street
San Francisco, CA 94104
415-875-2025
Email: BKingsley@fenwick.com

**Attorneys for Defendant Xuechen Li**

Executed on December 16, 2025, at San Mateo, California.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws

of the United States of America that the foregoing is true and correct.

Liberty Quan