BENJAMIN S. KINGSLEY (CSB No. 314192)
bkingsley@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

JESSICA M. KAEMPF (WA Bar No. 51666)
jkaempf@fenwick.com
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA  98101
Telephone:    206.389.4510
Facsimile:    206.389.4511

CHRISTIAN E. PICONE (CSB 218275)
ANGELA SHAW (CSB 321726)
BERLINER COHEN, LLP
Ten Almaden Boulevard,
San Jose, California  95113-2233
Telephone:    408.286.5800
Facsimile:    408.998.5388
christian.picone@berliner.com
angela.shaw@berliner.com

Attorneys for Defendant
XUECHEN LI

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X.AI Corp., a Nevada corporation, and X.AI LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>XUECHEN LI,<br><br>Defendant. | Case No.: 3:25-cv-07292-RFL<br><br>**DEFENDANT XUECHEN LI'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUR-REPLY TO PLAINTIFFS' REPLY TO THE ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Courtroom: Courtroom 15<br>Judge: Honorable Rita F. Lin |

Pursuant to Civil Local Rules 7-11 and 79-5 of the United States District Court for the Northern District of California, Defendant Xuechen Li ("Dr. Li") respectfully submits this Administrative Motion to File a Sur-Reply (submitted as Exhibit A to the Declaration of Jessica M. Kaempf ("Kaempf Decl.")) to Plaintiffs' Reply to the Order to Show Cause Why Preliminary Injunction Should Not Issue ("Reply"). Plaintiffs did not respond to whether they opposed Defendant's filing the proposed sur-reply. (Kaempf Decl. ¶ 2.)

Courts in this District regularly grant leave to file sur-reply briefs where a movant's reply brief raises a new argument or presents new evidence. *See, e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[w]here new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond) (alterations in original) (citation omitted); *In re PersonalWeb Techs., LLC*, No. 18-MD-02834-BLF, 2019 WL 1975432, at *1 (N.D. Cal. Feb. 6, 2019) (granting leave to file sur-reply where reply "presented evidence regarding the relevance" of an agreement at issue); *CoStar Realty Info., Inc. v. Mod. Font Applications LLC*, No. 21-CV-07521-VC, 2022 WL 946346, at *1 (N.D. Cal. Mar. 23, 2022) (granting leave to file sur-reply where the "sur-reply responds to a new point raised for the first time in [the] reply brief that could have been made in the opening brief"); *Illumina Inc. v. BGI Genomics Co.*, No. 20-CV-01465-WHO, 2021 WL 428632, at *2 n.1 (N.D. Cal. Feb. 8, 2021) (granting leave to file sur-reply to where the reply brief raised "a number of issues not included in its original motion" and the "proposed sur-reply, which clarifies [issues raised] is appropriate"). That is because fairness requires an opportunity to respond to any argument or evidence presented to the Court. A court may consider such new argument or evidence "only if the adverse party is given an opportunity to respond." *In re PersonalWeb*, 2019 WL 1975432, at *1 (quoting *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014)).

Here, Plaintiffs' reply brief introduces new arguments and evidence to which Dr. Li had no prior opportunity to respond. Specifically, Plaintiffs now propose enjoining Dr. Li from using scores of additional materials that were not identified in its original Motion. (Dkt. 8.) The additional materials, which Plaintiffs list in Appendix A of its Proposed Preliminary Injunction filed with the Reply (Dkts. 76-14, 76-15), include Dr. Li's own personal work, thoughts, and

information, as well as publicly available research related to artificial intelligence—materials that are indisputably not xAI's trade secret or confidential information. (*Id*.) Plaintiffs also raise new arguments concerning adverse inferences against Dr. Li, and identify new accounts and documents as purported support for their request for an injunction. (*See, e.g.*, Reply at 5-6, 10-12, 15.) Additionally, Plaintiffs rely on a new forensics report that was not produced until December 4, 2025—*after* Dr. Li filed his opposition. (Dkt. No. 76-6.)

Because these new arguments and evidence were not presented in Plaintiffs' original motion (Dkt. No. 8), they were not addressed in Dr. Li's opposition (Dkt. 69), and Dr. Li thus seeks leave to file a sur-reply to address these issues. Fair consideration of xAI's newly proposed injunction requires allowing Dr. Li to address the new arguments and evidence, including to demonstrate that materials listed in Appendix A are personal and public in nature, that adverse inferences are unwarranted, and that xAI is not entitled to an injunction covering the expansive list of information newly identified in its Reply. *See, e.g.*, *Illumina*, 2021 WL 428632, at *2 n.1. It would be unjust and prejudicial if Dr. Li were not permitted to address such new issues.

For the foregoing reasons, Dr. Li respectfully objects to Plaintiffs' reply and the Court to grant this Administrative Motion

Dated:   December 23, 2025             FENWICK & WEST LLP


                                       By: */s/ Jessica M. Kaempf*
                                          Jessica M. Kaempf
                                          jkaempf@fenwick.com

                                          Attorneys for Defendant
                                          XUECHEN LI