1  KATHI VIDAL (State Bar No. 194971)
   kvidal@winston.com
2  MATTHEW R. MCCULLOUGH (State Bar No. 301330)
   mrmccullough@winston.com
3  CARSON SWOPE (State Bar No. 353352)
   cswope@winston.com
4  **WINSTON & STRAWN LLP**
   255 Shoreline Drive, Suite 520
5  Redwood City, CA 94065
   Telephone: (650) 858-6500
6  Facsimile: (650) 858-6550

7  LEELLE B. SLIFER (admitted *pro hac vice*)
   lslifer@winston.com
8  JONATHAN HUNG (admitted *pro hac vice*)
   johung@winston.com
9  **WINSTON & STRAWN LLP**
   2121 N. Pearl Street, Suite 900
10 Dallas, TX 75201
   Telephone: (214) 453-6500
11 Facsimile: (214) 453-6400

12 Attorneys for Plaintiffs X.AI Corp. and X.AI LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X.AI Corp. and X.AI LLC,<br><br>        Plaintiffs,<br><br>  v.<br><br>XUECHEN LI,<br><br>        Defendant. | **Case No. 3:25-cv-07292-RFL**<br><br>**STIPULATION AND [PROPOSED] ORDER ISSUING PRELIMINARY INJUNCTION** |

Plaintiffs X.AI Corp. and X.AI LLC ("Plaintiffs") and Defendant Xuechen Li ("Defendant," and together with Plaintiffs, the "Parties") hereby, through their undersigned counsel, stipulate as follows:

WHEREAS, on September 2, 2025, the Court entered an Order Granting Plaintiffs' Motion for Temporary Restraining Order ("TRO") and Permitting Expedited Discovery as Modified (Dkt. 20);

WHEREAS, Li provided certain devices and accounts to xAI for forensic examination pursuant to the TRO and the requests made by xAI;

WHEREAS, xAI conducted forensic examinations on certain devices and accounts provided;

WHEREAS, the Parties acknowledge and agree that the fact that the parties have stipulated to this Preliminary Injunction shall not be relied upon by any party to seek or oppose discovery, or to seek or oppose a stay of discovery, in this or any other litigation;

WHEREAS, the Parties enter into this stipulation based on the facts presently known to them at this stage of the litigation and in the interest of conserving both Party and Court resources, and further acknowledge that nothing herein is intended to limit or restrict any additional relief that any Party may seek from the Court, including any request to modify the Preliminary Injunction;

WHEREAS, the Parties enter into this stipulation without prejudice to their respective positions, and agree that this stipulation and the entry of the injunction shall not be construed as a concession, admission, or agreement by any party as to any fact, the merits of any claim or defense, the likelihood of success on the merits, the existence of irreparable harm, or any other issue in dispute in this action;

WHEREAS, the Parties expressly reserve all rights, arguments, and defenses available to them in connection with the claims and defenses asserted in these proceedings.

**IT IS THEREFORE STIPULATED AND AGREED**, by and between the Parties hereto, and subject to the approval of the Court, that, until the earlier of (1) a modification of this Order or (2) the entry of a final judgment in this action ("Preliminary Injunction Period"), Li, his agents, employees, partners, and any others acting in concert with him or on his behalf, shall be enjoined from possessing, using, copying, reproducing, disclosing, transferring (including to a third party), disseminating, or

otherwise exploiting the three files identified in sealed Exhibit A, and any copies thereof, or derivatives or materials created from such files.[1]

For the avoidance of doubt, the foregoing restraints shall not apply to:

(1) any information that is generally known in the trade or industry through means and sources completely independent of Li,

(2) any information that was lawfully made public, and

(3) any information that is not owned by xAI, including Li's Prior Inventions (as defined in the Agreement (Dkt. 8-5)).

The Parties further agree to engage in an analysis of the remaining files listed in sealed Appendix A to xAI's Reply (Dkt. 73) ("Disputed Files") to determine whether such files constitute xAI's protectable information and are relevant to any of xAI's claims, and determine appropriate relief, if any, for such files pursuant to the below process:

- This procedure would apply to the Disputed Files, which counsel for xAI will provide to counsel for Li by January 16, 2026.
- Li can review the Disputed Files under the supervision of counsel who have appeared on his behalf in this case (i.e., Fenwick and/or Berliner). No persons other than Li, counsel from Fenwick/Berliner (and employees of counsel), and any expert approved by xAI (including Mr. Plainfield) may participate in the review of the Disputed Files. Li may not have any electronic devices on his person when reviewing Disputed Files, and may not take any notes. The Disputed Files can only be stored on a computer controlled by counsel from Fenwick/Berliner or Mr. Plainfield, who can show or display the Disputed Files to Li. The computer used to review the Disputed Files shall be disconnected from the Internet during Li's review.
- Li will identify any of the Disputed Files, or any portion thereof, that he contends should be excluded from the scope of a preliminary injunction because they contain (1) purely personal information; (2) information that is generally known in the trade or industry, or was otherwise

---

[1] The Parties agree that the foregoing does not preclude use for purposes of litigating this Action.

lawfully made public, through means and sources completely independent of Li; (3) Li's Prior Inventions; or (4) any other reason the information should not be subject to restrictions to not possess, use, copy, reproduce, disclose, transfer, disseminate or otherwise exploit such document or the portion thereof.  Li must identify the basis of his identification for each designated portion of any Disputed File. Li may not designate an entire document, unless he contends the entire document is not protectable as xAI information or specifies the portion(s) he will agree to not possess, use, copy, reproduce, disclose, transfer, disseminate or otherwise exploit.

- Li may, if appropriate, designate information identified by him as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 60)[2].

- Li will provide his identifications by February 6, 2026.  For any document for which no portion is identified by Li, Li will agree to not possess, use, copy, reproduce, disclose, transfer, disseminate or otherwise exploit such document, and for any documents for which any portion is identified by Li, Li will agree to not possess, use, copy, reproduce, disclose, transfer, disseminate or otherwise exploit any portion of the document not identified by Li.

- For any document (or portion thereof) Li identifies, xAI shall have until February 20, 2026 to review and determine whether to dispute Li's identification.  For any document (or portion thereof) Li identifies designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 60), outside counsel from Winston (and employees of such counsel), Designated In-House Counsel under Section 7.3(b), and any outside expert approved by Li may review to determine whether such information is xAI's protectable information and is relevant to any of xAI's claim.  Only if such persons cannot make the determination, then xAI may, as appropriate and necessary, designate up to three additional employees with non-duplicative relevant knowledge (notwithstanding paragraph 7.3 of the Protective Order, Dkt. 60) to review such information to determine whether such information is xAI's protectable

---

[2] Given that the Disputed Files were obtained from Li's personal devices and accounts, Li has already provisionally designated the files as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pending further review by the Parties.

information and is relevant to any of xAI's claims ("Additional Reviewer(s)").[3] For any Additional Reviewer(s), prior to their review of any information, xAI shall identify the person(s) in writing to Li, along with the specific document (or portion thereof) the person will review, a description of their role, general relevant knowledge, and any other relevant information sufficient for Li and his counsel to evaluate whether to object to their review of any information; Li and his counsel shall have up to three business days following xAI's disclosure to object to any disclosure of any information to that person. Only if Li does not oppose (or if the Court approves, after hearing any dispute), may any Additional Reviewer(s) review of any information. The parties agree that any violation of the above confidentiality restrictions shall have the same effect of, and be subject to the same penalties for violations of, those provided in the Protective Order, Dkt. 60.

- If the parties are unable to resolve any disputes, they shall brief the dispute in accordance with the procedures and burdens applicable to objecting to disclosure to an Expert in paragraph 7.4(c) of the Protective Order (Dkt. 60). No persons other than those authorized under the Protective Order, and any Additional Reviewer(s) approved pursuant to the process above, may participate in the review of the Disputed Files. Any Additional Reviewer(s) from xAI reviewing the Disputed Files may not have any electronic devices on his or her person when reviewing Disputed Files, and may not take any notes. The Disputed Files can only be stored on a computer controlled by counsel from Winston, who can show or display the Disputed Files to the Additional Reviewer(s) from xAI. The computer used to review the Disputed Files shall be disconnected from the Internet during review by the Additional Reviewer(s) from xAI.

- After February 20, 2026: Any information identified by Li and not disputed by xAI will no longer be subject to any restriction as to Li, and may be freely shared with Li and used by Li without restriction. If there are any disputes, the parties will meet and confer by February 27. If disputes remain after the meet and confer, xAI shall file a brief of up to 10 pages addressing why Li should be restricted from possessing, using, copying, reproducing, disclosing, transferring, disseminating

---

[3] For clarity, xAI may separately designate up to three employees for each separate document or portion thereof identified by Li.

or otherwise exploiting such document or the portion thereof by March 13.  Li shall file any opposition of up to 10 pages by March 27.  xAI shall file any reply of up to 5 pages by April 10.

xAI submits there is good cause for the specific files names in Exhibit A to remain under seal, as knowledge of the specific file names could permit hackers or other bad actors to attempt to target accessing those files through one or more online storage repositories, which risks disclosure of potentially confidential information.  *See* Declaration of M. McCullough ¶¶ 2–3.  Li does not oppose maintaining Exhibit A under seal.

Dated: January 13, 2026            **WINSTON & STRAWN LLP**

By: */s/ LeElle B. Slifer*
Kathi Vidal
LeElle B. Slifer
Matthew R. McCullough
Carson Swope
Jonathan Hung

Attorneys for Plaintiffs X.AI Corp. and X.AI LLC

Dated: January 13, 2026            **FENWICK & WEST LLP**

By: */s/ Jessica M. Kaempf*
Benjamin S. Kingsley
Jessica M. Kaempf
Christian Picone
Angela Shaw

Attorneys for Defendant Xuechen Li

### CIVIL LOCAL RULE 5-1(i) ATTESTATION

Pursuant to Local Rule 5-1(i)(3), the undersigned attests that concurrence of the foregoing document was obtained from all of its signatories.

*/s/ LeElle B. Slifer*

**ORDER**

IT IS HEREBY ORDERED that, until the earlier of (1) a modification of this Order or (2) the entry of a final judgment in this action, Li, his agents, employees, partners, and any others acting in concert with him or on his behalf, shall be enjoined from: possessing, using, copying, reproducing, disclosing, transferring (including to a third party), disseminating, or otherwise exploiting the three files identified in sealed Exhibit A, and any copies thereof, or derivatives or materials created from such files.[4]

For the avoidance of doubt, the foregoing restraints shall not apply to:

(1) any information that is generally known in the trade or industry through means and sources completely independent of Li,

(2) any information that was lawfully made public, and

(3) any information that is not owned by xAI, including Li's Prior Inventions (as defined in the Agreement (Dkt. 8-5)).

IT IS HEREBY FURTHER ORDERED that the Parties engage in the analysis of the remaining files listed in sealed Appendix A to xAI's Reply (Dkt. 73) ("Disputed Files") to determine whether such files constitute xAI's protectable information and are relevant to any of xAI's claims, and determine appropriate relief, if any, for such files pursuant to the above stipulated process.

**IT IS SO ORDERED**.

DATED: JANUARY 14, 2026

_____
HON. RITA F. LIN
UNITED STATES DISTRICT JUDGE

---

[4] The Parties agree that the foregoing does not preclude use for purposes of litigating this Action.

# EXHIBIT A
# FILED UNDER SEAL