# EXHIBIT D

CAROLYN HOECKER LUEDTKE (SBN 207976)
Carolyn.Luedtke@mto.com
DANE P. SHIKMAN (SBN 313656)
Dane.Shikman@mto.com
GABRIEL M. BRONSHTEYN (SBN 338011)
Gabriel.Bronshteyn@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

JONATHAN I. KRAVIS (admitted *pro hac vice*)
jonathan.kravis@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW, Suite 500E
Washington, D.C. 20001-5369
Telephone:    (202) 220-1100
Facsimile:    (202) 220-2300

Attorneys for Non-Parties,
OpenAI Inc., OpenAI Global LLC, and OpenAI OpCo LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X.AI CORP., et al.,<br><br>          Plaintiffs,<br><br>    vs.<br><br>XUECHEN LI,<br><br>          Defendant. | Case No. 25-cv-07292-RFL<br><br>**NON-PARTY OPENAI'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF X.AI CORP.'S SUBPOENA** |

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, non-parties OpenAI Inc., OpenAI Global LLC, and OpenAI OpCo LLC hereby object and respond to the subpoena served by Plaintiff X.AI Corp. ("xAI"), dated September 18, 2025 (the "Subpoena"), as follows:

## **PREFATORY STATEMENT**

1.      OpenAI OpCo LLC is the only non-party named in the instant subpoena with custody or control over any documents or information requested by the subpoena. To the extent that the requests in this Subpoena are directed to OpenAI Inc. and OpenAI Global LLC, OpenAI Inc. and OpenAI Global LLC respond that they do not possess any relevant information and object globally on that basis. All subsequent responses and objections are on behalf of OpenAI OpCo LLC ("OpenAI").

2.      OpenAI is not a party to this litigation.

3.      OpenAI's investigation in response to the Subpoena is continuing and ongoing. OpenAI's objections and responses are based on OpenAI's current knowledge, understanding, and belief as to the information and documents reasonably available to OpenAI in the ordinary course of its business as of the date of these responses. In submitting these objections and responses (the "Responses"), OpenAI reserves all rights, including the right to supplement or modify these Responses if additional information becomes available; the right to redact personal, private, or sensitive non-responsive information, or information which it is contractually obligated not to disclose; and the right to seek recoupment of costs from xAI.

4.      In submitting these Responses, OpenAI does not waive any privilege or objection that may be applicable to: (a) the use, for any purpose, by xAI of any information or documents sought by xAI or provided in response to a Request for Production ("Request"); (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case; or (c) any demand for further responses involving or relating to the subject matter of any of the Requests.

5.      To the extent the Requests seek to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and any discovery or standing orders governing or soon to be

1    governing this case, they are improper.

2        6.    To the extent the Requests seek sensitive, confidential, or internal OpenAI business

3    information, they are improper. Should OpenAI produce documents in response to the Requests,

4    there will need to be a Protective Order that protects OpenAI's and other parties' commercially

5    sensitive or personal information. OpenAI has not been informed that any such Protective Order

6    exists and none was served on OpenAI with the subpoena.

7        **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

8        1.    OpenAI's responses, regardless of whether they include a specific objection, do not

9    constitute an adoption or acceptance of the definitions and instructions that xAI seeks to impose.

10        2.    OpenAI objects to the defined terms "You" and "OpenAI" and to each and every

11    Request containing those terms, on the ground that they are vague, ambiguous, overly broad,

12    unduly burdensome, and not proportional to the needs of this case to the extent that these terms

13    purport to include any entity or individual other than OpenAI. OpenAI will interpret these terms

14    to refer only to OpenAI itself as a corporate entity.

15        3.    OpenAI objects to the defined term "Defendant" and to each and every Request

16    containing that term on the ground that it is vague, ambiguous, and overly broad to the extent that

17    this term includes unenumerated "representatives, employees, attorneys, or any other persons or

18    entities acting in concert with Defendant or acting or purporting to act on Defendant's behalf or at

19    Defendant's direction." OpenAI will interpret this term to refer to the individual Xuechen Li.

20        4.    OpenAI objects to the defined term "xAI Confidential Information" and to each and

21    every Request containing that term on the ground that it is vague, ambiguous, and overly broad.

22    OpenAI was not a party to the agreement in which this term appears and lacks knowledge of its

23    intended meaning. OpenAI will construe this term to refer to information that OpenAI can

24    ascertain is confidential or proprietary information that belongs to or originated from xAI.

25        5.    OpenAI objects to the defined terms "Document" and "Communication" and to

26    each and every Request containing those terms, as overly broad, unduly burdensome, and not

27    proportional to the needs of this case. OpenAI will interpret these terms consistent with the

28    Federal Rules of Civil Procedure to mean those Document(s), Electronically Stored Information,

1   and Communication(s) that can be identified after a reasonably diligent search and that can be

2   produced or retrieved without undue burden or cost.

3        6.       OpenAI objects to each and every Request, definition, and instruction to the extent

4   that it seeks any confidential, proprietary, or trade secret information, or any other information or

5   documents that OpenAI is not permitted to disclose pursuant to confidentiality or other legal

6   obligations to third parties.  OpenAI will not produce such documents or information, if at all,

7   until entry of an appropriate and mutually agreeable protective order.

8        7.       OpenAI objects to the instructions and each and every Request to the extent it seeks

9   discovery of documents or electronically stored information from sources that are not reasonably

10  accessible in light of the burdens or costs required to locate, restore, review and produce whatever

11  responsive information may be found.  To the extent that any Request requires the identification or

12  production of email currently in electronic form, or any other electronic communications or

13  electronically stored information, and OpenAI agrees to conduct a search of media reasonably

14  likely to contain the same, OpenAI will search readily accessible email or other electronic media

15  in relation to individual custodians or other sources likely to have responsive documents.  OpenAI

16  will not search emails that are inaccessible or that are overly burdensome to restore and/or search,

17  or other media containing electronically stored information that are inaccessible or unduly

18  burdensome to search.

19  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

20  **REQUEST FOR PRODUCTION NO. 1:**

21       All COMMUNICATIONS between You and Defendant.

22  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

23       OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

24  forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

25  needs of the case on the ground that it seeks information that is in the possession, custody, or

26  control of a party in this case, or is readily available to a party.  All communications between

27  OpenAI and Defendant are available to Defendant and should be requested from and obtained

28  from Defendant in the first instance if they are properly discoverable.  OpenAI further objects to

1    this Request as premature and unduly burdensome because party discovery in this matter has only

2    recently commenced, and the Request is thus likely to duplicate requests that may be propounded

3    in party discovery.  Third party discovery here should await resolution of the appropriate scope of

4    party discovery covering many of the same documents.  That is especially so given that xAI has

5    filed a separate lawsuit against OpenAI in this Court relating to xAI's allegations that Li

6    misappropriated trade secrets.  *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-

7    08133.  Party discovery in that case has not begun.  In fact, xAI just served that complaint on

8    OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the Initial Case

9    Management Conference in that case is not scheduled until January 2026.  xAI cannot short-circuit

10   the process of party discovery in its separate litigation against OpenAI by serving premature third-

11   party document requests on OpenAI here, particularly to the extent that the Request goes beyond

12   xAI's narrow allegations concerning Defendant's alleged misappropriation in this litigation.

13        OpenAI accordingly further objects to this Request as overly broad, unduly burdensome,

14   not proportional to the needs of the case, not reasonably limited in scope, and not seeking

15   information relevant to any issue in the case, including because it calls for the production of "all"

16   communications between OpenAI and Defendant, without regard to whether the documents are

17   likely to have any connection to the claims or defenses at issue in this case (to the extent OpenAI

18   can understand those claims and defenses given the redaction of operative pleadings).  OpenAI

19   understands that this suit pertains to Defendant's alleged trade secret misappropriation.  This

20   Request is not tailored to any alleged trade secret misappropriation.

21        Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

22   pursuant to the parties' agreement after meeting and conferring, OpenAI will perform a reasonable

23   and diligent search for documents in its possession, custody, or control reflecting any

24   communications between OpenAI and Defendant in 2025, excluding communications exclusively

25   pertaining to processing Defendant's immigration paperwork, unless those communications

26   otherwise relating to immigration mention or relate to xAI or xAI Confidential Information.

27   OpenAI agrees to produce all responsive, non-privileged documents identified by that search, to

28   the extent they exist, upon entry of a mutually agreeable protective order.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS related to any meetings between You and Defendant, including documents shared with You by Defendant.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the needs of the case on the ground that it seeks information that is in the possession, custody, or control of a party in this case, or is readily available to a party.  Any documents potentially shared by Defendant with OpenAI are available to Defendant and should be requested from and obtained from Defendant in the first instance if they are properly discoverable.  OpenAI further objects to this Request as premature and unduly burdensome because party discovery in this matter has only recently commenced, and the Request is thus likely to duplicate requests that may be propounded in party discovery.  Third party discovery here should await resolution of the appropriate scope of party discovery covering many of the same documents.  That is especially so given that xAI has filed a separate lawsuit against OpenAI in this Court relating to xAI's allegations that Li misappropriated trade secrets. *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that case has not begun.  In fact, xAI just served that complaint on OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the Initial Case Management Conference in that case is not scheduled until January 2026.  xAI cannot short-circuit the process of party discovery in its separate litigation against OpenAI by serving premature third-party document requests on OpenAI here, particularly to the extent that the Request goes beyond xAI's narrow allegations concerning Defendant's alleged misappropriation in this litigation.

OpenAI accordingly further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, not reasonably limited in scope, and not seeking information relevant to any issue in the case, including because it calls for the production of "all" documents and communications related to "any" meetings between OpenAI and Defendant, and all documents shared by Defendant, without regard to whether the documents are likely to have any connection to the claims or defenses at issue in this case (to the extent OpenAI can understand

1  those claims and defenses given the redaction of operative pleadings).  OpenAI understands that

2  this suit pertains to Defendant's alleged trade secret misappropriation.  But this Request is not

3  tailored to any alleged trade secret misappropriation.  For examples, internal OpenAI recruiting

4  documents and communications that relate to Defendant's interview process but do not reflect the

5  actual or potential disclosure of xAI information by Defendant are irrelevant.

6       Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

7  pursuant to the parties' agreement after meeting and conferring, OpenAI agrees to produce non-

8  privileged documents in its possession, custody, and control sufficient to identify all meetings

9  between OpenAI and Defendant in 2025 upon entry of a mutually agreeable protective order.  In

10 addition, pursuant to the parties' agreement, OpenAI will perform a reasonable and diligent search

11 for documents in its possession, custody, or control provided by Defendant to OpenAI in 2025,

12 excluding documents exclusively pertaining to processing Defendant's immigration paperwork,

13 unless those documents otherwise relating to immigration mention or relate to xAI or xAI

14 Confidential Information.  OpenAI agrees to produce all responsive, non-privileged documents

15 identified by that search, to the extent they exist, upon entry of a mutually agreeable protective

16 order.

17 **REQUEST FOR PRODUCTION NO. 3:**

18      All DOCUMENTS and COMMUNICATIONS related to any offer of employment by You

19 to Defendant, including without limitation descriptions of Defendant's intended job

20 responsibilities.

21 **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

22      OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

23 forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

24 needs of the case on the ground that it seeks information that is in the possession, custody, or

25 control of a party in this case, or is readily available to a party.  All communications between

26 OpenAI and Defendant including any offer of employment are available to Defendant and should

27 be requested from and obtained from Defendant in the first instance if they are properly

28 discoverable.  OpenAI further objects to this Request as premature and unduly burdensome

1  because party discovery in this matter has only recently commenced, and the Request is thus likely

2  to duplicate requests that may be propounded in party discovery.  Third party discovery here

3  should await resolution of the appropriate scope of party discovery covering many of the same

4  documents.  That is especially so given that xAI has filed a separate lawsuit against OpenAI in this

5  Court relating to xAI's allegations that Li misappropriated trade secrets.  *See X.AI Corp. v.*

6  *OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that case has not begun.

7  In fact, xAI just served that complaint on OpenAI on September 29, OpenAI has moved to dismiss

8  that complaint, and the Initial Case Management Conference in that case is not scheduled until

9  January 2026.  xAI cannot short-circuit the process of party discovery in its separate litigation

10  against OpenAI by serving premature third-party document requests on OpenAI here, particularly

11  to the extent that the Request goes beyond xAI's narrow allegations concerning Defendant's

12  alleged misappropriation in this litigation.

13          OpenAI further objects to this Request as overly broad, unduly burdensome, not

14  proportional to the needs of the case, not reasonably limited in scope, and not seeking information

15  relevant to any issue in the case, including because it calls for the production of "all" documents

16  and communications "related" to any offer of employment, without regard to whether the

17  documents are likely to have any connection to the claims or defenses at issue in this case (to the

18  extent OpenAI can understand those claims and defenses given the redaction of operative

19  pleadings).  OpenAI understands that this suit pertains to Defendant's alleged trade secret

20  misappropriation.  But this Request is not tailored to any alleged trade secret misappropriation.

21  OpenAI will construe this request to be limited to documents sufficient to show OpenAI's offer of

22  employment to Defendant.

23          Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

24  OpenAI will produce documents sufficient to show OpenAI's 2025 offer of employment to

25  Defendant upon entry of a mutually agreeable protective order.

26

27  **REQUEST FOR PRODUCTION NO. 4:**

28          All DOCUMENTS and COMMUNICATIONS related to Your internal review and

1  decision-making process about whether to hire Defendant, including without limitation internal

2  memoranda, recruitment notes, Defendant's job application, notes or correspondence regarding a

3  review of Defendant's background and/or concerns, risks, or questions related to hiring Defendant.

4  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

5       OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

6  forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

7  needs of the case on the ground that it seeks information that is in the possession, custody, or

8  control of a party in this case, or is readily available to a party to the extent that it requests

9  Defendant's job application.  Communications between Defendant and OpenAI about Defendant's

10 candidacy are available to Defendant and should be requested from and obtained from Defendant

11 in the first instance if they are properly discoverable.  OpenAI further objects to this Request as

12 premature and unduly burdensome because party discovery in this matter has only recently

13 commenced, and the Request is thus likely to duplicate requests that may be propounded in party

14 discovery.  Third party discovery here should await resolution of the appropriate scope of party

15 discovery covering many of the same documents.  That is especially so given that xAI has filed a

16 separate lawsuit against OpenAI in this Court relating to xAI's allegations that Li misappropriated

17 trade secrets.  *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133.  Party

18 discovery in that case has not begun.  In fact, xAI just served that complaint on OpenAI on

19 September 29, OpenAI has moved to dismiss that complaint, and the Initial Case Management

20 Conference in that case is not scheduled until January 2026.  xAI cannot short-circuit the process

21 of party discovery in its separate litigation against OpenAI by serving premature third-party

22 document requests on OpenAI here, particularly to the extent that the Request goes beyond xAI's

23 narrow allegations concerning Defendant's alleged misappropriation in this litigation.

24       OpenAI accordingly further objects to this Request to the extent that it seeks documents

25 that are protected from disclosure by the attorney-client privilege, the attorney work product

26 doctrine, or any other applicable privilege.  OpenAI also objects to this Request as seeking

27 confidential commercial and trade secret information without substantial need.  OpenAI further

28 objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the

1    case, not reasonably limited in scope, and not seeking information relevant to any issue in the

2    case, including because it calls for the production of "all" documents and communications related

3    to "*internal* review and decision-making" by OpenAI, without regard to whether the documents

4    are likely to have any connection to the claims or defenses at issue in this case (to the extent

5    OpenAI can understand those claims and defenses given the redaction of operative pleadings).

6    OpenAI understands that this suit pertains to Defendant's alleged trade secret misappropriation.

7    But this Request is not tailored to any alleged trade secret misappropriation.  Documents reflecting

8    OpenAI's internal decision-making regarding recruiting that do not reflect actual or anticipated

9    disclosure of xAI information by Defendant are irrelevant.  OpenAI will construe this request to be

10   limited to documents that reflect the disclosure of xAI information to OpenAI by Defendant or any

11   request by OpenAI for Defendant to disclose xAI information.

12         Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

13   OpenAI has conducted a reasonable and diligent search for non-privileged documents, if any, in its

14   possession, custody or control that reflect (i) the disclosure of xAI information to OpenAI by

15   Defendant, and/or (ii) any request by OpenAI for Defendant to disclose xAI information.  OpenAI

16   has located no such documents after a reasonable search and inquiry.

17   **REQUEST FOR PRODUCTION NO. 5:**

18         All DOCUMENTS and COMMUNICATIONS related to Your onboarding, orientation,

19   and/or intended or actual training of Defendant.

20   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

21         OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

22   forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

23   needs of the case on the ground that it seeks information that is in the possession, custody, or

24   control of a party in this case, or is readily available to a party.  All communications between

25   OpenAI and Defendant including any communications to Defendant regarding Defendant's

26   onboarding are available to Defendant and should be requested from and obtained from Defendant

27   in the first instance if they are properly discoverable.  OpenAI further objects to this Request as

28   premature and unduly burdensome because party discovery in this matter has only recently

commenced, and the Request is thus likely to duplicate requests that may be propounded in party discovery. Third party discovery here should await resolution of the appropriate scope of party discovery covering many of the same documents. That is especially so given that xAI has filed a separate lawsuit against OpenAI in this Court relating to xAI's allegations that Li misappropriated trade secrets. *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133. Party discovery in that case has not begun. In fact, xAI just served that complaint on OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the Initial Case Management Conference in that case is not scheduled until January 2026. xAI cannot short-circuit the process of party discovery in its separate litigation against OpenAI by serving premature third-party document requests on OpenAI here, particularly to the extent that the Request goes beyond xAI's narrow allegations concerning Defendant's alleged misappropriation in this litigation.

OpenAI also objects to this Request as seeking confidential commercial and trade secret information without substantial need. OpenAI further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, not reasonably limited in scope, and not seeking information relevant to any issue in the case, including because it calls for the production of "all" documents and communications regarding Defendant's onboarding or anticipated training, without regard to whether the documents are likely to have any connection to the claims or defenses at issue in this case (to the extent OpenAI can understand those claims and defenses given the redaction of operative pleadings). OpenAI understands that this suit pertains to Defendant's alleged trade secret misappropriation. But this Request is not tailored to any alleged trade secret misappropriation. Internal OpenAI documents related to onboarding that do not reflect the actual or anticipated disclosure of xAI information by Defendant are irrelevant. OpenAI will construe this request to be limited to documents that reflect the disclosure of xAI information to OpenAI by Defendant or any request by OpenAI for Defendant to disclose xAI information.

Subject to, and without waiving the foregoing objections, OpenAI responds as follows: OpenAI has conducted a reasonable and diligent search for non-privileged documents, if any, in its possession, custody or control that reflect (i) the disclosure of xAI information to OpenAI by

Defendant, and/or (ii) any request by OpenAI for Defendant to disclose xAI information.  OpenAI has located no such documents after a reasonable search and inquiry.  OpenAI further responds that no onboarding, orientation, or training of Defendant by OpenAI occurred, and accordingly OpenAI has not located any documents reflecting OpenAI's onboarding, orientation, or training of Defendant after a reasonable and diligent inquiry.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS related to Your soliciting, inducing, or encouraging Defendant or any xAI employee, consultant, or independent contractor (including without limitation Uday Ruddarraju, Mike Dalton, Hieu Pham, Ethan Knight, Jimmy Fraiture, and Mike Liberatore) to terminate his or her relationship with xAI or to consider joining OpenAI.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set forth herein.

OpenAI objects to this Request as unduly burdensome and not proportional to the needs of the case given that xAI has filed a separate lawsuit against OpenAI in this Court relating to xAI's allegations that Li misappropriated trade secrets.  *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that case has not begun.  In fact, xAI just served that complaint on OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the Initial Case Management Conference in that case is not scheduled until January 2026.  xAI cannot short-circuit the process of party discovery in its separate litigation against OpenAI by serving premature third-party document requests on OpenAI here, particularly to the extent that the Request goes beyond xAI's narrow allegations concerning Defendant's alleged misappropriation in this litigation.

OpenAI further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  OpenAI also objects to this Request as seeking confidential commercial and trade secret information without substantial need.  OpenAI further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, not

1    reasonably limited in scope, and not seeking information relevant to any issue in the case,

2    including because it calls for the production of "all" documents and communications related to

3    OpenAI's hiring of xAI employees other than Defendant, without regard to whether the documents

4    are likely to have any connection to the claims or defenses at issue in this case (to the extent

5    OpenAI can understand those claims and defenses given the redaction of operative pleadings).

6    OpenAI understands that this suit pertains to Defendant's alleged trade secret misappropriation.

7    But this Request is not tailored to any alleged trade secret misappropriation.  Documents relating

8    to hiring xAI employees other than Defendant are plainly irrelevant and as noted in response to

9    other requests, documents related to hiring Defendant that have no intersection to taking

10   confidential xAI information are also irrelevant.

11           Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

12   pursuant to the parties' agreement after meeting and conferring, OpenAI will perform a reasonable

13   and diligent search for documents in its possession, custody, or control reflecting any

14   communications between OpenAI and Defendant in 2025, excluding communications exclusively

15   pertaining to processing Defendant's immigration paperwork, unless those communications

16   otherwise relating to immigration mention or relate to xAI or xAI Confidential Information.

17   OpenAI agrees to produce all responsive, non-privileged documents identified by that search, to

18   the extent they exist, upon entry of a mutually agreeable protective order.

19   **REQUEST FOR PRODUCTION NO. 7:**

20           All DOCUMENTS and COMMUNICATIONS related to Defendant soliciting, inducing,

21   or encouraging any xAI employee, consultant, or independent contractor, including without

22   limitation Uday Ruddarraju, Mike Dalton, Hieu Pham, Ethan Knight, Jimmy Fraiture, and Mike

23   Liberatore, to terminate his or her relationship with xAI or to consider joining OpenAI.

24   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

25           OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

26   forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

27   needs of the case on the ground that it seeks information that is in the possession, custody, or

28   control of a party in this case, or is readily available to a party.  To the extent they exist,

documents related to Defendant encouraging xAI employees to join OpenAI are available to Defendant and should be requested from and obtained from Defendant in the first instance if they are properly discoverable. OpenAI further objects to this Request as premature and unduly burdensome because party discovery in this matter has only recently commenced, and the Request is thus likely to duplicate requests that may be propounded in party discovery. Third party discovery here should await resolution of the appropriate scope of party discovery covering many of the same documents. That is especially so given that xAI has filed a separate lawsuit against OpenAI in this Court relating to xAI's allegations that Li misappropriated trade secrets. *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133. Party discovery in that case has not begun. In fact, xAI just served that complaint on OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the Initial Case Management Conference in that case is not scheduled until January 2026. xAI cannot short-circuit the process of party discovery in its separate litigation against OpenAI by serving premature third-party document requests on OpenAI here, particularly to the extent that the Request goes beyond xAI's narrow allegations concerning Defendant's alleged misappropriation in this litigation.

OpenAI accordingly further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, not reasonably limited in scope, and not seeking information relevant to any issue in the case. OpenAI understands that this suit pertains to Defendant's alleged trade secret misappropriation. But this Request is not tailored to any alleged trade secret misappropriation. To the extent they exist, documents relating to Defendant soliciting other xAI employees to join OpenAI are irrelevant.

Subject to, and without waiving the foregoing objections, OpenAI responds as follows: OpenAI does not have possession, custody, or control of any of Defendant's documents. Defendant never started working at OpenAI and Defendant did not have an OpenAI computer or email account. OpenAI is not aware of Defendant soliciting anyone for employment at OpenAI when Defendant did not work for OpenAI, and if Defendant did, OpenAI does not have any documents reflecting such solicitation.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS related to Your soliciting, inducing, or encouraging Defendant or any xAI employee, consultant, or independent contractor, including without limitation Uday Ruddarraju, Mike Dalton, Hieu Pham, Ethan Knight, Jimmy Fraiture, and Mike Liberatore, to share information about xAI, including but not limited to Confidential Information, presentations, and information about AI research, operations, and planning, with OpenAI.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set forth herein. OpenAI objects to this Request as unduly burdensome and not proportional to the needs of the case on the ground that it seeks information that is in the possession, custody, or control of a party in this case, or is readily available to a party. Any communications between OpenAI and Defendant are available to Defendant and should be requested from and obtained from Defendant in the first instance if they are properly discoverable. OpenAI further objects to this Request as premature and unduly burdensome because party discovery in this matter has only recently commenced, and the Request is thus likely to duplicate requests that may be propounded in party discovery. Third party discovery here should await resolution of the appropriate scope of party discovery covering many of the same documents. That is especially so given that xAI has filed a separate lawsuit against OpenAI in this Court relating to xAI's allegations that Li misappropriated trade secrets. *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133. Party discovery in that case has not begun. In fact, xAI just served that complaint on OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the Initial Case Management Conference in that case is not scheduled until January 2026. xAI cannot short-circuit the process of party discovery in its separate litigation against OpenAI by serving premature third-party document requests on OpenAI here, particularly to the extent that the Request goes beyond xAI's narrow allegations concerning Defendant's alleged misappropriation in this litigation.

OpenAI also objects to this Request as seeking confidential commercial and trade secret information without substantial need. OpenAI further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, not reasonably limited in scope, and

1   not seeking information relevant to any issue in the case, including because it calls for the

2   production of "all" documents and communications related to "any" xAI employee, without regard

3   to whether the documents are likely to have any connection to the claims or defenses at issue in

4   this case (to the extent OpenAI can understand those claims and defenses given the redaction of

5   operative pleadings).  OpenAI understands that this suit pertains to Defendant's alleged trade

6   secret misappropriation.  But this Request is not tailored to any alleged trade secret

7   misappropriation by Defendant.

8        Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

9   pursuant to the parties' agreement after meeting and conferring, OpenAI will perform a reasonable

10  and diligent search for documents in its possession, custody, or control reflecting any

11  communications between OpenAI and Defendant in 2025, excluding communications exclusively

12  pertaining to processing Defendant's immigration paperwork, unless those communications

13  otherwise relating to immigration mention or relate to xAI or xAI Confidential Information.

14  OpenAI agrees to produce all responsive, non-privileged documents identified by that search, to

15  the extent they exist, upon entry of a mutually agreeable protective order.

16  **REQUEST FOR PRODUCTION NO. 9:**

17       All DOCUMENTS and COMMUNICATIONS related to Defendant soliciting, inducing,

18  or encouraging any xAI employee, consultant, or independent contractor, including without

19  limitation Uday Ruddarraju, Mike Dalton, Hieu Pham, Ethan Knight, Jimmy Fraiture, and Mike

20  Liberatore, to share information about xAI, including but not limited to Confidential Information,

21  with OpenAI.

22  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

23       OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

24  forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

25  needs of the case on the ground that it seeks information that is in the possession, custody, or

26  control of a party in this case, or is readily available to a party.  To the extent they exist, any

27  documents related to Defendant soliciting other xAI employees to share information about xAI are

28  available to Defendant and should be requested from and obtained from Defendant in the first

1  instance if they are properly discoverable.  OpenAI further objects to this Request as premature

2  and unduly burdensome because party discovery in this matter has only recently commenced, and

3  the Request is thus likely to duplicate requests that may be propounded in party discovery.  Third

4  party discovery here should await resolution of the appropriate scope of party discovery covering

5  many of the same documents.  That is especially so given that xAI has filed a separate lawsuit

6  against OpenAI in this Court relating to xAI's allegations that Li misappropriated trade secrets.

7  *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that

8  case has not begun.  In fact, xAI just served that complaint on OpenAI on September 29, OpenAI

9  has moved to dismiss that complaint, and the Initial Case Management Conference in that case is

10  not scheduled until January 2026.  xAI cannot short-circuit the process of party discovery in its

11  separate litigation against OpenAI by serving premature third-party document requests on OpenAI

12  here, particularly to the extent that the Request goes beyond xAI's narrow allegations concerning

13  Defendant's alleged misappropriation in this litigation.

14  OpenAI accordingly further objects to this Request as overly broad, unduly burdensome,

15  not proportional to the needs of the case, not reasonably limited in scope, and not seeking

16  information relevant to any issue in the case, including because it calls for the production of "all"

17  documents and communications related to "any" xAI employee, without regard to whether the

18  documents are likely to have any connection to the claims or defenses at issue in this case (to the

19  extent OpenAI can understand those claims and defenses given the redaction of operative

20  pleadings).  OpenAI understands that this suit pertains to *Defendant*'s alleged trade secret

21  misappropriation.  But this Request is not tailored to any alleged trade secret misappropriation by

22  Defendant.  OpenAI will construe this request to be limited to documents that reflect the

23  disclosure of xAI information to OpenAI by Defendant or any request by OpenAI for Defendant to

24  disclose xAI information.

25  Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

26  OpenAI does not have possession, custody, or control of any of Defendant's documents.

27  Defendant never started working at OpenAI and Defendant did not have an OpenAI computer or

28  email account.  OpenAI is not aware of Defendant soliciting anyone to share xAI information with

1  OpenAI when Defendant did not work for OpenAI, and if Defendant did, OpenAI does not have

2  documents reflecting such solicitation.

3  **REQUEST FOR PRODUCTION NO. 10:**

4       All DOCUMENTS and COMMUNICATIONS related to any internal or forensic

5  investigation or inquiry regarding Defendant's use, misappropriation, dissemination, or

6  onboarding of xAI Confidential Information, including any identification, isolation, or remediation

7  steps taken.

8  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

9       OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

10  forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

11  needs of the case given that xAI has filed a separate lawsuit against OpenAI in this Court relating

12  to xAI's allegations that Li misappropriated trade secrets.  *See X.AI Corp. v. OpenAI, Inc. et al.*,

13  N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that case has not begun.  In fact, xAI just

14  served that complaint on OpenAI on September 29, OpenAI has moved to dismiss that complaint,

15  and the Initial Case Management Conference in that case is not scheduled until January 2026.  xAI

16  cannot short-circuit the process of party discovery in its separate litigation against OpenAI by

17  serving premature third-party document requests on OpenAI here, particularly to the extent that

18  the Request goes beyond xAI's narrow allegations concerning Defendant's alleged

19  misappropriation in this litigation. OpenAI further objects to this Request to the extent that it seeks

20  documents that are protected from disclosure by the attorney-client privilege, the attorney work

21  product doctrine, or any other applicable privilege.  OpenAI also objects to this Request as seeking

22  confidential commercial and trade secret information without substantial need.  Documents

23  reflecting OpenAI's privileged investigation into xAI's allegations are protected from disclosure

24  by the attorney-client privilege and the attorney work product doctrine.

25       Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

26  OpenAI has not identified any xAI documents provided by Defendant to OpenAI, and accordingly

27  OpenAI has not located documents reflecting the identification or remediation of xAI documents

28  provided by Defendant to OpenAI after a reasonable and diligent inquiry.

1    **REQUEST FOR PRODUCTION NO. 11:**

2         All DOCUMENTS and COMMUNICATIONS related to or reflecting any training,

3    reminders, or instructions provided to Defendant regarding the prohibition of using or disclosing

4    xAI Confidential Information.

5    **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

6         OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

7    forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

8    needs of the case on the ground that it seeks information that is in the possession, custody, or

9    control of a party in this case, or is readily available to a party.  Any documents or

10   communications provided to Defendant by OpenAI regarding the prohibition of using or

11   disclosing xAI confidential information are available to Defendant and should be requested from

12   and obtained from Defendant in the first instance if they are properly discoverable.  OpenAI

13   further objects to this Request as premature and unduly burdensome because party discovery in

14   this matter has only recently commenced, and the Request is thus likely to duplicate requests that

15   may be propounded in party discovery.  Third party discovery here should await resolution of the

16   appropriate scope of party discovery covering many of the same documents.  That is especially so

17   given that xAI has filed a separate lawsuit against OpenAI in this Court relating to xAI's

18   allegations that Li misappropriated trade secrets.  *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal.

19   Case No. 3:25-cv-08133.  Party discovery in that case has not begun.  In fact, xAI just served that

20   complaint on OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the

21   Initial Case Management Conference in that case is not scheduled until January 2026.  xAI cannot

22   short-circuit the process of party discovery in its separate litigation against OpenAI by serving

23   premature third-party document requests on OpenAI here, particularly to the extent that the

24   Request goes beyond xAI's narrow allegations concerning Defendant's alleged misappropriation

25   in this litigation.

26        OpenAI also objects to this Request as seeking confidential commercial and trade secret

27   information without substantial need.  OpenAI further objects to this Request as overly broad,

28   unduly burdensome, not proportional to the needs of the case, not reasonably limited in scope, and

1   not seeking information relevant to any issue in the case, including because it calls for the

2   production of "all" documents and communications "related" to training or guidance regarding

3   xAI confidential information, without regard to whether the documents are likely to have any

4   connection to the claims or defenses at issue in this case (to the extent OpenAI can understand

5   those claims and defenses given the redaction of operative pleadings).

6          Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

7   OpenAI will produce documents sufficient to show OpenAI's offer of employment to Defendant,

8   which contains a prohibition on improperly disclosing to OpenAI confidential third party

9   information, upon entry of a mutually agreeable protective order.

10  **REQUEST FOR PRODUCTION NO. 12:**

11         DOCUMENTS sufficient to identify any email addresses, phone numbers, or other

12  communication methods used by Defendant to communicate with You or otherwise identified by

13  Defendant, at any time, as belonging to Defendant.

14  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

15         OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

16  forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

17  needs of the case on the ground that it seeks information that is in the possession, custody, or

18  control of a party in this case, or is readily available to a party.  Defendant's contact information is

19  available to Defendant and should be requested from and obtained from Defendant in the first

20  instance if they are properly discoverable.  OpenAI further objects to this Request as premature

21  and unduly burdensome because party discovery in this matter has only recently commenced, and

22  the Request is thus likely to duplicate requests that may be propounded in party discovery.  Third

23  party discovery here should await resolution of the appropriate scope of party discovery covering

24  many of the same documents.  That is especially so given that xAI has filed a separate lawsuit

25  against OpenAI in this Court relating to xAI's allegations that Li misappropriated trade secrets.

26  *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that

27  case has not begun.  In fact, xAI just served that complaint on OpenAI on September 29, OpenAI

28  has moved to dismiss that complaint, and the Initial Case Management Conference in that case is

NON-PARTY OPENAI'S AMENDED RESPONSE TO PLAINTIFF'S DOCUMENT SUBPOENA

not scheduled until January 2026.  xAI cannot short-circuit the process of party discovery in its separate litigation against OpenAI by serving premature third-party document requests on OpenAI here, particularly to the extent that the Request goes beyond xAI's narrow allegations concerning Defendant's alleged misappropriation in this litigation.

Subject to, and without waiving the foregoing objections, OpenAI responds as follows: OpenAI will produce documents sufficient to identify Defendant's email addresses, phone numbers, or other communication methods used by Defendant to communicate with OpenAI, to OpenAI's knowledge.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS sufficient to identify all devices from which Defendant accessed any OpenAI system including, without limitation, any webpage or application used by Defendant to apply for a position with OpenAI, including any identifying information for such devices, such as device name, model, make, type, serial number, IP address, MAC address, telephone number, IMEI number, location information (e.g., WiFi or other network identification, GPS location, and/or cell tower location), browser information (e.g., User-Agent information, make, model, and/or version number), or any other information that may identify the device, type of device, and/or location of device.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

OpenAI objects to this Request as unduly burdensome and not proportional to the needs of the case on the ground that it seeks information that is in the possession, custody, or control of a party in this case, or is readily available to a party.  Information regarding Defendant's devices and the applications or webpages Defendant visited is available to Defendant and should be requested from and obtained from Defendant if it is properly discoverable.  OpenAI further objects to this Request as premature and unduly burdensome because party discovery in this matter has only recently commenced, and the Request is thus likely to duplicate requests that may be propounded in party discovery.  Third party discovery here should await resolution of the appropriate scope of party discovery covering many of the same documents.  That is especially so given that xAI has filed a separate lawsuit against OpenAI in this Court relating to xAI's allegations that Li

1    misappropriated trade secrets.  *See X.AI Corp. v. OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-

2    08133.  Party discovery in that case has not begun.  In fact, xAI just served that complaint on

3    OpenAI on September 29, OpenAI has moved to dismiss that complaint, and the Initial Case

4    Management Conference in that case is not scheduled until January 2026.  xAI cannot short-circuit

5    the process of party discovery in its separate litigation against OpenAI by serving premature third-

6    party document requests on OpenAI here, particularly to the extent that the Request goes beyond

7    xAI's narrow allegations concerning Defendant's alleged misappropriation in this litigation.

8         OpenAI further objects to this Request to the extent that it seeks documents that are

9    protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or

10   any other applicable privilege.  OpenAI also objects to this Request as seeking confidential

11   commercial and trade secret information without substantial need.  OpenAI further objects to this

12   Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not

13   reasonably limited in scope.

14        Subject to, and without waiving the foregoing objections, OpenAI responds as follows:  Li

15   never began work at OpenAI and never accessed any internal OpenAI system.  OpenAI uses third-

16   party websites such as Dropbox DocSend, Ashby, and Workday as part of its recruiting process.

17   OpenAI will produce documents from these third-party platforms sufficient to identify Li's device,

18   browser, or location information to the extent that they exist and are in OpenAI's possession,

19   custody, or control upon entry of a mutually agreeable protective order.

20   **REQUEST FOR PRODUCTION NO. 14:**

21        All DOCUMENTS and COMMUNICATIONS related to xAI Confidential Information.

22   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

23        OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

24   forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

25   needs of the case on the ground that it seeks information that is in the possession, custody, or

26   control of a party in this case, or is readily available to a party.  Any documents reflecting xAI

27   confidential information potentially misappropriated by Defendant are available to Defendant and

28   should be requested from and obtained from Defendant in the first instance if they are properly

1   discoverable.  OpenAI further objects to this Request as premature and unduly burdensome

2   because party discovery in this matter has only recently commenced, and the Request is thus likely

3   to duplicate requests that may be propounded in party discovery.  Third party discovery here

4   should await resolution of the appropriate scope of party discovery covering many of the same

5   documents.  That is especially so given that xAI has filed a separate lawsuit against OpenAI in this

6   Court relating to xAI's allegations that Li misappropriated trade secrets.  *See X.AI Corp. v.*

7   *OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that case has not begun.

8   In fact, xAI just served that complaint on OpenAI on September 29, OpenAI has moved to dismiss

9   that complaint, and the Initial Case Management Conference in that case is not scheduled until

10  January 2026.  xAI cannot short-circuit the process of party discovery in its separate litigation

11  against OpenAI by serving premature third-party document requests on OpenAI here, particularly

12  to the extent that the Request goes beyond xAI's narrow allegations concerning Defendant's

13  alleged misappropriation in this litigation.

14          OpenAI accordingly further objects to this Request as overly broad, unduly burdensome,

15  not proportional to the needs of the case, not reasonably limited in scope, and not seeking

16  information relevant to any issue in the case, including because it calls for the production of "all"

17  documents and communications "related" to xAI confidential information, without regard to

18  whether the documents are likely to have any connection to the claims or defenses at issue in this

19  case (to the extent OpenAI can understand those claims and defenses given the redaction of

20  operative pleadings).  OpenAI understands that this suit pertains to Defendant's alleged trade

21  secret misappropriation.  But this Request is not tailored to any alleged trade secret

22  misappropriation by Defendant.  OpenAI will construe this request to be limited to documents that

23  reflect the disclosure of xAI information to OpenAI by Defendant or any request by OpenAI for

24  Defendant to disclose xAI information.

25          Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

26  OpenAI has conducted a reasonable and diligent search for non-privileged documents, if any, in its

27  possession, custody or control that reflect (i) the disclosure of xAI information to OpenAI by

28  Defendant, and/or (ii) any request by OpenAI for Defendant to disclose xAI information.  OpenAI

-23-                                          Case No. 25-cv-07292-RFL

1  has located no such documents after a reasonable search and inquiry.

2  **REQUEST FOR PRODUCTION NO. 15:**

3        DOCUMENTS sufficient to show any source code provided by Defendant to You.

4  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

5        OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

6  forth herein.  OpenAI objects to this Request as unduly burdensome and not proportional to the

7  needs of the case given that xAI has filed a separate lawsuit against OpenAI in this Court relating

8  to xAI's allegations that Li misappropriated trade secrets.  *See X.AI Corp. v. OpenAI, Inc. et al.*,

9  N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that case has not begun.  In fact, xAI just

10  served that complaint on OpenAI on September 29, OpenAI has moved to dismiss that complaint,

11  and the Initial Case Management Conference in that case is not scheduled until January 2026.  xAI

12  cannot short-circuit the process of party discovery in its separate litigation against OpenAI by

13  serving premature third-party document requests on OpenAI here, particularly to the extent that

14  the Request goes beyond xAI's narrow allegations concerning Defendant's alleged

15  misappropriation in this litigation.

16        Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

17  OpenAI has conducted a reasonable and diligent search for non-privileged documents, if any, in its

18  possession, custody or control that reflect the disclosure of source code to OpenAI by Defendant.

19  OpenAI has located no documents that reflect the disclosure of xAI source code to OpenAI by

20  Defendant.  OpenAI further responds that Defendant generated code during his technical

21  interviews with OpenAI in response to OpenAI's technical interview prompts.  OpenAI will

22  produce documents reflecting the code generated by Defendant during his technical interviews

23  upon entry of a mutually agreeable protective order.

24  **REQUEST FOR PRODUCTION NO. 16:**

25        DOCUMENTS sufficient to show any xAI presentations or DOCUMENTS provided by

26  Defendant to You.

27  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

28        OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

1   forth herein. OpenAI objects to this Request as unduly burdensome and not proportional to the

2   needs of the case given that xAI has filed a separate lawsuit against OpenAI in this Court relating

3   to xAI's allegations that Li misappropriated trade secrets. *See X.AI Corp. v. OpenAI, Inc. et al.*,

4   N.D. Cal. Case No. 3:25-cv-08133. Party discovery in that case has not begun. In fact, xAI just

5   served that complaint on OpenAI on September 29, OpenAI has moved to dismiss that complaint,

6   and the Initial Case Management Conference in that case is not scheduled until January 2026. xAI

7   cannot short-circuit the process of party discovery in its separate litigation against OpenAI by

8   serving premature third-party document requests on OpenAI here, particularly to the extent that

9   the Request goes beyond xAI's narrow allegations concerning Defendant's alleged

10  misappropriation in this litigation.

11       Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

12  OpenAI has conducted a reasonable and diligent search for non-privileged documents, if any, in its

13  possession, custody or control that reflect the disclosure of xAI presentations or xAI documents

14  provided to OpenAI by Defendant. OpenAI has located no such documents after a reasonable

15  search and inquiry.

16  **REQUEST FOR PRODUCTION NO. 17:**

17       DOCUMENTS sufficient to identify all person(s) at OpenAI who received any xAI

18  presentations, xAI source code, xAI Confidential Information, or any other xAI information from

19  Defendant or from any other current or former xAI employee.

20  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

21       OpenAI incorporates the Objections to xAI's Definitions and Instructions as if fully set

22  forth herein. OpenAI objects to this Request as unduly burdensome and not proportional to the

23  needs of the case on the ground that it seeks information that is in the possession, custody, or

24  control of a party in this case, or is readily available to a party. Any documents reflecting xAI

25  confidential information potentially misappropriated by Defendant are available to Defendant and

26  should be requested from and obtained from Defendant in the first instance if they are properly

27  discoverable. OpenAI further objects to this Request as premature and unduly burdensome

28  because party discovery in this matter has only recently commenced, and the Request is thus likely

1    to duplicate requests that may be propounded in party discovery.  Third party discovery here

2    should await resolution of the appropriate scope of party discovery covering many of the same

3    documents.  That is especially so given that xAI has filed a separate lawsuit against OpenAI in this

4    Court relating to xAI's allegations that Li misappropriated trade secrets.  *See X.AI Corp. v.*

5    *OpenAI, Inc. et al.*, N.D. Cal. Case No. 3:25-cv-08133.  Party discovery in that case has not begun.

6    In fact, xAI just served that complaint on OpenAI on September 29, OpenAI has moved to dismiss

7    that complaint, and the Initial Case Management Conference in that case is not scheduled until

8    January 2026.  xAI cannot short-circuit the process of party discovery in its separate litigation

9    against OpenAI by serving premature third-party document requests on OpenAI here, particularly

10   to the extent that the Request goes beyond xAI's narrow allegations concerning Defendant's

11   alleged misappropriation in this litigation.

12          OpenAI accordingly further objects to this Request as overly broad, unduly burdensome,

13   not proportional to the needs of the case, not reasonably limited in scope, and not seeking

14   information relevant to any issue in the case, including because it calls for the production of

15   documents related to the disclosure of xAI information by "any other current or former xAI

16   employee," without regard to whether the documents are likely to have any connection to the

17   claims or defenses at issue in this case (to the extent OpenAI can understand those claims and

18   defenses given the redaction of operative pleadings).  OpenAI understands that this suit pertains to

19   Defendant's alleged trade secret misappropriation.  But this Request is not tailored to any alleged

20   trade secret misappropriation by Defendant.  OpenAI will construe this request to be limited to

21   documents that reflect the disclosure of xAI information to OpenAI by Defendant.

22          Subject to, and without waiving the foregoing objections, OpenAI responds as follows:

23   OpenAI has conducted a reasonable and diligent search for non-privileged documents, if any, in its

24   possession, custody or control that reflect the disclosure of xAI information to OpenAI by

25   Defendant.  OpenAI has located no such documents after a reasonable search and inquiry.

26

27

28

1    DATED:  November 21, 2025              MUNGER, TOLLES & OLSON LLP

2

3                                     By:    _____/s/ Carolyn Hoecker Luedtke_____
                                            CAROLYN HOECKER LUEDTKE
4                                           Attorneys for Non-Parties
                                            OpenAI Inc.,  OpenAI Global LLC, and OpenAI
5                                           OpCo LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NON-PARTY OPENAI'S AMENDED RESPONSE TO PLAINTIFF'S DOCUMENT SUBPOENA

1

## **PROOF OF SERVICE**

2
    At the time of service, I was over 18 years of age and **not a party to this action**.  I am
employed in the County of San Francisco, State of California.  My business address is 560

3
Mission Street, Twenty-Seventh Floor, San Francisco, CA 94105-2907
.

4
    On November 21, 2025, I served true copies of the following document(s) described as

5
- **NON-PARTY OPENAI'S AMENDED RESPONSES AND OBJECTIONS TO
    PLAINTIFF X.AI CORP.'S SUBPOENA**

6

7
on the interested parties in this action as follows:

| | |
|---|---|
| Kathi Vidal, Esq.<br>Matthew R. Mccullough, Esq.<br>Carson Swope, Esq.<br>WINSTON & STRAWN LLP<br>255 Shoreline Drive, Suite 520<br>Redwood City, CA 94065<br>Telephone: (650) 858-6500<br>Facsimile: (650) 858-6550<br>Email: kvidal@winston.com<br>　　　　mrmccullough@winston.com<br>　　　　cswope@winston.com<br><br>M. Brett Johnson, Esq.<br>WINSTON & STRAWN LLP<br>2121 N. Pearl St., 9th Floor<br>Dallas, TX 75201<br>Telephone: (214) 453-6500<br>Facsimile: (214) 453-6400<br>Email: mbjohnson@winston.com<br><br>Angela Marie S Machala, Esq.<br>Alexander H. Cote, Esq.<br>**WINSTON & STRAWN LLP**<br>333 S. Grand Avenue<br>Los Angeles, CA 90071-1543<br>Telephone: (213) 615-1700<br>Facsimile: (213) 615-1750<br>Email: amachala@winston.com<br>　　　　acote@winston.com | *Attorneys for Plaintiffs X.AI Corp. and X.AI LLC* |

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

23
    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be
sent from e-mail address gabriel.bronshteyn@mto.com to the persons at the e-mail addresses listed

24
above.

25
    I declare under penalty of perjury that the foregoing is true and correct. Executed on
November 21, 2025 at San Francisco, California.

26

27
　　　　　　　　　　_____
　　　　　　　　　　Gabriel M. Bronshteyn

28