# EXHIBIT H

| | |
|---|---|
| **From:** | Luedtke, Carolyn |
| **To:** | McCullough, Matt; Glynn, Joseph; LeElle Slifer |
| **Subject:** | RE: OpenAI Third Party Subpoena Response |
| **Date:** | Friday, March 6, 2026 5:11:25 PM |
| **Attachments:** | image006.png |
| | image007.png |
| | image008.png |

**CAUTION:** MAIL FROM OUTSIDE THE FIRM

Matt,

Thanks for reaching out. We are considering the information you gave us on Wednesday and whether we would agree to expand the scope of our current response to RFP 4 in light of that, and we are conferring with our client. Given you just raised this with us on Wednesday at noon, we do not have a response yet. We will be back to you as soon as we are able.

Carolyn

**Carolyn Hoecker Luedtke | Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4027 | Fax: 415.644.6927 | carolyn.luedtke@mto.com | www.mto.com

**From:** McCullough, Matt <MRMcCullough@winston.com>
**Sent:** Friday, March 6, 2026 11:38 AM
**To:** Glynn, Joseph <Joseph.Glynn@mto.com>; LeElle Slifer <LSlifer@kslaw.com>
**Cc:** Luedtke, Carolyn <Carolyn.Luedtke@mto.com>
**Subject:** RE: OpenAI Third Party Subpoena Response

Carolyn and Joey,

Following up after our meet and confer to confirm whether OpenAI will produce the full scope of RFP 4. Please let us know by COB today.



**MATTHEW MCCULLOUGH**
PARTNER

**T** +1 (650) 858-6453
**M** +1 (989) 430-1417
mrmccullough@winston.com

*Admitted to practice in California*

**From:** Glynn, Joseph <Joseph.Glynn@mto.com>
**Sent:** Wednesday, March 4, 2026 11:54 AM
**To:** LeElle Slifer <LSlifer@kslaw.com>
**Cc:** Luedtke, Carolyn <Carolyn.Luedtke@mto.com>; McCullough, Matt <MRMcCullough@winston.com>
**Subject:** RE: OpenAI Third Party Subpoena Response

LeElle,

Have you sent around an invite for the call at 2 pm CT? If so, could you please forward it to me? I haven't yet

received it.

Thanks,
Joey

**Joseph Glynn** | **Munger, Tolles & Olson LLP**
Tel:  213.683.9235

---

**From:** LeElle Slifer <LSlifer@kslaw.com>
**Sent:** Tuesday, March 3, 2026 6:10 PM
**To:** Luedtke, Carolyn <Carolyn.Luedtke@mto.com>
**Cc:** McCullough, Matt <mrmccullough@winston.com>; Allen, Samuel <Samuel.Allen@mto.com>; Glynn, Joseph <Joseph.Glynn@mto.com>; Shikman, Dane <Dane.Shikman@mto.com>; Kravis, Jonathan <Jonathan.Kravis@mto.com>; Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Subject:** Re: OpenAI Third Party Subpoena Response


Let's do 2 pm CT then.  Will send an invite.  Thanks.

---

**From:** Luedtke, Carolyn <Carolyn.Luedtke@mto.com>
**Sent:** Tuesday, March 3, 2026 7:20 PM
**To:** LeElle Slifer <LSlifer@kslaw.com>
**Cc:** McCullough, Matt <mrmccullough@winston.com>; Allen, Samuel <Samuel.Allen@mto.com>; Glynn, Joseph <Joseph.Glynn@mto.com>; Shikman, Dane <Dane.Shikman@mto.com>; Kravis, Jonathan <Jonathan.Kravis@mto.com>; Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Subject:** RE: OpenAI Third Party Subpoena Response

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Joey and I can join you for a meet and confer anytime in the time frame you propose tomorrow.

**Carolyn Hoecker Luedtke** | **Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4027 | Fax:  415.644.6927 | carolyn.luedtke@mto.com | www.mto.com

---

**From:** LeElle Slifer <LSlifer@kslaw.com>
**Sent:** Tuesday, March 3, 2026 4:49 PM
**To:** Luedtke, Carolyn <Carolyn.Luedtke@mto.com>
**Cc:** McCullough, Matt <mrmccullough@winston.com>; Allen, Samuel <Samuel.Allen@mto.com>; Glynn, Joseph <Joseph.Glynn@mto.com>; Shikman, Dane <Dane.Shikman@mto.com>; Kravis, Jonathan <Jonathan.Kravis@mto.com>; Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Subject:** RE: OpenAI Third Party Subpoena Response


Carolyn,

Please note my new email address for future communications.

As to your first point, you are correct that our dispute relates solely to RFP 4.  This is what we described in

our motion to stay on page 3: "xAI served OpenAI with a third-party subpoena, but OpenAI has refused to produce all documents in response to xAI's request, leaving xAI with no choice but to file a motion to compel in the near future." That RFP does have request several different types of documents, but any suggestion that it was more than one RFP versus the requests for different sorts of documents was unintentional. Our motion to compel will relate only to RFP 4.

As to your second, we are trying to figure out a way to confer with you regarding the slides in light of the PO in the Li matter. We have asked the attorneys representing Li if they would consent to us showing you the slides and are waiting to hear back. So that we can move things along, though, are you free to confer further tomorrow? Does sometime between 1:30-3 pm CT work for you? We probably only need 15 minutes.

---

**LeElle Slifer**
*Partner*

T: +1 214 764 4474 | lslifer@kslaw.com

King & Spalding LLP
2601 Olive Street
Suite 2300
Dallas, Texas 75201



kslaw.com

---

**From:** Luedtke, Carolyn <Carolyn.Luedtke@mto.com>
**Sent:** Monday, March 2, 2026 2:43 PM
**To:** McCullough, Matt <MRMcCullough@winston.com>; Slifer, LeElle B. <LSlifer@winston.com>
**Cc:** Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>; Allen, Samuel <Samuel.Allen@mto.com>; Glynn, Joseph <Joseph.Glynn@mto.com>; Shikman, Dane <Dane.Shikman@mto.com>; Kravis, Jonathan <Jonathan.Kravis@mto.com>
**Subject:** OpenAI Third Party Subpoena Response

LeElle and Matt,

We have reviewed your motion to stay and your motion to expedite the briefing from the stay from Friday in the OpenAI/xAI case. In talking about the Li litigation, LeElle's declaration in paragraph 3 says that "OpenAI has refused to comply with many of xAI's discovery requests." (emphasis added) Your email below identifies only one outstanding dispute – that of RFP 4, which has not been the subject of meet and confer since November 19. Are there other discovery disputes in the Li case that you have not raised with us that you plan to bring to the Court via a motion to compel?

Further, LeElle's declaration at paragraph 4 says "xAI identified new information that further confirmed that OpenAI knew or should have known that Li was disclosing xAI trade secrets to it prior to OpenAI offering Li employment. In light of this newly discovered information, OpenAI's prior refusal to respond to certain third-party discovery requests is plainly improper...." What is the new information you discovered? Presumably you will raise that with us and tell us how that impacts RFP 4 so that we can meet and confer about it prior to any motion to compel.

We look forward to hearing from you.

Regards,
Carolyn

**Carolyn Hoecker Luedtke | Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4027 | Fax:  415.644.6927 | carolyn.luedtke@mto.com | www.mto.com

---

**From:** McCullough, Matt <MRMcCullough@winston.com>
**Sent:** Wednesday, February 25, 2026 1:50 PM
**To:** Bronshteyn, Gabriel <Gabriel.Bronshteyn@mto.com>; Luedtke, Carolyn <Carolyn.Luedtke@mto.com>; Shikman, Dane <Dane.Shikman@mto.com>; Kravis, Jonathan <Jonathan.Kravis@mto.com>
**Cc:** Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Subject:** RE: xAI v. Li -OpenAI's Subpoena Response


Gabe and Carolyn,

Following up on LeElle's call with Carolyn, the parties conferred and ultimately reached impasse on RFP 4 of xAI's subpoena to OpenAI in the Li case, when you stood on your original, deficient responses in the email thread below.

Best,
Matt



**MATTHEW MCCULLOUGH**
PARTNER

**T** +1 (650) 858-6453
mrmccullough@winston.com

*Admitted to practice in California*

---

**From:** Bronshteyn, Gabriel <Gabriel.Bronshteyn@mto.com>
**Sent:** Friday, November 21, 2025 6:49 PM
**To:** McCullough, Matt <MRMcCullough@winston.com>; Luedtke, Carolyn <Carolyn.Luedtke@mto.com>; Shikman, Dane <Dane.Shikman@mto.com>; Kravis, Jonathan <Jonathan.Kravis@mto.com>
**Cc:** Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>; Vidal, Kathi <KVidal@winston.com>; Swope, Carson <CSwope@winston.com>; Johnson, Brett <MBJohnson@winston.com>; Machala, Angela M. <AMachala@winston.com>; Cote, Alexander H. <ACote@winston.com>
**Subject:** RE: xAI v. Li -OpenAI's Subpoena Response

Counsel,

Please see attached a service copy of OpenAI's amended responses and objections to xAI's subpoena in *xAI Corp. v. Xuechen Li* (Case No. 25-cv-07292-RFL).

Regards,
**Gabriel M. Bronshteyn (he/him/his) | Munger, Tolles & Olson LLP**

560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4069 | gabriel.bronshteyn@mto.com | www.mto.com
***NOTICE***
*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

---

**From:** Bronshteyn, Gabriel
**Sent:** Wednesday, November 19, 2025 12:42 PM
**To:** 'McCullough, Matt' <MRMcCullough@winston.com>; Luedtke, Carolyn <Carolyn.Luedtke@mto.com>; Shikman, Dane <Dane.Shikman@mto.com>; Kravis, Jonathan <Jonathan.Kravis@mto.com>
**Cc:** Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Subject:** RE: xAI v. Li -OpenAI's Subpoena Response

Matt,

Thanks for your email.

We are agreeable to your proposal with respect to RFPs 1 and 2. Note that for all requests we are collecting and producing OpenAI emails dated from June 1, 2025 and personal text messages from earlier in 2025 based on a reasonable and diligent investigation of when OpenAI's contact with Xuechen Li began in 2025.

For RFP 4, we stand by our responses and objections, including that documents reflecting OpenAI's internal decision-making regarding recruiting that do not reflect actual or anticipated disclosure of xAI information by Li are irrelevant. Your proposal to sweep in internal OpenAI recruiting or hiring discussions that reflect "information communicated by or to Defendant," without respect to whether the information is xAI information, is unduly burdensome and overbroad. We maintain our agreement to produce documents reflecting the disclosure of xAI information to OpenAI by Defendant or any request by OpenAI for Defendant to disclose xAI information. After a reasonable and diligent search for non-privileged documents, OpenAI has located no such documents.

We will serve amended responses this week. We can produce documents once the protective order rider governing OpenAI's production of documents has been filed and entered by the Court.

Regards,
Gabe

**Gabriel M. Bronshteyn (he/him/his)** | Munger, Tolles & Olson LLP
560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4069 | gabriel.bronshteyn@mto.com | www.mto.com
***NOTICE***
*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

---

**From:** McCullough, Matt <MRMcCullough@winston.com>
**Sent:** Saturday, November 15, 2025 5:07 PM
**To:** Bronshteyn, Gabriel <Gabriel.Bronshteyn@mto.com>; Luedtke, Carolyn <Carolyn.Luedtke@mto.com>; Shikman, Dane <Dane.Shikman@mto.com>; Kravis, Jonathan <Jonathan.Kravis@mto.com>
**Cc:** Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Subject:** RE: xAI v. Li -OpenAI's Subpoena Response

Gabe,

For RFP 1 and 2, we can agree to your proposed limitations with the following clarifications:
- RFP 1: all communications between OpenAI and Li, except communications exclusively pertaining to processing Li's immigration paperwork, except if communications otherwise relating to immigration mention or relate to xAI or xAI Confidential Information
- RFP 2: all documents provided to OpenAI by Li, with the exception of documents provided to process his immigration paperwork, except if documents otherwise relating to immigration mention or relate to xAI or xAI Confidential

For RFP 4, though we do not agree with the basis of OpenAI's objection and believe the full scope of the request is relevant, in attempt to avoid burdening the Court with a discovery dispute, we propose the following additional limitation:

> All DOCUMENTS and COMMUNICATIONS related to Your internal review and decision-making process about whether to hire Defendant that reflect, refer to, or describe information communicated by or to Defendant, documents shared or presented by or to Defendant (including any description of the content thereof), or the type, quantity, quality, or value of information about xAI or its products possessed by Defendant, including without limitation internal memoranda, recruitment notes, Defendant's job application, notes or correspondence regarding a review of Defendant's background and/or concerns, risks, or questions related to hiring Defendant.

Please confirm OpenAI agrees to the above revisions (in addition to its previous agreements on RFPs 5, 10, 15) and provide a date certain for your production. Let us know if you would like to have a call to discuss.

Thanks,
Matt



**MATTHEW MCCULLOUGH**
OF COUNSEL

**T** +1 (650) 858-6453
mrmccullough@winston.com

---

**From:** Bronshteyn, Gabriel <Gabriel.Bronshteyn@mto.com>
**Sent:** Wednesday, November 5, 2025 2:03 PM
**To:** McCullough, Matt <MRMcCullough@winston.com>; Luedtke, Carolyn <Carolyn.Luedtke@mto.com>; Shikman, Dane <Dane.Shikman@mto.com>; Kravis, Jonathan <Jonathan.Kravis@mto.com>
**Cc:** Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Subject:** RE: xAI v. Li -OpenAI's Subpoena Response

Matt,

Thanks for your email.

We agree to your proposed modification to the protective order governing third-party productions by OpenAI in the Li litigation. We also agree that we can table discussing a protocol for source code production until and unless it becomes necessary.  We do not agree that we are under an obligation to produce all responsive documents within three days of entry of the protective order, but we will undertake reasonable efforts to produce documents promptly.

For RFP 1, we agree to produce all communications between OpenAI and Li, except communications exclusively pertaining to processing Li's immigration paperwork.  For RFP 2, we agree to produce documents sufficient to identify all meetings between OpenAI and Li in 2025, and all documents provided to OpenAI by Li, with the exception of documents provided to process his immigration paperwork.  You said during our meet and confer that xAI would be amenable to excluding such immigration documents.  Those agreements should take care of RFP 6 and RFP 8 as well.

For RFPs 5 and 10, we agree to amend our responses and objections to state that no onboarding or training occurred and that no xAI confidential documents provided by Li to OpenAI were identified or remediated, and so we have no such documents to produce.

For RFP 15, we agree to amend our responses to agree to produce any code provided by Li to OpenAI.

For RFP 4, we stand by our responses and objections, including that documents reflecting OpenAI's internal decision-making regarding recruiting that do not reflect actual or anticipated disclosure of xAI information by Li are irrelevant.  We agree to produce documents reflecting the disclosure of xAI information to OpenAI by Defendant or any request by OpenAI for Defendant to disclose xAI information.  After a reasonable and diligent search for non-privileged documents, OpenAI has located no such documents.

Please let me know if you are agreeable and we will move forward with supplementing our responses.  Let me know if a further call would be helpful.

Regards,
Gabe


**Gabriel M. Bronshteyn (he/him/his) | Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4069 | gabriel.bronshteyn@mto.com | www.mto.com
                    ***NOTICE***
*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you have received this message in error, do not read it.  Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected.  Thank you.*

---

**From:** Bronshteyn, Gabriel
**Sent:** Monday, November 3, 2025 7:56 AM
**To:** 'McCullough, Matt' <MRMcCullough@winston.com>; Luedtke, Carolyn <Carolyn.Luedtke@mto.com>; Shikman, Dane <Dane.Shikman@mto.com>; Kravis, Jonathan <Jonathan.Kravis@mto.com>
**Cc:** Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Subject:** RE: xAI v. Li -OpenAI's Subpoena Response

Matt,

Thanks for your response.  We are working through these and will get back to you as soon as we can, hopefully by

Wednesday. We expect that we can move toward a place of reasonable agreement on many of these items.

Best,
Gabe

**Gabriel M. Bronshteyn (he/him/his) | Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4069 | gabriel.bronshteyn@mto.com | www.mto.com
***NOTICE***
*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

---

**From:** McCullough, Matt <MRMcCullough@winston.com>
**Sent:** Friday, October 31, 2025 3:33 PM
**To:** Bronshteyn, Gabriel <Gabriel.Bronshteyn@mto.com>; Luedtke, Carolyn <Carolyn.Luedtke@mto.com>; Shikman, Dane <Dane.Shikman@mto.com>; Kravis, Jonathan <Jonathan.Kravis@mto.com>
**Cc:** Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Subject:** RE: xAI v. Li -OpenAI's Subpoena Response

Gabe,

Thank you for speaking with us regarding OpenAI's subpoena response.

Regarding the protective order, please see the attached addendum that OpenAI-designated Highly Confidential – Outside Attorneys' Eyes Only information will not to be subject to paragraph 7.3(b) (Designated House Counsel). We understand that OpenAI has no responsive source code to produce at this time, and so any discussion of an addendum regarding source code can wait until such a time as that may become necessary. Please confirm that you agree to the attached PO addendum, and that you agree to produce the documents you have already offered to produce within three (3) business days of the PO addendum being entered by the Court.

Thank you for confirming that OpenAI is not limiting its preservation based on the scope of its responses/its objections, and that you have preserved ephemeral messaging including disabling deletion, including for Tifa Chen's Signal messages. Thank you for also confirming that you are not limiting your preservation based on documents that you may believe we have obtained (or have the ability to obtain) from Li.

Regarding the specific RFPs we discussed:

- RFP 1 – the parties are at impasse
- RFP 2 – the parties are at impasse with respect to "documents shared with You by Defendant." You said you would consider whether you would be willing to produce documents and communications relating to "any meetings between You and Defendant." Please confirm OpenAI will produce such documents.
- RFP 4 – we cannot agree to limit this, as the requested documents will reflect information provided by Defendant, which would tend to show whether he disclosed or used xAI trade secrets in his communications with OpenAI. Accordingly, we understand the parties are at impasse.
- RFP 5 – you stated you would investigate whether any onboarding, orientation, or training of Li actually occurred. If it did not, please provide that statement under oath.
- RFP 6 & 8 – you stated you would consider whether OpenAI would produce if these requests were limited to Li. Please confirm whether OpenAI agrees to produce such documents.

> Regarding RFP 8, you further confirmed that the scope of your response ("xAI information") is not intended to be different from the scope of the request ("information about xAI"). If this is incorrect, please confirm that you will amend your response and agree to provide the full scope of the request (i.e., "information about xAI")

- RFP 10 – you promised to provide a statement that there has been no identification, isolation, or remediation of xAI Confidential Information. Please provide that statement under oath.
- RFP 15 – you agreed to amend your response to state that you would produce documents that reflect the disclosure of any code to OpenAI by Li (though we understand you are contending that there are still no such documents to produce).

Regarding the above open issues relating to specific RFPs, please provide OpenAI's response by close of business Monday.

Thank you,
Matt



**MATTHEW MCCULLOUGH**
OF COUNSEL

T +1 (650) 858-6453
mrmccullough@winston.com

*Admitted to practice in California*

---

**From:** Bronshteyn, Gabriel <Gabriel.Bronshteyn@mto.com>
**Sent:** Wednesday, October 22, 2025 11:51 AM
**To:** McCullough, Matt <MRMcCullough@winston.com>; Luedtke, Carolyn <Carolyn.Luedtke@mto.com>; Shikman, Dane <Dane.Shikman@mto.com>; Kravis, Jonathan <Jonathan.Kravis@mto.com>
**Cc:** Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Subject:** Re: xAI v. Li -OpenAI's Subpoena Response

Matt,

Are you available to meet before 10:30AM or after 2PM PT on Friday?

Best,
Gabe

---

**From:** McCullough, Matt <MRMcCullough@winston.com>
**Sent:** Wednesday, October 22, 2025 5:18:10 AM
**To:** Luedtke, Carolyn <Carolyn.Luedtke@mto.com>; Shikman, Dane <Dane.Shikman@mto.com>; Bronshteyn, Gabriel <Gabriel.Bronshteyn@mto.com>; Kravis, Jonathan <Jonathan.Kravis@mto.com>
**Cc:** Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Subject:** Re: xAI v. Li -OpenAI's Subpoena Response

Gabe,

Please let me know when you are available to meet and confer

Thanks,
Matt



**MATTHEW MCCULLOUGH**
OF COUNSEL

T +1 (650) 858-6453
mrmccullough@winston.com

*Admitted to practice in California*

---

**From:** Luedtke, Carolyn <Carolyn.Luedtke@mto.com>
**Sent:** Monday, October 20, 2025 1:33 PM
**To:** McCullough, Matt <MRMcCullough@winston.com>; Shikman, Dane <Dane.Shikman@mto.com>; Bronshteyn, Gabriel <Gabriel.Bronshteyn@mto.com>; Kravis, Jonathan <Jonathan.Kravis@mto.com>
**Cc:** Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Subject:** RE: xAI v. Li -OpenAI's Subpoena Response

Matt,

Thanks for your outreach from Saturday afternoon. My colleague Gabe Bronshteyn will be handling the meet and confer with you and he is traveling through Wednesday. He will be in touch with you to set up a time that works for a meet and confer on Thursday or Friday.

Thank you for sharing the protective order. To preview one issue that you can think about and discuss with Gabe, to the extent that OpenAI produces information that is "attorneys' eyes only" or "highly confidential-source code," we will need to discuss some of the provisions and restrictions for the protective order. For instance, we will need to understand why three in-house counsel need access, we will need to understand why counsel for X would need access, and while we think it is likely moot given we do not see any reason that OpenAI would be producing source code as a third party in the Li litigation, we would not agree that any in-house counsel get access to source code.

Best regards,
Carolyn

**Carolyn Hoecker Luedtke** | **Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4027 | Fax:  415.644.6927 | carolyn.luedtke@mto.com | www.mto.com

---

**From:** McCullough, Matt <MRMcCullough@winston.com>
**Sent:** Saturday, October 18, 2025 3:29 PM
**To:** Luedtke, Carolyn <Carolyn.Luedtke@mto.com>; Shikman, Dane <Dane.Shikman@mto.com>; Bronshteyn, Gabriel <Gabriel.Bronshteyn@mto.com>; Kravis, Jonathan <Jonathan.Kravis@mto.com>
**Cc:** Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Subject:** xAI v. Li -OpenAI's Subpoena Response

Carolyn,

We write regarding OpenAI's October 2 response to xAI's subpoena, which is deficient in several respects.

As it appears that OpenAI refuses to provide a complete response as outlined in this email, please provide times in the first half of this week that you are available to meet and confer.

First, OpenAI has failed to produce any responsive documents or confirm any date by which it will make its production. Please confirm you will begin producing documents immediately and will complete your production within one week. To the extent your failure to produce was based on the absence of a protective order, the court has now entered a protective order (attached), mooting that objection.

Second, OpenAI has improperly unilaterally narrowed the scope of many requests, which raises serious concerns about whether OpenAI is properly preserving evidence. Please confirm you are preserving evidence relevant to the full scope of our RFPs, regardless of your objections or any limitations imposed on your proffered responses. And please confirm you are preserving ephemeral messaging (e.g. through Signal or other similar messaging applications), including on personal devices of relevant employees (such as, but not limited to, Tifa Chen).

Third, please confirm you are not withholding any documents, or limiting your preservation of evidence, on the basis of your objection that documents may be "available to Defendant and should be requested from and obtained from Defendant in the first instance if they are properly discoverable." As you have seen from the public docket, the Defendant has asserted his Fifth Amendment rights (Dkt. 30), and he has thus far refused to provide any discovery. Additionally, as disclosed at the TRO hearing, several of Defendant's devices which may have contained relevant evidence have been seized by the FBI. Further, as alleged in the Complaint, Defendant has taken steps to conceal his misconduct including by deleting evidence (e.g. ¶¶ 42-43). Accordingly, your assumptions that evidence is available from Defendant are incorrect. Part of the reason we need discovery from OpenAI is because OpenAI may be the only place where such evidence still exists. Accordingly, your mistaken assumptions about evidence available directly from Defendant are not a proper basis for OpenAI to withhold production, or to limit its preservation of evidence, and we request you confirm you are not withholding any documents, or limiting your preservation of evidence, based on those assumptions.

Finally, OpenAI has improperly unilaterally narrowed the scope of many requests.

For RFPs 1, 2, 4, 5, 6, 8, 14, OpenAI has generally agreed only to provide documents reflecting "(i) the disclosure of xAI information to OpenAI" and "(ii) any request by OpenAI for Defendant to disclose xAI information." These limitations are improper and self-serving. As to your first self-imposed limitation, it is unclear on what basis OpenAI is assessing whether information provided by Defendant is "xAI information" but if OpenAI is simply looking for formal xAI markings on documents, that is plainly insufficient Defendant Li may have deleted or altered such markings or copied xAI information into an unmarked document/presentation. That is why we have requested all "COMMUNICATIONS between You and Defendant" (RFP 1) and all "documents shared with You by Defendant" (RFP 2), so that we can uncover any sharing of xAI information whether or not you claim to recognize it as xAI information. OpenAI must provide a full response to these RFPs. As to your second self-imposed limitation, OpenAI's communications with Defendant are relevant even if you contend they are not a formal "request" to disclose xAI information. Other communications that you may contend fall short of a request may still constitute inducement, encouragement, or some other form of suggestion that are relevant to xAI's trade secrets claims against Defendant, for example by showing his misappropriation was willful. Accordingly, OpenAI must provide a

full production of "Your soliciting, inducing, or encouraging Defendant ... to terminate his or her relationship with xAI or to consider joining OpenAI" (RFP 6) and "Your soliciting, inducing, or encouraging Defendant ... to share information about xAI."

For RFP 4, you have refused to provide any documents regarding OpenAI's "concerns, risks, or questions related to hiring Defendant." But such evidence, which only exists in OpenAI's possession, would shed light on Defendant's misconduct and thus be relevant to our claims against Defendant. Accordingly, OpenAI must provide a full response to RFP 4.

For RFP 5, you have refused to provide any documents regarding "Your onboarding, orientation, and/or intended or actual training of Defendant." To the extent any such onboarding, orientation, or training occurred, it would be another path through which Defendant may have shared xAI information with OpenAI, which is plainly relevant to our claims, and OpenAI must provide a full response.

For RFP 10, you have refused to provide any response and generically claimed privilege. At a minimum the identification, isolation, or remediation of xAI information being used or shared by Defendant with OpenAI would be a factual matter not subject to any sort of privilege. Accordingly, OpenAI must provide a complete response to this request and, to the extent it claims privilege must provide a proper privilege log.

For RFP 15, you have limited your responses to documents "that reflect the disclosure of xAI source code to OpenAI by Defendant." This limitation is inappropriate. You do not state how you assessed whether code provided to you by Defendant was "xAI source code," but as explained above in connection with RFPs 1 and 2, the mere absence of xAI markings is not a reliable indicator given Defendant's destruction of evidence. OpenAI must provide a complete production of "any source code provided by Defendant to You" regardless of whether you contend you recognize it as xAI source code.

Thank you,
Matt



**MATTHEW MCCULLOUGH**
OF COUNSEL

**T** +1 (650) 858-6453
mrmccullough@winston.com

255 Shoreline Drive, Suite 520, Redwood City, CA 94065

*Admitted to practice in California*

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may

contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.