# EXHIBIT I

CHRISTIAN E. PICONE, CA STATE BAR NO. 218275
ANGELA SHAW, CA STATE BAR NO. 321726
BERLINER COHEN, LLP
TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233
TELEPHONE: (408) 286-5800
FACSIMILE: (408) 998-5388
christian.picone@berliner.com
angela.shaw@berliner.com

ATTORNEYS SPECIALLY APPEARING FOR
DEFENDANT XUECHEN LI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| X.AI Corp., a Nevada corporation, and X.AI LLC, a Nevada limited liabilty company,<br><br>Plaintiffs,<br><br>v.<br><br>XUECHEN LI,<br><br>Defendant. | CASE NO. 3:25-cv-07292-RFL<br><br>DEFENDANT'S RESPONSE TO PLAINTIFFS' EXPEDITED FIRST SET OF REQUESTS FOR PRODUCTION<br><br>Case Filed: August 28, 2025 |

Defendant Xuechen Li ("Responding Party") hereby, through his undersigned counsel, responds to Plaintiffs X.AI Corp. and X.AI LLC's (collectively, "Propounding Party") Expedited First Set of Requests for Production to Defendant Xuechen Li as follows:

**RESPONSES TO REQUESTS FOR PRODUCTION**

REQUEST FOR PRODUCTION NO. 1:

Any and all DOCUMENTS belonging to xAI or relating to xAI's business (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS), including, but not limited to, any such DOCUMENTS You transmitted to Your personal email account, saved to an ELECTRONIC STORAGE DEVICE or CLOUD STORAGE ACCOUNT, and/or downloaded or printed.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party also objects to the request to the extent that it requires a legal conclusion. Responding Party further objects to the request on the grounds that the request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request and produce the requested documents, if any, would violate his right against self-incrimination protected by the Fifth Amendment of the United States Constitution. Moreover, Responding Party interprets this request to exclude Responding Party's communications with counsel retained for the dispute in this civil action ("Action") or for the criminal investigation arising out of the alleged events described in the complaint filed in this Action ("Criminal Investigation") as well as these attorneys' notes relating to the same, and limits his response accordingly.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

REQUEST FOR PRODUCTION NO. 2:

Any and all DOCUMENTS and/or COMMUNICATIONS You shared, transmitted and/or otherwise disclosed in any way to any PERSON other than xAI containing, referencing and/or otherwise mentioning DOCUMENTS belonging to xAI or relating to xAI's business (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS).

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party also objects to the request to the extent that it requires a legal conclusion. Responding Party further objects to the request on the grounds that the request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request and produce the requested documents, if any, would violate his right against self-incrimination protected by the Fifth

Amendment of the United States Constitution. Moreover, Responding Party interprets this request to exclude Responding Party's communications with counsel retained for the dispute in this Action or for the Criminal Investigation as well as these attorneys' notes relating to the same, and limits his response accordingly.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

REQUEST FOR PRODUCTION NO. 3:

Any and all DOCUMENTS and/or COMMUNICATIONS between you and any prospective employer on or after February 26, 2024.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Responding Party objects to the request on the grounds that the request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request and produce the requested documents, if any, would violate his right against self-incrimination protected by the Fifth Amendment of the United States Constitution.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

REQUEST FOR PRODUCTION NO. 4:

Any and all DOCUMENTS and/or COMMUNICATIONS relating to xAI or xAI's business on or after February 26, 2024.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the request on the grounds that the request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request and produce the requested documents, if any, would violate his right against self-incrimination protected by the Fifth

Amendment of the United States Constitution. Moreover, Responding Party interprets this request to exclude Responding Party's communications with counsel retained for the dispute in this Action or for the Criminal Investigation as well as these attorneys' notes relating to the same, and limits his response accordingly.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

REQUEST FOR PRODUCTION NO. 5:

Any and all DOCUMENTS and/or COMMUNICATIONS relating to any foreign government and/or anyone who actually holds an official position with, purports to hold an official position with, and/or purports to be acting on behalf or in the interest of any government other than that of the United States of America on or after February 26, 2024.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the request on the grounds that the request is overbroad, burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request and produce the requested documents, if any, would violate his right against self-incrimination protected by the Fifth Amendment of the United States Constitution. Moreover, Responding Party interprets this request to exclude Responding Party's communications with counsel retained for the dispute in this Action or for the Criminal Investigation as well as these attorneys' notes relating to the same, and limits his response accordingly.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

REQUEST FOR PRODUCTION NO. 6:

Any and all DOCUMENTS and/or COMMUNICATIONS relating to any PERSON who is a Chinese entity or an entity located in China, or who is employed or affiliated with a Chinese entity or an entity located in China, on or after February 26, 2024.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the request on the grounds that the request is overbroad, burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request and produce the requested documents, if any, would violate his right against self-incrimination protected by the Fifth Amendment of the United States Constitution. Moreover, Responding Party interprets this request to exclude Responding Party's communications with counsel retained for the dispute in this Action or for the Criminal Investigation as well as these attorneys' notes relating to the same, and limits his response accordingly.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

REQUEST FOR PRODUCTION NO. 7:

Any and all DOCUMENTS and/or COMMUNICATIONS relating to artificial intelligence, large language models, or multimodal models on or after February 26, 2024.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Responding Party objects to the request on the grounds that the request is overbroad, burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request and produce the requested documents, if any, would violate his right against self-incrimination protected by the Fifth Amendment of the United States Constitution. Moreover, Responding Party interprets this request to exclude Responding Party's communications with counsel retained for the dispute in this Action or for the Criminal Investigation as well as these attorneys' notes relating to the same, and limits his response accordingly.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

Case No. 3:25-cv-07292-RFL     -5-
4934-0612-3367v1
ASHAW\34704001
Defendant's Response to Plaintiffs' Expedited First Set of Requests for Production

REQUEST FOR PRODUCTION NO. 8:

Any and all DOCUMENTS and/or COMMUNICATIONS relating to passwords, passcodes, decryption keys, or other access credentials for any ELECTRONIC STORAGE DEVICE or CLOUD STORAGE ACCOUNT used to access, store, or transmit any DOCUMENTS or information belonging to xAI or relating to xAI's business.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the request on the grounds that the request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request and produce the requested documents, if any, would violate his right against self-incrimination protected by the Fifth Amendment of the United States Constitution. Moreover, Responding Party interprets this request to exclude Responding Party's communications with counsel retained for the dispute in this Action or for the Criminal Investigation as well as these attorneys' notes relating to the same, and limits his response accordingly.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

**RESPONSES TO REQUESTS FOR INSPECTION**

REQUEST FOR INSPECTION NO. 1:

Any computer (including laptop computer) or other device, including without limitation any smartphones or mobile devices, which YOU have ever accessed, copied, or transmitted xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS.

RESPONSE TO REQUEST FOR INSPECTION NO. 1:

Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the request to the extent that it requires a legal conclusion. Moreover, Responding Party objects to the request on the grounds that the request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and

not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request and produce the requested items, if any, would violate his right against self-incrimination protected by the Fifth Amendment of the United States Constitution.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

REQUEST FOR INSPECTION NO. 2:

Any backup media, including but not limited to any ELECTRONIC STORAGE DEVICES, CLOUD STORAGE ACCOUNTS, compact disks, tape, or hard drives, used to backup any computer, computer system, e-mail system, electronic data, or other information system used by YOU at any time to access, copy, or transmit xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS.

RESPONSE TO REQUEST FOR INSPECTION NO. 2:

Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the request to the extent that it requires a legal conclusion. Moreover, Responding Party objects to the request on the grounds that the request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request and produce the requested items, if any, would violate his right against self-incrimination protected by the Fifth Amendment of the United States Constitution.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

DATED: SEPTEMBER 9, 2025

BERLINER COHEN, LLP

BY: _____
CHRISTIAN E. PICONE
ATTORNEYS SPECIALLY APPEARING FOR
DEFENDANT XUECHEN LI