# EXHIBIT L

# McCullough, Matt

| | |
|---|---|
| **From:** | Luedtke, Carolyn <Carolyn.Luedtke@mto.com> |
| **Sent:** | Thursday, November 20, 2025 10:30 AM |
| **To:** | McCullough, Matt |
| **Cc:** | Kravis, Jonathan; Shikman, Dane; Bronshteyn, Gabriel; Glynn, Joseph; Vidal, Kathi; Slifer, LeElle B.; Swope, Carson |
| **Subject:** | Ethan Knight |

Matt,

This responds on behalf of Ethan Knight to your November 12 email regarding Ethan's agreement to provide you with certain messages removed from his personal devices and accounts. You had been responding to my November 4 proposal.

Ethan's X-Chats and his photographs were provided to xAI's vendor Nardello last week by Lighthouse. We await your confirmation that the hard drive worked and contained the files in the index provided by Lighthouse before Lighthouse deletes the material. Let us know if they may go ahead and delete. We won't have them delete until we have confirmation from you that they should do so.

With respect to his text messages, his Signal messages, and his notes, we do not agree with the protocol for our review outlined in your November 12 message. You have pointed to no authority in Ethan's contracts or under the law that would preclude us as Ethan's lawyers from reviewing this material to remove anything that does not reference confidential xAI information or documents. You have not articulated why xAI would have any right to Ethan's personal communications that relate to xAI. Can you provide any contractual or legal authority for your requested proposal? We will review any citations or provisions of any contracts that you identify and consider your position.

To move things forward, here is a revised proposal that I am hopeful addresses any concerns you have:

1. We will work with you to agree on a Protective Order. (We think we need to do one just for the review of Ethan's files as that may be easier than for the entire OpenAI/xAI litigation and can address the more streamlined issue of this review of a small universe of materials for a non-litigation purpose. We will be back to you.)

2. We will agree to treat any documents reviewed by MTO as provisionally designated as xAI Highly Confidential – Attorneys' Eyes Only under the terms of whatever Protective Order we agreed upon.

3. We will review this population of texts, Signal messages, and notes preserved by Lighthouse and provide you with any messages or notes that contain xAI information, whether or not we think it is confidential. So for example, if a text chain talked about developing a new feature of Grok, even if that feature was now publicly released, we would provide that to xAI. We will not, however, provide to you texts that are purely personal and don't contain xAI information but relate to working at xAI or just reference xAI. So for example, if there was a text that said "I do not like working with X person at xAI," that would not be something that we would need to return as that would contain no xAI information and is personal in nature. Or if there was a text from another person to Mr. Knight that said "I want to leave my job at xAI because I do not like how Y person treats Z person," that is not something we would return. We are talking in hypotheticals because we have not reviewed the material.

4. We agree to provide you a log of any texts, Signal messages, or notes being withheld. You can then meet and confer with us if you think the withholding is a problem.

1

We think this proposal is entirely reasonable.  It may be that nothing needs to be withheld.  The log can allow us to move forward with everyone preserving their rights and see if we even have a dispute, and to have more information on both sides for resolving that dispute.  This is our key issue: we and our client do not know what is in these messages and so we do not want to agree in advance to what we will provide you beyond things that contain xAI information.  We had Lighthouse do a broad sweep that no doubt picked up either irrelevant things, personal things, or communications without any xAI information in them.  Our review will allow us to determine what, if any dispute, exists and to be more informed in any dispute that remains.

Let us know.  I'm also happy to get on the phone to discuss.

Regards,
Carolyn