1  CAROLYN HOECKER LUEDTKE (SBN. 207976)
   carolyn.luedtke@mto.com
2  DANE P. SHIKMAN (SBN. 313656)
   dane.shikman@mto.com
3  GABRIEL M. BRONSHTEYN (SBN. 338011)
   gabriel.bronshteyn@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
5  San Francisco, California 94105-3089
   Telephone:    (415) 512-4000
6  Facsimile:    (415) 512-4077

7  SAMUEL H. ALLEN (SBN. 314171)
   samuel.allen@mto.com
8  JOSEPH N. GLYNN (SBN. 337652)
   joseph.glynn@mto.com
9  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, Fiftieth Floor
10 Los Angeles, California 90071-3426
   Telephone:    (213) 683-9100
11 Facsimile:    (213) 687-3702

12 Attorneys for Non-Parties OpenAI, Inc., OpenAI
   Global, LLC, and OpenAI OpCo, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| X.AI CORP. and X.AI LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>XUECHEN LI,<br><br>    Defendant. | Case No. 3:25-cv-07292-RFL<br><br>**NON-PARTY OPENAI'S OPPOSITION TO XAI'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL XAI'S MOTION TO COMPEL THIRD-PARTY PRODUCTION**<br><br>Judge:   Honorable Rita F. Lin |

Case No. 3:25-cv-07292-RFL

NON-PARTY OPENAI'S OPPOSITION TO XAI'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL XAI'S MOTION TO COMPEL THIRD-PARTY PRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Non-Parties OpenAI, Inc., OpenAI Global, LLC, and OpenAI OpCo, LLC (collectively, "OpenAI") oppose the Administrative Motion to File Under Seal Motion to Compel Third-Party Production (Dkt. No. 106) filed by Plaintiffs X.AI Corp. and X.AI LLC (collectively, "xAI").

A party seeking to seal a document from the public record "bears the burden of articulating 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Kavcic v. Broadcom Inc.*, 2023 WL 3149256, at *1 (N.D. Cal. Feb. 10, 2023). xAI's Motion falls far short of meeting that burden.

First, xAI's conclusory declaration—asserting that the entirety of Exhibits A and B and portions of the Motion should be sealed because they constitute trade secrets and xAI confidential information—is insufficient to justify sealing. *See* xAI's Administrative Motion to File Under Seal ("Mot."), Dkt. 106, at 1-2. xAI's only support for that position is a single sentence in the declaration, which states that the proposed sealed material "contain[s] competitively sensitive information, including descriptions of xAI's trade secrets." Declaration of Jonathan Hung in Support of xAI's Administrative Motion to File Under Seal, Dkt. No. 106-1 ¶ 2. That unsupported statement says nothing about the information to be sealed, much less why the Court should conclude that it is competitively sensitive. *See Kavcic*, 2023 WL 3149256, at *1 ("General assertions of potential competitive or commercial harm are not enough to establish good cause for sealing court records.").[1] xAI's conclusory declaration does not qualify as "evidentiary support" for the information being competitively sensitive. L.R. 79-5(c)(2).

Second, even if xAI had demonstrated that its motion to compel contained any trade secrets or confidential information at all, xAI's request to seal the entirety of Exhibits A and B should be denied because it is not "narrowly tailored." L.R. 79-5(c)(3). Remarkably, xAI persists in making this request even though the Court has already rejected xAI's request to seal the very

---

[1] In resolving this Motion, the Court need not decide whether any of the material at issue contains trade secrets or confidential information. OpenAI reserves the right to challenge whether any of that material constitutes trade secrets or confidential information. OpenAI takes no position on Dr. Li's contention that the slide deck (or portions thereof) constitutes his "confidential and personal work product." Dkt. No. 82, at 3.

same document constituting Exhibit A as "not narrowly tailored." Order Re: Motions to Seal, Dkt. No. 103 at 20 (Exhibit 12 to McCullough Declaration). The Court ordered that xAI file "more narrowly tailored proposed redactions and declarations justifying the proposed redactions." Dkt. No. 103 at 1. xAI has failed to do so here.

In one instance, xAI has requested even *broader* sealing than it has sought previously. xAI requests to seal the entirety of Exhibit B and portions of the Motion that reference a file name which it previously revealed in a public filing in this action. *See* Declaration of Joseph Pochron in Support of Plaintiffs' Motion for TRO and Order to Show Cause, Dkt. No. 8-16 ¶ 18. Despite this prior disclosure, xAI argues that the file name should be sealed because "disclosure of the precise locations where xAI's confidential information is stored … would expose xAI confidential information to a heightened risk of further misappropriation, cyber intrusion, and other malicious acts." Mot. at 2. But xAI does not explain what "precise location" information it seeks to seal; nor does the information in the motion to compel appear to OpenAI to reveal any location of the information other than Li's Google account. *See* xAI's Motion to Compel Third-Party Production, Dkt. 109, at 12. OpenAI does not oppose partial sealing of information in Exhibit B to the extent it constitutes precise locations of information that xAI alleges to be trade secrets and confidential information.[2] But xAI does not explain how the name of a file standing alone—without any information about where that file is located in Google—could trigger any risks.

Accordingly, the Court should deny xAI's Administrative Motion to File Under Seal its Motion to Compel.

---

[2] By not opposing the sealing of any precise location information in Exhibit B, OpenAI does not concede that the Court cannot, based on the information before it, conclude at this stage that the information contained in Exhibit B is not a trade secret or confidential information. OpenAI's non-opposition to partial sealing is also not a concession that xAI has met its burden to justify sealing the entirety of Exhibit B.

DATED: March 10, 2026

MUNGER, TOLLES & OLSON LLP

By:    *s/ Carolyn Hoecker Luedtke*
       CAROLYN HOECKER LUEDTKE
       DANE P. SHIKMAN
       GABRIEL M. BRONSHTEYN
       SAMUEL H. ALLEN
       JOSEPH N. GLYNN

Attorneys for Defendants OpenAI, Inc., OpenAI Global, LLC, and OpenAI OpCo, LLC