# EXHIBIT G

[redacted]

Nardello & Co.

Nardello & Co. LLC
1212 Avenue of the Americas
New York, NY 10036
T: +1 212 537 5300
www.nardelloandco.com

**MEMORANDUM**

**FROM:** Nardello & Co. LLC

**RE:** Analysis of Xuechen Li's [redacted] Account [redacted] for *X.AI Corp. et al. v. Li*, No. 3:25-cv-07292-RFL (N.D. Cal.)

**DATE:** November 6, 2025

---

*Nardello & Co. LLC has made its best effort to ensure the accuracy of the information contained herein, which is being furnished in connection with protocols agreed by the parties in X.AI Corp. et al. v. Li*, Case No. 3:25-cv-07292-RFL (N.D. Cal.). *The information contained herein: (i) may be orally modified with additional information; (ii) does not purport to render legal advice or counsel; and (iii) does not constitute a legal opinion on any of the matters discussed herein.*

## I. INTRODUCTION

*Background and Goals of the Investigation*

This memorandum presents the findings of analysis undertaken by Nardello & Co. LLC regarding Xuechen Li's primary [redacted] account, [redacted] Under the direction of Winston & Strawn LLP and Fenwick & West LLP, Nardello & Co. successfully regained access to Li's primary [redacted] account, and subsequently updated the account password, recovery email and recovery phone number to Nardello & Co.-controlled credentials to establish sole possession of the account. For the purposes of evidence identification, the [redacted] account [redacted] was assigned a unique identifier, [redacted]. For the purposes of this memorandum, [redacted] will be referred to as "the account".

The purpose of the analysis was to determine the extent of the account's involvement in the potential exfiltration of xAI intellectual property. Additionally, the analysis included the identification of [redacted], along with the review of certain files of interest named [redacted] All work was conducted in accordance with the established protocols.

*Account Details*

[redacted]

- **Provider**: [redacted]
- **Alias**: [redacted]

Nardello & Co.

## II. Description of the Processes and Steps taken by Nardello & Co.

### A. Data Acquisition

Beginning on October 20, 2025, Nardello and Co. utilized [redacted] to collect all available data sources within the account. [redacted] is a service provided by [redacted] that allows users to export and download certain data from their accounts.

Nardello & Co. also utilized industry-standard forensic tools, Metaspike Forensic Email Collector and Magnet Axiom Process, to collect additional data associated with the account from the following sources:

- [redacted]

### B. Data Analysis

All data collections were processed utilizing industry-standard forensic tools and examined within the scope of the requested analysis.

*Search Parameters*

Nardello & Co.'s analysis consisted of searching for general keywords related to the information provided by Winston & Strawn, including, but not limited to:

- [redacted]

In addition to the keywords, Nardello & Co. applied a date filter, specifically, 02/01/2024 to the present, to the [redacted] data to identify relevant file activity during Li's period of employment at xAI. Once potentially relevant files were identified, new keyword searches were crafted and ran based on the file names of the relevant files and their contents, including, but not limited to:

- [redacted]

Nardello & Co.

## III. Description of the Results of Analysis by Nardello & Co.

### A. Identification of xAI Confidential Information in [redacted]

Nardello & Co.'s analysis located the [redacted] files in the [redacted] data. The files were stored in a folder named "tmp" within the account's [redacted] did not maintain the folder structure of the [redacted] files within the [redacted] portion of the export. Nardello & Co. conducted a supplemental collection of the [redacted] utilizing an industry-standard forensic tool, Magnet Axiom Process, to preserve the folder structure of the files. [redacted] and [redacted] appeared to contain [redacted], and [redacted] contained [redacted]

Analysis of the [redacted] activity logs revealed that [redacted] The [redacted] activity logs show that [redacted]

Nardello & Co. identified potential xAI intellectual property within the mailbox consisting of automated emails from [redacted] These emails referenced [redacted] pages, including, but not limited to, [redacted] along with their respective repositories. Although portions of these repositories appear to be publicly available on [redacted], the emails include updates relating to specific repositories that are not publicly available on [redacted] as of today's date, including [redacted]. The [redacted] notification emails also included [redacted]

In addition to the [redacted] files, Nardello & Co. located a file named [redacted]. This file was [redacted].

Nardello & Co. further identified [redacted] These pdf files appear to be [redacted] These files may contain xAI intellectual property. The following is a list of these files:

- [redacted]
- [redacted]
- [redacted]
- [redacted]

Nardello&Co.

- [redacted]

A number of the above files were [redacted] The following files were [redacted]

- [redacted]

**B. DELETION OF XAI CONFIDENTIAL INFORMATION IN [redacted]**

Nardello and Co. have not yet deleted any of the materials identified in Section A above.

**C. IDENTIFICATION OF ANY EVIDENCE OF THE PRESENCE, USE, COPYING, TRANSFER, OR ANY FURTHER DISCLOSURE OF XAI CONFIDENTIAL INFORMATION IN [redacted]**

Nardello and Co. did not uncover any direct evidence of further copying or disclosure of the above documents within the [redacted] account itself, though Nardello and Co. has previously identified evidence that at least [redacted] For the purposes of evidence identification, the MacBook Pro bearing serial number [redacted], was assigned a unique identifier of [redacted]. For the purposes of evidence identification, the MacBook Air bearing serial number [redacted], was assigned a unique identifier of [redacted]. Forensic analysis of [redacted] revealed, [redacted] Forensic analysis of [redacted] revealed, [redacted] Thus, despite the absence of direct evidence inside the [redacted] account itself, there is evidence of transferring and copying at least [redacted] to Li's personal devices.

Analysis of any sharing, downloading or further distribution based on information inside the [redacted] account itself was limited due to limitations in the information available from [redacted] and due to Li's apparent deletion of [redacted] prior. to [redacted]

To Nardello & Co.'s knowledge, [redacted] does not provide to users of a personal [redacted] account a user-accessible log of the instances in which a [redacted] was downloaded or viewed through either [redacted] As such, users of a personal [redacted] account generally do not have direct access to a clear record of whether files were viewed or downloaded from the account, from what devices, or how many times such files were viewed or downloaded. It is possible that information of this nature could exist within [redacted], but Nardello & Co. is aware of no way to access such information from Li's account.

Further, it appears that Xuechen Li deleted records that might reveal evidence of his accesses to the documents identified above. Specifically, the [redacted]y that Nardello and Co. obtained through the [redacted] process only goes back as early as [redacted] This [redacted], if complete, would show access to the above files by URL and/or to the [redacted] in which the files were located for any [redacted] that Xuechen Li was logged into his [redacted] account. Based on the absence of records before [redacted], it appears that [redacted] As a result, for example, [redacted]

Nardello & Co.'s analysis of the account's [redacted] Specifically, the analysis found [redacted] Analysis also identified [redacted]. The dates associated with [redacted]

Nardello & Co.

[redacted] Additionally, Nardello and Co. identified an incoming email from [redacted] stating [redacted]