# EXHIBIT S

[redacted]

**From:** Jessica Kaempf
**Sent:** Thursday, November 20, 2025 5:03 PM
**To:** McCullough, Matt; Benjamin Kingsley; Christian E. Picone; Angela Shaw; xAI v Li
**Cc:** Winston-x.AI-XuechenLi
**Subject:** RE: xAI v. Li - Post-August 27 protocol, [redacted]

Matt,

We are concerned these requests are being raised at this late date. As you know, the parties agreed to complete any remaining account recovery attempts by November 7, 2025. (See Dkt. 62.) With respect to the post-August 27 devices and accounts, xAI has had several weeks to attempt recovery on these accounts and devices. Indeed, we had proposed a protocol for these accounts and devices nearly two months ago, on September 24; and we then followed up multiple times, on September 30, October 2, October 4, October 10 and October 13. xAI failed to provide any feedback on the protocol, or on our proposed stipulation, at any point during that time period. Such delays, whether due to xAI's lack of diligence or other intentions, result in unnecessary inefficiency and hinder progress. It is also concerning that xAI is now raising, for the first time, a request to recover Dr. Li's [redacted] and [redacted] accounts, which we believe xAI has known about since August.

Nonetheless, in the interest of moving this matter to resolution and as a further demonstration of good faith, we will agree to proceed with recovery of the [redacted] and [redacted] accounts pursuant to the recovery protocol. Please provide times you are available tomorrow (Friday 11/21) between 11:30 am and 1:30 pm PT.

As for your edits to the August 27 Protocol and related Joint Stipulation and Proposed Order, we are reviewing your changes, and will get back to you. We would propose using Carden Rose as the joint vendor. Please let us know if you agree.

Finally, with respect to all accounts and devices which as of today do not contain xAI confidential information, we reiterate again our request for the account restoration information pursuant to the September 16 order. Please provide this information.

Best,
Jessica

Jessica Kaempf
Fenwick | Partner | +1 206-389-4550 | jkaempf@fenwick.com

**From:** McCullough, Matt <MRMcCullough@winston.com>
**Sent:** Tuesday, November 18, 2025 11:40 AM
**To:** Jessica Kaempf <jkaempf@fenwick.com>; Benjamin Kingsley <BKingsley@fenwick.com>; Christian E. Picone <christian.picone@berliner.com>; Angela Shaw <angela.shaw@berliner.com>; xAI v Li <xAIvLi@fenwick.com>
**Cc:** Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Subject:** xAI v. Li - Post-August 27 protocol, [redacted]

**** EXTERNAL EMAIL ****

Jessica,

It's come to our attention through analysis of Li's accounts that Li has [redacted] and [redacted] accounts that he failed to disclose pursuant to the TRO. Please let us know your availability today or tomorrow to recover both accounts pursuant to the recovery protocol.

Additionally, see attached our edits to the August 27 Protocol for Devices and Accounts and related Joint Stipulation and Proposed Order for your review. We can agree that the [redacted] account can be treated under the August 27 Protocol provided the parties reach agreement on that protocol. Please let us know if you are signed off on the protocol and joint stipulation. Please also let us know if you have identified a proposed joint vendor.

Thanks,
Matt

WINSTON & STRAWN LLP

**MATTHEW MCCULLOUGH**
OF COUNSEL

**T** +1 (650) 858-6453
mrmccullough@winston.com

255 Shoreline Drive, Suite 520, Redwood City, CA 94065

*Admitted to practice in California*

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.