BENJAMIN S. KINGSLEY (CSB No. 314192)
bkingsley@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

JESSICA M. KAEMPF (WA Bar No. 51666)
jkaempf@fenwick.com
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511

CHRISTIAN E. PICONE (CSB 218275)
ANGELA SHAW (CSB 321726)
christian.picone@berliner.com
angela.shaw@berliner.com
BERLINER COHEN, LLP
Ten Almaden Boulevard,
San Jose, California 95113-2233
Telephone: 408.286.5800
Facsimile: 408.998.5388

Attorneys for Defendant Xuechen Li

FENWICK & WEST LLP
ATTORNEYS AT LAW

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X.AI Corp., a Nevada corporation, and X.AI LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>XUECHEN LI,<br><br>Defendant. | Case No.: 3:25-cv-07292-RFL<br><br>**DECLARATION OF SAMUEL PLAINFIELD IN SUPPORT OF DEFENDANT XUECHEN LI'S OPPOSITION TO PLAINTIFFS' REQUEST FOR A PRELIMINARY INJUNCTION**<br><br>Case Filed: August 28, 2025 |

[redacted]

*** Defendant will subsequently file a redacted version of this sealed Declaration upon concurrence with Plaintiffs' counsel regarding text to be redacted. Text highlighted in green is information that Defendant believes Plaintiffs may contend is confidential information.**

I, Samuel Plainfield, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a forensic investigator at Syntax Technical Computer Forensics. I specialize in preserving and analyzing electronic evidence. I hold two vendor-neutral certifications in the field of electronic forensics: the CCFE (Certified Computer Forensics Examiner) and the CHFI (Computer Hacking Forensic Investigator).

2. I was the Director of Forensic Analysis and a founding member of Flatwater Forensics. I have been qualified and testified as an expert in state and federal courts numerous times, including as a computer forensics expert and a cell phone/tower expert. I have been appointed as a third-party neutral by courts and have served in many other capacities in connection with electronic evidence of myriad types. My experience also includes forensic investigations for banks, large technology companies, executives, law enforcement, and other large organizations. Accompanying this declaration is my CV, attached as **Exhibit A**, which contains a list of representative cases which demonstrate the range of matters in which I experience and provided testimony. This case involves alleged data exfiltration, MacOS and iOS forensics, cell phone and computer forensics, and "cloud" analysis—areas in which I have significant experience.

3. My compensation is not dependent on the outcome of this matter.

**Background**

4. I was retained by Fenwick & West LLP ("Fenwick") to perform forensic analysis and opine in connection with images of devices and "cloud" accounts that belong to or were otherwise accessed by Dr. Li. I was also retained to review documents and analyses produced by xAI and Nardello & Co. ("Nardello"), a digital forensics firm retained by xAI, related to those devices and accounts.

5. Specifically, I was given instructions to investigate Dr. Li's access, possession, deletion, and/or transmission of certain files identified by xAI in: the Declaration of Joseph Pochron in Support of xAI's Motion for Temporary Restraining Order, Order to Show Cause Why Preliminary Injunction Should Not Issue, and Order Permitting Expedited Discovery, dated August 28, 2025 (Dkt. 8-16 ("Pochron Decl.")); Nardello's memorandum titled "Analysis of Xuechen Li's Google Account [redacted] for *X.AI Corp. et al. v. Li*, No. 3:25-cv-07292-RFL (N.D.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Cal.)," dated November 6, 2025 ("Nardello Google Report"); Nardello's memorandum titled "Analysis of Xuechen Li's Stanford account [redacted], Dropbox account [redacted] GitHub account [redacted], second Google account [redacted], ChatGPT account [redacted], and Microsoft Account [redacted]," dated November 17, 2025 ("Nardello Cloud Accounts Report"); Nardello's memorandum titled "Analysis of Xuechen Li's Apple iCloud account [redacted]" dated November 20, 2025 ("Nardello iCloud Report").[1]

6. Based on xAI's Responses to Dr. Li's Interrogatories Set One, dated October 17, 2025,[2] I understand that xAI alleges the following are the alleged trade secrets at issue in this case: (1) "2 compressed files of the xAI main codebase" and (2) "1 file that is a slide deck of software design for RL." I also understand that these files are named:

- arch.7z ("Arch 1")
- arch2.7z ("Arch 2")
- arch3.7z ("Arch 3")

7. I understand that the Arch 1 and Arch 2 files are allegedly the "2 compressed files of the xAI main codebase," and that the Arch 3 file is allegedly the "1 file that is a slide deck of software design for RL."

8. The three Arch files listed above (collectively "Arch files") are in a ".7z" file format. A ".7z" file is a compressed archive format created by the 7-Zip open-source file compression program. A .7z file often preserves the full file metadata (e.g., file name (including the full original path if stored); file size (original, uncompressed size); timestamps, such as creation time, last modification time, and last access time; file attributes, such as read-only status, hidden/system flags; and permissions, such as owner information and access control lists). As discussed in more

[1] The Nardello Google Report is attached as Exhibit G to the Declaration of Jessica Kaepmf in Support of Defendant's Opposition to Plaintiffs' Request for a Preliminary Injunction ("Kaempf Decl."). Likewise, the Nardello Cloud Report is attached as Exhibit N, and the Nardello iCloud Report as Exhibit O, to the Kaempf Decl.

[2] Attached as Exhibit V to the Kaempf Decl.



FENWICK & WEST LLP ATTORNEYS AT LAW

detail below, I have performed a forensic analysis to look for such evidence of the Arch files on the relevant devices and accounts at issue.[3]

9. In addition to searching specifically for evidence and artifacts of the three files of interest[4] described above, I have also analyzed the devices and cloud accounts at issue using a variety of industry-standard forensic tools in addition to a manual "low-level" analysis (i.e., review of raw data) of system logs and artifacts to uncover potential evidence of exfiltration (e.g., copying, transferring, sharing, etc.).

10. Using these forensic tools and methods, I was asked to investigate the presence, use, and exfiltration of the three compressed Arch files on several devices and accounts either owned by Dr. Li or at one time accessed by Dr. Li provided to xAI pursuant to the Temporary Restraining Order (Dkt. 20), including (but not limited to):

- A MacBook Pro laptop computer, bearing Nardello's identification number "5274-031-SF-001" ("Dr. Li's MacBook Pro")
- A MacBook Air laptop computer, bearing Nardello's identification number "5274-031-SF-002" ("Dr. Li's MacBook Air")
- A Mac Studio desktop computer, bearing Nardello's identification number "5274-031-SF-007" ("Dr. Li's Mac Studio")
- An iPhone 15 Plus, bearing Nardello's identification number "5274-031-SF-003" ("Dr. Li's iPhone")
- A Google Drive account belonging to the e-mail address [redacted] bearing Nardello's identification number "5274-031-SF-008" ("Dr. Li's Google Drive")

[3] I understand that xAI alleges that "[b]efore [Dr.] Li uploaded [the Arch files] to his Google account, he compressed the files and renamed them." (Dkt. 8-3, Applin Decl. at ¶ 16.) When 7-Zip begins the compression process, the program requires that a filename be set. Thus, the fact that Dr. Li named the Arch files is simply a name designated for an *archive* of data.

[4] I also understand xAI alleges that a file titled "interview slides 07/13/25.pptx" ("Interview Slides") "may reference xAI intellectual property." (Nardello Google Report at 3; *see also* Pochron Decl. at ¶ 18.) Should xAI later assert that the Interview Slides contain xAI's purportedly trade secret information, I reserve the right to update my analysis.



FENWICK & WEST LLP ATTORNEYS AT LAW

- A Microsoft account belonging to the e-mail address [redacted], "5274-031-SF-016" ("Dr. Li's Microsoft Account")
- A Dropbox account belonging to the e-mail address [redacted] bearing Nardello's identification number "5274-031-SF-010" ("Dr. Li's Dropbox Account")

11. I was also provided with access to what Nardello has represented are exports of the following "cloud" accounts: a Stanford account for [redacted]; a GitHub account for [redacted]; a second Google account for [redacted]; a ChatGPT account for [redacted]; and an Apple iCloud account [redacted].

12. To be clear, I was not provided with access to the devices and accounts themselves. Instead, I was provided with drives containing device images and cloud account exports generated by Nardello. In some cases, I was also provided activity logs that I understand were generated by Nardello. These activity logs purport to contain certain limited information about Dr. Li's activity on these devices and accounts.

13. Regarding the device images, specifically, on October 20, 2025, I was provided with an external drive labeled EXT-0475 and bearing the Bates number "ND000001." The drive contains several images derived from Dr. Li's MacBook Pro, Dr. Li's MacBook Air, Dr. Li's Mac Studio, and Dr. Li's iPhone. These images have been modified in such a manner to remove certain information that xAI alleges is xAI confidential information.

14. On November 6, 2025, I was provided another drive with what purports to be the "Google Takeout" export of Dr. Li's Google account, and has been represented to contain the export of Dr. Li's Google Drive with the exception of certain information that xAI alleges is xAI confidential information that has been removed.

15. On November 17, 2025, I was given another external drive from the offices of Winston & Strawn. I understand that the data on this drive was prepared by Nardello and has been represented to contain the exports of Dr. Li's Microsoft account, Dr. Li's Dropbox account, the Stanford account for [redacted], the GitHub account for [redacted], the

FENWICK & WEST LLP
ATTORNEYS AT LAW

second Google account for [redacted], and the ChatGPT account for [redacted]

16. On November 20, 2025, I was given another external drive from the offices of Winston & Strawn. I understand that the data on this drive was prepared by Nardello and has been represented to contain the export of the Apple iCloud account for [redacted]

17. As described in detail below, I searched for the three files of interest using a variety of forensic tools and methods on the relevant devices and accounts. Based on my review, Dr. Li does not have access to any of the three files that allegedly contain xAI's confidential information.

**Dr. Li's MacBook Pro**

18. I performed a forensic analysis of Dr. Li's MacBook Pro. Among other things, I performed an exhaustive low-level (i.e., review of raw data) examination for any evidence of the Arch 1, Arch 2, and Arch 3 compressed files throughout the entirety of Dr. Li's MacBook Pro. This analysis included an examination for any evidence that the files might have been downloaded, opened, transferred or otherwise copied/exfiltrated.

19. Based on my analysis, the Arch 1, Arch 2, and Arch 3 files do not exist on Dr. Li's MacBook Pro as of the time of this declaration.

20. In addition, there is no evidence that the compressed Arch 1, Arch 2, and Arch 3 files were ever exfiltrated from Dr. Li's MacBook Pro, either to a cloud storage account, a local storage device (e.g., USB flash drive or external hard drive), or through a messaging platform. Indeed, in addition to performing an exhaustive low-level (i.e., review of raw data) search for exfiltration of these files, I also reconstructed the unified log history of Dr. Li's MacBook Pro. Based on this reconstruction and exhaustive analysis, there is no evidence that any external storage device, such as a USB flash drive or an external hard drive, was ever plugged into Dr. Li's MacBook Pro between July 25, 2025, and August 16, 2025. I understand based on the Nardello Google Report and the Declaration of Christian Picone that this is the period during which xAI alleges its purportedly confidential information was on Dr. Li's MacBook Pro and Dr. Li had possession of the MacBook Pro (before providing it to xAI). Thus, based on my analysis, there is no evidence that any of these Arch files were exfiltrated from this device.

21. Nor have I found any evidence on Dr. Li's MacBook Pro that the compressed Arch files were used by Dr. Li. I understand based on the Nardello Google Report that the only Arch files that Nardello has identified were on the MacBook Pro at any time are the Arch 1 and Arch 3 files. Based on my search of the entirety of Dr. Li's MacBook Pro, the only activity related to the Arch 1 file on this computer is a single download event on July 25, 2025 at 11:20 AM (Pacific Time). The only activity related to Arch 3 file on this computer is the single download event on July 27, 2025 at 11:21 AM (Pacific Time). There is no activity related to the Arch 2 file. There is no evidence that Dr. Li used (i.e., decompressed, opened, modified, etc.) any of the compressed Arch files on this device.

22. Thus, based on my analysis, there is no evidence that any of the three identified files of interest currently exist on Dr. Li's MacBook Pro.

**<u>Dr. Li's MacBook Air</u>**

23. I also performed a forensic analysis of Dr. Li's MacBook Air. Among other things, I performed an exhaustive low-level (i.e., review of raw data) examination for any evidence of the Arch 1, Arch 2, and Arch 3 compressed files throughout the entirety of Dr. Li's MacBook Air. This analysis included an examination for any evidence that the files might have been downloaded, opened, transferred or otherwise copied/exfiltrated.

24. Based on my analysis, the Arch 1, Arch 2, and Arch 3 files do not exist on Dr. Li's MacBook Air as of the time of this declaration.

25. In addition, there is no evidence that the compressed Arch 1, Arch 2, and Arch 3 files were ever exfiltrated from Dr. Li's MacBook Air, either to a cloud storage account, a local storage device, or through a messaging platform. Based on my reconstruction of the unified log history of Dr. Li's MacBook Air, there is no evidence that any external storage device, such as a USB flash drive or an external hard drive, was ever plugged into Dr. Li's MacBook Pro between July 25, 2025, and August 16, 2025. Thus, based on my analysis, there is no evidence that any of these Arch files were exfiltrated from this device.

26. I understand based on the Nardello Google Report that the only Arch file that Nardello has identified was on the MacBook Air at any time is the Arch 3 file. Mr. Pochron states



FENWICK & WEST LLP ATTORNEYS AT LAW

that he analyzed Dr. Li's MacBook Air and that he "discovered a zip file named 'arch3.7z' [(Arch 3)] located on the desktop of user '[redacted]'" (Pochron Decl. at ¶ 7.)

27. In his declaration, Mr. Pochron omits when the Arch 3 file was downloaded to Dr. Li's computer. (*Id.*) Based on my analysis, Dr, Li downloaded the Arch 3 file on August 12, 2025 at 10:24 PM (Pacific Time). Relatedly, I understand that Dr. Li received a letter from xAI on August 11, 2025 titled "Breach of Legal Obligations to X.AI LLC." (Dkt. 8-7 (Applin Decl. Ex. D) ("Demand Letter").) I have reviewed the Demand Letter and understand that xAI instructed Dr. Li that "if [he had] used *any* personal device or account to receive, store, review, prepare or transmit any xAI Confidential Information," that Dr. Li should "provide xAI with a computer-useable copy of all such Confidential Information and then permanently delete and expunge such Confidential Information from those systems." (*Id.* at 2 (emphasis added).) Based on my experience, to "provide xAI with a computer-useable copy" of a file that existed in a cloud account would generally require downloading the file from the cloud account to a computer or other digital storage medium that could be provided to xAI.

28. The August 12, 2025 10:24 PM (Pacific Time) download of the Arch 3 file to Dr. Li's MacBook Air referenced in Mr. Pochron's declaration occurred shortly after xAI demanded that Dr. Li provide a computer-usable copy of the Arch 3 file for xAI on August 11, 2025. (*See id.*). I have not seen any activity related to the Arch 3 file other than this single download event following xAI's Demand Letter. More importantly, the evidence shows that the file was never used. The MacBook Air's Google Chrome download history reveals the "opened" state of the Arch 3 file is zero, indicating that the Arch 3 file was never opened on Dr. Li's MacBook Air. And as stated above, there is no evidence that the Arch 3 file was ever exfiltrated from Dr. Li's MacBook Air.

29. Thus, based on my analysis, there is no evidence that any of the three identified Arch files of interest currently exist on Dr. Li's MacBook Air.

**<u>Dr. Li's Mac Studio</u>**

30. I also conducted a forensic analysis of Dr. Li's Mac Studio. I searched for any evidence of the three files of interest: the compressed Arch 1, Arch 2, and Arch 3 files. Among other things, I performed an exhaustive low-level (i.e., review of raw data) examination for any

evidence of these files throughout the entirety of Dr. Li's Mac Studio. This analysis included an examination for any evidence that the files might have been downloaded, opened, transferred or otherwise copied/exfiltrated.

31. I found no evidence that any of these files have ever existed on Dr. Li's Mac Studio.

32. Accordingly, there is no evidence that the files of interest exist on Dr. Li's Mac Studio as of the date of this declaration.

**Dr. Li's iPhone**

33. I conducted a forensic analysis of the image provided for Dr. Li's iPhone. Dr. Li's iPhone was imaged on August 18, 2025, beginning at 7:40 PM (Pacific Time) and ending at 8:41 PM (Pacific Time). Through an exhaustive low-level (i.e., review of raw data) analysis, I searched the entire device for any evidence of the compressed Arch 1, Arch 2, and Arch 3 files. Based on my review, there is no evidence that these files were ever downloaded to Dr. Li's iPhone. Nor is there any evidence that Dr. Li exfiltrated these files from his iPhone, either locally or through a cloud service.

34. I found no evidence that any of the Arch files ever existed on Dr. Li's iPhone. Accordingly, there is no evidence that the files of interest exist on Dr. Li's iPhone as of the date of this declaration.

**Dr. Li's Google Drive**

35. I conducted a forensic analysis of Dr. Li's Google Drive data, which constitutes an export from Google's cloud storage environment, including Google Drive contents, activity logs, and sharing/permissions records. In addition, I also reviewed activity log spreadsheets produced by Nardello during their analysis of Dr. Li's Google Drive.

36. The only activity on the Google Drive itself related to the Arch files includes the upload of Arch 1 on July 24, 2025, the upload of Arch 2 and Arch 3 on July 25, 2025, the deletion of each Arch file on August 11, 2025 at 6:48 PM (Pacific Time), and the subsequent restoration of each Arch file on August 13, 2025 following xAI's Demand Letter. In other words, I have found no evidence that the Arch files were ever opened, modified, or shared via Dr. Li's Google Drive.

The Nardello Google Report does not identify any evidence that these files were ever opened, modified, or shared via Dr. Li's Google Drive either. (Nardello Google Report at 3, 5.)

37. Critically, I have found no evidence that there were permission changes to the Arch files that would suggest viewing, editing or other rights were granted to third parties. Indeed, based on my analysis of Dr. Li's Google Drive and the Google Drive activity log produced by Nardello, Dr. Li often granted such permission changes and access rights to *other* files, establishing that the Google Drive export contains records of such permission changes and access rights, and suggesting that he certainly could have done so for the Arch files—but that he did not.

38. I have also found no evidence that the Arch files were ever downloaded to any of Dr. Li's devices other than the July 25 and July 27 downloads of the Arch 1 and Arch 3 files, respectively, to Dr. Li's MacBook Pro, and the August 12, 2025 download of Arch 3 to the MacBook Air following xAI's Demand Letter. However, as discussed above, none of those files currently remain on any of Dr. Li's devices, nor were they ever exfiltrated from Dr. Li's MacBook Pro or MacBook Air.

39. Thus, based on my review and the information made available to me to date, there is no evidence that the files of interest exist on Dr. Li's Google Drive account.

**<u>Dr. Li's Dropbox Account</u>**

40. I understand that Dr. Li has a Dropbox account associated with the email address [redacted]. I have reviewed Dr. Li's personal devices and Dr. Li's Google Drive account for any evidence of exfiltration of the three files of interest—Arch 1, Arch 2, and Arch 3—to the Dropbox account. I have found no evidence that any of these files were uploaded, transferred, or otherwise shared to Dr. Li's Dropbox account. Indeed, as discussed in my analysis above, I have seen no evidence on Dr. Li's personal devices that these files were ever shared with Dr. Li's Dropbox Account.

41. Nardello's Cloud Accounts Report also says that Nardello "did not identify any data within Xuechen Li's Dropbox account which appeared to be potential xAI intellectual property," which supports my analysis. (Nardello Cloud Accounts Report at 4.)

42. Thus, based on my review and the information made available to me to date, there is no evidence that the files of interest currently exist, or ever existed, on Dr. Li's Dropbox account.

**Dr. Li's Microsoft Account**

43. I understand that Dr. Li has a Microsoft account associated with the email address [redacted]. I understand that Nardello was not able to collect any data from Dr. Li's Microsoft account other than what was described regarding Dr. Li's Github account. (Nardello Cloud Accounts Report at 3.) I also understand that for the Github account, Nardello did not identify any of the Arch files. (*Id.*) While the Nardello Google Report indicates that there is other information that "could contain potential xAI intellectual property," none of those files are alleged by xAI to be xAI's trade secrets.

44. Further, as discussed in my analysis above, I have seen no evidence on Dr. Li's personal devices or his Google drive that the Arch files of interest were ever exfiltrated to any another cloud account, let alone Dr. Li's Microsoft account.

45. Thus, based on my review and the information made available to me to date, there is no evidence that the files of interest currently exist, or ever existed, on Dr. Li's Microsoft account.

**Additional Cloud Accounts**

46. Based on my review of the devices and accounts described above, I have seen no evidence that the files xAI alleges to be the trade secrets at issue in this case—Arch 1, Arch 2, and Arch 3—were exfiltrated to any additional Cloud-based accounts, whether owned by Dr. Li or anyone else.

47. Further, based on my review of the Nardello Google Report, Nardello Cloud Accounts Report, and Nardello iCloud Report, neither Nardello nor xAI have identified any evidence that the Arch 1, Arch 2, and Arch 3 files, were on any additional cloud accounts provided by Dr. Li provided under the Temporary Restraining Order (e.g., iCloud, Stanford Google Drive, Github, ChatGPT, and a secondary Google Account). (Dkt. 20.) While the Nardello reports indicate that Nardello identified other information that "could contain potential xAI intellectual property," none of those files are alleged by xAI to be xAI's trade secrets. (Nardello Cloud Accounts Report at 4; *see also* Nardello iCloud Report at 2-3.)



FENWICK & WEST LLP
ATTORNEYS AT LAW

48. I understand that xAI has alleged that Dr. Li "also uploaded [xAI] confidential information and source code to yet another Cloud account." (Dkt. 46 at 24:7-9.) I have seen no evidence of exfiltration to additional Cloud accounts, and I am not aware of any evidence provided by xAI or Nardello to suggest exfiltration to additional Cloud accounts. Should xAI or Nardello produce any such information, this Declaration may be amended at such time.[5]

49. Thus, based on my review and the information made available to me, there is no evidence that the files of interest currently exist, or ever existed, on any of the additional cloud accounts discussed in my declaration.

**Summary**

50. xAI's Demand Letter alleges that the only exfiltration of xAI confidential information was the "uploading a compressed file . . . to [Dr. Li's] Google Drive account [redacted]" (Demand Letter at 1.) I have not seen any allegations in the Demand Letter, xAI's Motion, or in documents, images, and exports produced by xAI and Nardello, of exfiltration of xAI confidential information to any device or computer other than the Google Drive.

51. As discussed above, there were only three downloading events from the Google Drive—two to Dr. Li's MacBook Pro, and one to Dr. Li's MacBook Air. However, my analysis revealed that these materials were never exfiltrated from these laptops, and the materials are no longer on the laptops.

52. Therefore, in my opinion, Dr. Li is no longer in possession of the Arch 1, Arch 2, or Arch 3 files. Based on my analysis and the evidence I have reviewed to date, Dr. Li did not exfiltrate any of these three files to any devices or cloud accounts of any third party.

53. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

---

[5] Nardello has speculated in the Nardello Cloud Accounts Report and the Nardello iCloud Report that some of Dr. Li's cloud accounts contain files that "could contain potential xAI intellectual property." (Nardello Cloud Accounts Report at 4; *see also* Nardello iCloud Report at 2-3 ("Nardello & Co. identified twelve notes of interest which include potential information related to Xuechen Li's work at xAI and / or potential xAI intellectual property[.]").) I am not aware that xAI has alleged any files other than the Arch files contain allegedly xAI trade secret information. Should xAI identify any additional files that it alleged contain xAI trade secret information, I reserve the right to respond accordingly.



FENWICK & WEST LLP
ATTORNEYS AT LAW

54. Executed on November 24, 2025, at Concord, CA.

Dated: November 24, 2025

Samuel Plainfield