# EXHIBIT A

[redacted]

**From:** Adam Mehes <amehes@x.com>
**Sent:** Tuesday, August 19, 2025 9:19 PM
**To:** John Hyland
**Cc:** Sam Polverino
**Subject:** Re: xAI/Li - Draft Access Agreement

[EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Hi John,

We're facing difficulties accessing the account, because we must do so in a forensically sound way that doesn't impact any of the data or metadata on the devices.

In what we've come across so far, however, we did see that Chen has an additional, undisclosed email address, [redacted] Can you please (1) confirm that that is his email address as well and (2) send us the username and password credentials and other information necessary to access it?

Chen also appears to have a [redacted] mailbox. Can you please (1) let us know the email address for that mailbox and (2) send us the username and password credentials and other information necessary to access it?

Can you also please let us know why the above accounts were not previously disclosed?

Thanks,
Adam

On Tue, Aug 19, 2025 at 3:54 PM John Hyland <jhyland@rukinhyland.com> wrote:

> Were you able to access the account(s)?
>
> **From:** Adam Mehes <amehes@x.com>
> **Date:** Tuesday, August 19, 2025 at 9:22 AM
> **To:** John Hyland <jhyland@rukinhyland.com>
> **Cc:** Sam Polverino <spolverino@sjlawyer.net>
> **Subject:** Re: xAI/Li - Draft Access Agreement
>
> [EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.
>
> Thanks, John, but that doesn't answer my question. Can you please confirm that Chen changed the password to the [redacted] account on 8/12/2025 and now claims that he doesn't remember the new password he created 7 days ago?

Thanks,

Adam

On Tue, Aug 19, 2025 at 12:10 PM John Hyland <jhyland@rukinhyland.com> wrote:

Chen confirmed that he has the [redacted] app on his phone. You should be able to access the [redacted] account without entering the password as the app stores the info. But if that does not work you may need to do a password reset. The reset code should go to text (to which you should have access) or the [redacted] email account. Can you try that if unable to directly access through the app?

---

**From:** Adam Mehes <amehes@x.com>
**Date:** Tuesday, August 19, 2025 at 7:10 AM
**To:** John Hyland <jhyland@rukinhyland.com>
**Cc:** Sam Polverino <spolverino@sjlawyer.net>
**Subject:** Re: xAI/Li - Draft Access Agreement

[EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Hi John,

According to Chen's phone, the password for his main [redacted] account that contains the trade secret material was last modified on 8/12/2025, i.e. one week ago. See the screenshot below. The password in the below screenshot does not, however, work to access the [redacted] account.

It therefore does not seem credible that Chen simply doesn't remember his [redacted] account password. Can you please explain?

Thanks,

Adam

[redacted]

On Mon, Aug 18, 2025 at 4:04 PM John Hyland <jhyland@rukinhyland.com> wrote:

Hi, Adam.

Signed agreement attached. A few notes about the email accounts:

- [redacted]
  - Chen does not recall the password for this but you should have access when you open the computer as it has the log-in credentials saved.
- [redacted] and [redacted]
  - We directed Chen to try to log on to these accounts to see whether he correctly recalled the passwords. He did correctly recall and the log-in page took him to the second part of the multi-factor authentication. He did not proceed further as he did not need to log on fully to confirm the password.
- [redacted]
  - As noted in my email yesterday, Chen deleted this account but you may have the ability to recover the account. He has provided the password in the agreement, but recovery will likely require that he or someone enter the code that [redacted] will send to his phone. You can probably effect the recovery as you will have the original access credentials and can send the recovery code to his phone, but let us know if you hit a snag at any point. Also, while Chen believes he recalled accurately the password for that account and entered it in the agreement, let us know if his memory did not serve him well on this one.

Let me know if you need additional information or would like to discuss.

John

**From:** Adam Mehes <amehes@x.com>

**Date:** Monday, August 18, 2025 at 9:24 AM
**To:** John Hyland <jhyland@rukinhyland.com>
**Cc:** Sam Polverino <spolverino@sjlawyer.net>
**Subject:** Re: xAI/Li - Draft Access Agreement

[EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Hi John,

See attached for the final agreement. Can you please fill in the email address and the device and credential information, and send me back a signed copy?

Thanks,

Adam

On Mon, Aug 18, 2025 at 11:38 AM John Hyland <jhyland@rukinhyland.com> wrote:

> That works.
>
> **From:** Adam Mehes <amehes@x.com>
> **Date:** Sunday, August 17, 2025 at 11:12 PM
> **To:** John Hyland <jhyland@rukinhyland.com>
> **Cc:** Sam Polverino <spolverino@sjlawyer.net>
> **Subject:** Re: xAI/Li - Draft Access Agreement
>
> [EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.
>
> Hi John,
>
> Sorry, one amendment to the below. If, after analyzing an image, we identify xAI information on it, then we'd need the device back to remove that information.

Let me know if that works.

Also, can you please let me know the address of the [redacted] account he deleted, so I can add it to the agreement?

Thanks,

Adam

On Sun, Aug 17, 2025 at 10:52 PM Adam Mehes <amehes@x.com> wrote:

> Thanks, John. It's not our intent to keep his phone or laptop any longer than necessary to image them. Once that's done, he can have them back. What if we added to the agreement: "xAI shall promptly complete the imaging of the Devices, and upon completing the imaging of a Device, xAI shall promptly notify me and return the Device to me." Does that work?
>
> On Sun, Aug 17, 2025 at 9:31 PM John Hyland <jhyland@rukinhyland.com> wrote:
>
>> Hi, Adam.
>>
>> Sorry for the delay. This sat in my outbox . . .
>>
>> The agreement looks good but can we push the September 15, 2025 date up to as early a date as reasonably possible? As you can imagine, living without his phone and laptop can prove challenging.
>>
>> On a related note: Chen bought a new phone on Friday and opened a new [redacted] account. We can provide access to the [redacted] and the phone, but ideally we could set this up in a way that neither leaves him without any phone for too long and does not require that he buy another phone. Open to suggestions on this.
>>
>> Finally, I have confirmed that Chen had only one other email account not listed in the revised draft that you sent yesterday; a [redacted] account that he deleted in a post-letter panic and for which he will need to use his

phone (or have you or someone send him whatever info gets sent to the phone) to recover the account. Here, too, we can discuss the best way forward.

**From:** Adam Mehes <amehes@x.com>
**Date:** Sunday, August 17, 2025 at 1:03 PM
**To:** Sam Polverino <spolverino@sjlawyer.net>
**Cc:** John Hyland <jhyland@rukinhyland.com>
**Subject:** Re: xAI/Li - Draft Access Agreement

[EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Thanks, Sam. John, just following up on the draft.

Thanks,

Adam

On Sat, Aug 16, 2025 at 6:23 PM Sam Polverino <spolverino@sjlawyer.net> wrote:

> Thanks Adam. If John approves ( subject to Chen) then I approve.
>
> Sam J. Polverino
>
> Law Offices of Sam J. Polverino
>
> 1565 The Alameda, Suite 100
> San Jose, CA, 95126
> 408-295-3330 (office)
> 408-971-0478 (fax)
> spolverino@sjlawyer.net
>
> On Aug 16, 2025, at 3:19 PM, Adam Mehes <amehes@x.com> wrote:
>
> Hi John,

See attached for our comments to the draft, which endeavor to address your points that we discussed. Please let me know if this works for you.

Thanks,

Adam

On Fri, Aug 15, 2025 at 3:45 PM John Hyland <jhyland@rukinhyland.com> wrote:

> Hi, Adam.
>
> I have made a few revisions in the attached and inserted some notes for discussion. A few "high level thoughts/notes about the process.
>
> - The Company's forensic expert will need access to the accounts/devices and will need to make copies, but we should limit the direct/initial access to the expert for a number of reasons.
> - Ideally, the forensic expert should make two copies: a "master copy" that will serve as the control copy and a working copy that xAI can use to conduct searches. The expert should retain the master copy so we have it available should any dispute arise about what xAI copied, reviewed, etc.
> - The Company and its expert should have a reasonable period of time to conduct the review but we should have a set end date. After conducting the review, deleting anything that qualifies as confidential/proprietary information, and creating a record of what they found/deleted, access to the forensic copies and the accounts/devices should terminate.
> - At an agreed upon date the agreement should provide for deletion of all log-in/access information that Chen provided and xAI should not retain a copy of that information for any purpose.
> - If no dispute arises then there would seem no need to retain the master copy or the working copy, so both should be destroyed. If some dispute arises, then perhaps we come to an agreement about what to do with the copies.
>
> I have a call at 4:00 that will hopefully not run more than 45 minutes or so. I can talk after that if available.
>
> John

John F. Hyland

RUKIN HYLAND & RIGGIN LLP

1939 Harrison Street, Suite 925

Oakland, California 94612

Tel: (415) 421-1800

Direct: (415) 975-4481

<image001.png>

<xAI - Li Authorization [DRAFT](xAI comments).docx>