# EXHIBIT O

[redacted]

**From:** McCullough, Matt <MRMcCullough@winston.com>
**Sent:** Saturday, December 20, 2025 12:32 AM
**To:** Jessica Kaempf; Vidal, Kathi; Winston-x.AI-XuechenLi
**Cc:** Benjamin Kingsley; xAI v Li
**Subject:** RE: xAI v. Li

**** EXTERNAL EMAIL ****

Jessica,

Below is our proposed procedure for Li's objecting to whether files would be subject to the stipulated injunction.

- This procedure would apply to the files identified by Nardello as potentially containing xAI information ("Disputed Files") except for the [redacted] files in [redacted]. The "[redacted]" files cannot be re-reviewed by Li and will be subject to the stipulated preliminary injunction.

- Li can review the Disputed Files under the supervision of counsel who have appeared on his behalf in this case (i.e., Fenwick and/or Berliner). No persons other than Li, counsel from Fenwick/Berliner, and Li's approved expert Mr. Plainfield may participate in the review of the Disputed Files. Li may not have any electronic devices on his person when reviewing Disputed Files, and may not take any notes. The Disputed Files can only be stored on a computer controlled by Mr. Plainfield, who can show or display the Disputed Files to Li. The computer used to review the Disputed Files shall be disconnected from the Internet during Li's review.

- Li will identify any of the Disputed Files, or any portion thereof, that he contends should be excluded from the scope of the preliminary injunction because they contain (1) purely personal information; (2) information that is generally known in the trade or industry, or was otherwise lawfully made public, through means and sources completely independent of Li; or (3) Li's Prior Inventions. Li must identify which of these three categories is the basis of his identification for each designated portion of any Disputed File. Li may not designate an entire document, unless he contends the entire document is subject to one of these categories. Fenwick will provide Li's identifications within 3 days of Li's review. Any document, or portion thereof, not identified by Li within 3 days will be subject to the stipulated injunction.

- For any document (or portion thereof) Li identifies, xAI shall have 14 days to review and determine whether to dispute Li's identification. Li may, if appropriate, provisionally designate information identified by him as "CONFIDENTIAL" under the Protective Order (Dkt. 60). After the 14 day period passes:
    - Any information identified by Li and not disputed by xAI will no longer be subject to any restriction as to Li, and may be freely shared with Li and used by Li without restriction.
    - If there are any disputes, the parties will meet and confer. If disputes remain after the meet and confer, the parties would discuss a procedure for resolving such disputes. We

are optimistic we will be able to work through disputes, if there are any, as we have throughout the case.

Please let us know if you would like to discuss.

Best,
Matt

WINSTON & STRAWN LLP

**MATTHEW MCCULLOUGH**
PARTNER

**T** +1 (650) 858-6453
mrmccullough@winston.com

*Admitted to practice in California*

---

**From:** Jessica Kaempf <jkaempf@fenwick.com>
**Sent:** Wednesday, December 17, 2025 11:35 AM
**To:** McCullough, Matt <MRMcCullough@winston.com>; Vidal, Kathi <KVidal@winston.com>; Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Cc:** Benjamin Kingsley <BKingsley@fenwick.com>; xAI v Li <xAIvLi@fenwick.com>
**Subject:** RE: xAI v. Li

Kathi and Matt,

Following up on our call yesterday with respect to the Appendix A documents, we reiterate that the parties should establish a process through which we jointly determine whether files Nardello identified as "potential xAI confidential information" do, in fact, contain protectable trade secret information. Below is a basic outline of how we would propose to handle.

We propose that xAI agrees to allow Dr. Li to review each of the identified documents, under supervision of counsel. The sole purpose of the review would be to identify whether Dr. Li believes such document contains information that is <u>not</u> xAI trade secret information (e.g., because the information reflects his own thoughts, ideas, opinions, etc., or because the information reflects public information), and identify whether he wants access to the information and to exempt the information from an injunction. On behalf of Dr. Li, we would identify each such document to xAI's outside counsel no later than 3 days following his review.

For any of the Nardello "potential xAI confidential information" <u>not</u> identified through this process, Dr. Li would agree to not use, disclose, copy or transfer any documents. To be clear, we do <u>not</u> agree that Dr. Li's possession of or any other conduct related to such documents constitutes misappropriation or misuse.

For any documents identified by Dr. Li's counsel as exempt, xAI would be permitted to have an agreed representative review the document(s) and the opportunity to object to Dr. Li's identification within 7 days. The agreed representative would be under a confidentiality agreement (to protect Dr. Li's personal information). Any objection from xAI would contain xAI's bases for believing that the document contains xAI trade secrets. Following any such objection, Dr. Li would be permitted 7 days to respond, with his bases for believing that the document does not contain xAI trade secrets. The parties would agree to meet and confer within 7 days of the response to resolve the issue. If disputes remain after the meet and confer, the parties would discuss a procedure for resolving such disputes. We are optimistic we will be able to work through disputes, if there are any, as we have throughout the case.

Please let us know your thoughts, and we look forward to discussing later today.

Best,
Jessica

Jessica Kaempf
Fenwick | Partner | +1 206-389-4550 | jkaempf@fenwick.com

---

**From:** Jessica Kaempf
**Sent:** Tuesday, December 16, 2025 12:54 PM
**To:** McCullough, Matt <MRMcCullough@winston.com>; Vidal, Kathi <KVidal@winston.com>; Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Cc:** Benjamin Kingsley <BKingsley@fenwick.com>; xAI v Li <xAIvLi@fenwick.com>
**Subject:** RE: xAI v. Li

Matt, yes, that works. Talk to you then.

Best,
Jessica

Jessica Kaempf
Fenwick | Partner | +1 206-389-4550 | jkaempf@fenwick.com

---

**From:** McCullough, Matt <MRMcCullough@winston.com>
**Sent:** Tuesday, December 16, 2025 12:12 PM
**To:** Jessica Kaempf <jkaempf@fenwick.com>; Vidal, Kathi <KVidal@winston.com>; Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Cc:** Benjamin Kingsley <BKingsley@fenwick.com>; xAI v Li <xAIvLi@fenwick.com>
**Subject:** RE: xAI v. Li

**** EXTERNAL EMAIL ****

Jessica,

We can talk at 2pm PT. Does that work for you?

WINSTON & STRAWN LLP

**MATTHEW MCCULLOUGH**
PARTNER

**T** +1 (650) 858-6453
mrmccullough@winston.com

*Admitted to practice in California*

---

**From:** Jessica Kaempf <jkaempf@fenwick.com>
**Sent:** Tuesday, December 16, 2025 11:12 AM
**To:** McCullough, Matt <MRMcCullough@winston.com>; Vidal, Kathi <KVidal@winston.com>; Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Cc:** Benjamin Kingsley <BKingsley@fenwick.com>; xAI v Li <xAIvLi@fenwick.com>
**Subject:** RE: xAI v. Li

Matt,

We have repeatedly noted in our prior correspondence and discussion that Nardello's identification of files as potential xAI confidential information does not mean that the files actually contain xAI confidential information. Given this, we do not understand your confusion as to why we are raising these questions, and think it would be helpful to discuss live.

As you know, we agreed to Nardello's deletion of these files from Dr. Li's devices and accounts in an abundance of caution, to assure xAI that there is no risk of irreparable harm going forward, and to expedite completing the TRO process (including expediting return of Dr. Li's devices and accounts to which he surrendered control within the 14 days set by the TRO—which xAI has still not done). But as you know, we did not and could not agree that all files and information that Nardello identified as *potentially* containing xAI confidential information did in fact contain xAI confidential information. As we have discussed, Nardello is not a generative AI expert and, through no fault of the team at Nardello, could not conclusively determine what files did or did not contain xAI confidential information. As a result, no party or expert witness has determined that these files contain xAI confidential information—and we do not even believe you are asserting that all the files Nardello identified as potentially containing confidential information in fact did so. We expressly stated this position in the parties' Forensic Protocol for Imaging and Analysis of Electronic Devices and Accounts dated September 16, 2025, as well as a number of my emails (*see* emails dated November 10, 2025; November 19, 2025; November 23, 2025).

For this reason, our issue with the proposed injunction language that you introduced last night is that it enjoins Dr. Li from any use of any information derived or created from files that we suspect likely contain meaningful amounts of Dr. Li's personal work and are not xAI's confidential information. Many of the files, on their face, appear to be Dr. Li's personal files. We are certain that you do not want to enjoin Dr. Li from using his own personal work or information derived from that work.

We believe the parties likely both ultimately agree on the underlying equities here. If xAI wishes to include all of the files that Nardello identified as potentially containing xAI confidential information in an injunction at this stage, in the interest of moving things forward, we think the parties should establish a process through which the parties (potentially in conjunction with expert witnesses, if necessary) can actually determine whether files Nardello identified as potentially containing xAI confidential information do, in fact, contain such information. We would not expect that to cover every file, but there are certainly files that we would want an opportunity to review and exclude from any proposed injunction.

Please let us know when you are available to discuss.

Best,
Jessica

Jessica Kaempf
Fenwick | Partner | +1 206-389-4550 | jkaempf@fenwick.com

**From:** McCullough, Matt <MRMcCullough@winston.com>
**Sent:** Tuesday, December 16, 2025 6:03 AM
**To:** Jessica Kaempf <jkaempf@fenwick.com>; Vidal, Kathi <KVidal@winston.com>; Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Cc:** Benjamin Kingsley <BKingsley@fenwick.com>; xAI v Li <xAIvLi@fenwick.com>
**Subject:** RE: xAI v. Li

**** EXTERNAL EMAIL ****

Jessica,

These files are ones that were identified by Nardello as (at least) potentially containing xAI information and have all been produced to you. You have expressly relied on the fact that Li has already approved deleting these files in your opposition to the PI, so it is confusing why you are now raising questions about these files.

We are not asking Li to agree or make any representation that these files actually constitute trade secrets. The injunction would simply require that Li (and his agents, employees, partners, others acting in concern) not possess, use, copy, reproduce, disclose, transfer (including to a third party), disseminate, or otherwise exploit these files. Given that Li has already approved the deletion of these files and relied on that approval in his argument to the court, your client was already expecting not to use these files (because they would be deleted and he would no longer have access to them when his accounts are returned).

Please let us know if you would like to get on the phone to discuss.

Best,
Matt

WINSTON & STRAWN LLP

**MATTHEW MCCULLOUGH**
PARTNER

**T** +1 (650) 858-6453
mrmccullough@winston.com

*Admitted to practice in California*

---

**From:** Jessica Kaempf <jkaempf@fenwick.com>
**Sent:** Monday, December 15, 2025 8:55 PM
**To:** McCullough, Matt <MRMcCullough@winston.com>; Vidal, Kathi <KVidal@winston.com>; Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Cc:** Benjamin Kingsley <BKingsley@fenwick.com>; xAI v Li <xAIvLi@fenwick.com>
**Subject:** RE: xAI v. Li

Matt,

Thank you for sending the revised version. We would like to get this wrapped up as soon as possible as well, and we are already coordinating with our client regarding your edits.

As an initial question though, your proposed edits appear to expand the list of files subject of the preliminary injunction from the three [redacted] files. Can you confirm the scope of these files, and specifically whether they are all files that Nardello identified as "potential xAI confidential information" (or whether they contain any additional files)?

We would also like clarity on whether xAI has reason to believe that these files in fact reflect xAI confidential information. Nardello's initial reports had indicated that for many of these files, it flagged them as "potential xAI confidential information" not because of any substance of the files, but rather for various other reasons, for example, that they were accessed sometime in mid-August. Has there been any further analysis on whether these files are in fact xAI confidential?

Finally, there are a number of files that appear on their face to be our client's personal information (e.g., the file titled [redacted]," the [redacted]" notes in the iPhone, the [redacted]" iPhone note dated April 2024, among others). Is xAI proposing to enjoin Dr. Li from using all information within these files, even if they are not xAI

confidential information? Additionally, will there be a mechanism to allow Dr. Li to challenge the designation of this information and/or the files, in order to take them outside the scope of the preliminary injunction?

Best,
Jessica

Jessica Kaempf
Fenwick | Partner | +1 206-389-4550 | jkaempf@fenwick.com

---

**From:** McCullough, Matt <MRMcCullough@winston.com>
**Sent:** Monday, December 15, 2025 4:56 PM
**To:** Jessica Kaempf <jkaempf@fenwick.com>; Vidal, Kathi <KVidal@winston.com>; Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Cc:** Benjamin Kingsley <BKingsley@fenwick.com>; xAI v Li <xAIvLi@fenwick.com>
**Subject:** RE: xAI v. Li

**** EXTERNAL EMAIL ****

Jessica,

I will get back to you on the remaining issues, but attached are edits to the proposed stipulated injunction and the appendix referenced in our edits. Please feel free to give me a call tonight if it would be helpful to discuss. We would love to get this wrapped up tonight if possible.

Thanks,
Matt

WINSTON & STRAWN LLP
**MATTHEW MCCULLOUGH**
PARTNER
**T** +1 (650) 858-6453
mrmccullough@winston.com
*Admitted to practice in California*

---

**From:** Jessica Kaempf <jkaempf@fenwick.com>
**Sent:** Monday, December 15, 2025 2:45 PM
**To:** Vidal, Kathi <KVidal@winston.com>; McCullough, Matt <MRMcCullough@winston.com>; Winston-x.AI-XuechenLi <Winston-x.AI-XuechenLi@winston.com>
**Cc:** Benjamin Kingsley <BKingsley@fenwick.com>; xAI v Li <xAIvLi@fenwick.com>
**Subject:** xAI v. Li

Counsel,

We are reaching out as we are organizing our workstreams and wanted to ensure we keep track of the various outstanding items. I believe the parties need to discuss the following:

- Revisions and feedback regarding the proposed stipulated preliminary injunction draft
- Providing account restoration information to Dr. Li
- Sealing the personal, sensitive information on the docket filed with xAI’s preliminary injunction motion
- Confirming deletion of “potential xAI confidential information” from various accounts
- Revisions and feedback regarding the proposed protocol/stipulation for the privileged devices/accounts

Can you let us know when you are available to discuss this week?

Best,
Jessica

Jessica Kaempf
Fenwick | Partner | +1 206-389-4550 | jkaempf@fenwick.com

---

CONFIDENTIALITY NOTICE: This email and its attachments contain information that may be confidential and/or privileged. If you are not the intended recipient you may not copy, disclose or use the contents of this email. If you believe that you have received this email in error, notify the sender or contact Fenwick & West LLP at (650) 988-8500 and then delete or destroy any copy of this email and its attachments.

---

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

---

CONFIDENTIALITY NOTICE: This email and its attachments contain information that may be confidential and/or privileged. If you are not the intended recipient you may not copy, disclose or use the contents of this email. If you believe that you have received this email in error, notify the sender or contact Fenwick & West LLP at (650) 988-8500 and then delete or destroy any copy of this email and its attachments.