BENJAMIN S. KINGSLEY (CSB No. 314192)
bkingsley@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

JESSICA M. KAEMPF (WA Bar No. 51666)
jkaempf@fenwick.com
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511

CHRISTIAN E. PICONE (CSB 218275)
ANGELA SHAW (CSB 321726)
christian.picone@berliner.com
angela.shaw@berliner.com
BERLINER COHEN, LLP
Ten Almaden Boulevard,
San Jose, California 95113-2233
Telephone: 408.286.5800
Facsimile: 408.998.5388

Attorneys for Defendant
XUECHEN LI

FENWICK & WEST LLP
ATTORNEYS AT LAW

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

X.AI Corp., a Nevada corporation, and X.AI LLC, a Nevada limited liability company,

Plaintiffs,

v.

XUECHEN LI,

Defendant.

Case No.: 3:25-cv-07292-RFL

**DECLARATION OF JESSICA M. KAEMPF IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION AND RESPONSE TO ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUCTION SHOULD NOT ISSUE***

Case Filed: August 28, 2025

[redacted]

*** Defendant will subsequently file a redacted version of this sealed Declaration upon concurrence with Plaintiffs' counsel regarding text to be redacted. Text highlighted in green is information that Defendant believes Plaintiffs may contend is confidential information.**

I, Jessica M. Kaempf, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner with the law firm Fenwick & West LLP, and counsel of record for defendant Dr. Xuechen Li. I submit this declaration in support of Defendant's Opposition to Plaintiffs' Order to Show Cause. I am over 18 years of age and have personal knowledge of the facts set forth in this declaration. If called as a witness, could testify to such facts under oath.

**Account Recovery and Forensic Protocols**

2. The parties entered into three protocols to facilitate xAI "identify[ing], remediat[ing], and/or delet[ing] Confidential Information belonging to xAI" pursuant to Section 1(a) of the TRO. (ECF No. 20 at 2, ¶ 1.a.)

3. On September 13, 2025, the parties entered into an agreement titled "Forensic Protocol for Recovery of Electronic Devices and Accounts Pursuant to Temporary Restraining Order" ("Recovery Protocol"). Attached to this declaration as **Exhibit A** is a true and correct copy of the signed Recovery Protocol.

4. On September 16, 2025, the parties entered into an agreement titled "Forensic Protocol for Imaging and Analysis of Electronic Devices and Accounts" ("Imaging and Analysis Protocol"). Attached to this declaration as **Exhibit B** is a true and accurate copy of the signed Imaging and Analysis Protocol.

5. On September 23, 2025, counsel for Dr. Li sent a letter to xAI revoking access under the prior Authorization Letter (ECF No. 8-8), explaining that the revocation "does not affect xAI's access to accounts and devices to the extent permitted under the Court's Temporary Restraining Order." Attached to this declaration as **Exhibit C** is a true and accurate copy of this September 23, 2025 correspondence from counsel for Dr. Li to xAI.

6. On October 2, 2025, the parties entered into an agreement titled "Addendum to Forensic Protocol for Imaging and Analysis of Electronic Devices and Accounts" ("Security Protocol"). Attached to this declaration as **Exhibit D** is a true and accurate copy of the signed Security Protocol.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**Dr. Li's Efforts to Facilitate xAI's Account Recovery and Remediation Process**

7. Shortly after the Court's Temporary Restraining Order entered, Dr. Li engaged in multiple account recovery sessions to restore access to his online accounts, including on September 13, 2025, October 3, 2025, October 7, 2025, October 30, 2025, November 7, 2025, and November 21, 2025.

8. On September 13, 2025, counsel for Dr. Li and xAI successfully recovered access to Dr. Li's [redacted] account [redacted] also using [redacted]).

**Recovery of Primary [redacted] Account**

9. On October 6, 2025 at 7:43 pm Eastern Time, counsel for Dr. Li received an email from the [redacted] Legal Team stating that "a password reset link was sent to the trusted email contact on October 4, 2025." Attached to this declaration as **Exhibit E** is a true and accurate copy of this October 6, 2025 correspondence from [redacted] Legal Team to counsel for Dr. Li..

10. On October 6, 2025 at 7:51 pm Eastern Time, counsel for Dr. Li informed counsel for xAI of the email from the [redacted] Legal Team. Attached to this declaration as **Exhibit F** is a true and accurate copy of this October 6 correspondence from counsel for Dr. Li to counsel for xAI. (Ex. F at 4).

11. On October 7, 2025, counsel for Dr. Li and xAI successfully recovered access to Dr. Li's [redacted] account [redacted]).

12. On November 6, 2025, xAI produced a forensic report for the "[redacted]" [redacted] account. Attached to this declaration as **Exhibit G** is a true and accurate copy of the forensic report for Nardello & Co. LLC regarding its "Analysis of Xuechen Li's [redacted] Account [redacted] for *X.AI Corp. et al. v. Li*, No. 3:25-cv-07292-RFL (N.D. Cal.)."

**xAI Subpoena on [redacted]**

13. xAI also proposed serving a subpoena on [redacted] for the [redacted] account records.

14. The parties conducted a 26(f) conference on September 12, 2025.

15. On September 13, 2025, counsel for xAI then provided Dr. Li's counsel with a draft of third-party subpoenas, including a subpoena on [redacted]. The next day, counsel for Dr. Li stated

that, as the parties had previously discussed, "once we have established an appropriate protocol to handle such information (which will likely overlap substantially with the process for the accounts to which [xAI is] seeking access under the TRO) that protects both xAI and Mr. Li's interests, we are amenable to obtaining the information from [redacted] via subpoena pursuant to that protocol." Attached to this declaration as **Exhibit H** is a true and accurate copy of the September 13, 2025 correspondence, and follow up correspondence on September 14, 2025 between counsel for xAI and counsel for Dr. Li.

16. xAI did not follow up on its proposed subpoena to [redacted] for several weeks. On November 7, 2025, counsel for xAI then stated that xAI "would like to send this subpoena to our [redacted] investigations contact as soon as possible and no later than Monday [November 10, 2025]." Attached to this declaration as **Exhibit I** is a true and accurate copy of this November 7, 2025 correspondence from counsel for xAI to counsel for Dr. Li (without attachments).

**Efforts to Facilitate xAI's Account Recovery and Remediation of Additional Accounts**

17. Attached to this declaration as **Exhibit J** is a true and accurate copy of the correspondence between counsel for Dr. Li and counsel for xAI dated September 14, 2025 through October 16, 2025. As shown in Exhibit J, on September 15, 2025, counsel for Dr. Li emailed counsel for xAI stating, "following up on our productive access and recovery session on Saturday, let us know if you would like to schedule additional time for further account recovery attempts on other accounts." As further shown in Exhibit J, on October 16, 2025, Dr. Li's counsel followed up on the September 15, 2025 email, stating "[w]e are following up on the correspondence below regarding recovery attempts of other accounts. xAI's Motion for Preliminary Injunction identified a [redacted] account and [redacted] account as potential accounts of interest, but we have not yet heard from you in response to the [September 15, 2025 offer]. Please advise on whether xAI has tried to gain access to these accounts and whether it has been able to access them. If xAI has tried and has been unable to gain access, let us know whether Dr. Li's assistance is needed (similar to what we did for the [redacted] account)."

18. Attached to this declaration as **Exhibit K** is a true and accurate copy of the email correspondence between counsel for Dr. Li and counsel for xAI dated October 22-23, 202. As

shown in Exhibit K, counsel for xAI identified by email nine (9) additional accounts it sought to access on October 23, 2025.

19. On October 27, 2025 the parties filed a stipulation to continue the briefing schedule, explaining that the parties were "continuing to work together diligently to attempt access to any remaining additional devices and accounts" and would "endeavor to complete such access by November 7, 2025." (ECF No. 61). The stipulation states:

> WHEREAS, the process for recovering Defendant's accounts is ongoing and will not be completed in time for Defendant's briefing on the PI hearing and ***the Parties are continuing to work together diligently to attempt access to any remaining additional devices and accounts*** (including those identified in correspondence between counsel for the Parties on October 23, 2025) pursuant to the Forensic Protocol for Recovery of Electronic Devices and Accounts Pursuant to Temporary Restraining Order ***and will endeavor to complete such access by November 7, 2025."***

(ECF No. 61 at 1 (emphases added); *see also* ECF No. 62.)

20. On October 30, 2025 counsel for Dr. Li and xAI successfully recovered access to Dr. Li's [redacted] account ([redacted] [redacted] account [redacted], [redacted] account [redacted] "secondary" [redacted] account [redacted], and [redacted] account ([redacted]).

21. Attached to this declaration as **Exhibit L** is a true and accurate copy of the email correspondence between counsel for Dr. Li and counsel for xAI dated October 1, 2025 through November 7, 2025.

22. As shown in Exhibit L, on October 31, 2025, Dr. Li's counsel requested that xAI identify additional accounts it sought to recover: "Additionally, you mentioned potentially recovering additional accounts. If there are such accounts, please identify them and let us know when you are available for an account recovery session early next week." Dr. Li's counsel requested the same on November 6, 2025: "Does xAI still want to recover any additional accounts? If so, let us know when you (and Nardello) are available tomorrow." As further shown in Exhibit L, on November 6, counsel for xAI stated that it wanted to recover access to a [redacted] account. On November 7, counsel for xAI stated that it also wanted to recover access to Dr. Li's [redacted] account.

FENWICK & WEST LLP
ATTORNEYS AT LAW

23. On November 7, 2025, counsel for Dr. Li and xAI successfully recovered access to Dr. Li's [redacted] account including the private [redacted] chat ([redacted]) and ChatGPT account [redacted]. Because private [redacted] chat is separately encrypted, Dr. Li provided a separate pin so that xAI could promptly gain access.

24. During the November 7, 2025 teleconference, counsel for xAI informed counsel for Dr. Li that analysis of Dr. Li's [redacted] account had not begun because additional authentication was needed. The same day, counsel for Dr. Li approved a proposal sent by counsel for xAI to complete the authentication for the [redacted] account. Attached to this declaration as **Exhibit M** is a true and accurate copy of the email correspondence between counsel for Dr. Li and counsel for xAI dated October 1, 2025 through November 7, 2025, which includes this November 7 correspondence.

25. On November 17, 2025, xAI produced a forensic report regarding other accounts. Attached to this declaration as **Exhibit N** is a true and accurate copy of the forensic report for Nardello & Co. LLC regarding its "[a]nalysis of Xuechen Li's [redacted] account [redacted], [redacted] account [redacted], [redacted] account [redacted], second [redacted] account [redacted], [redacted] account [redacted], and [redacted] Account [redacted] for *X.AI Corp. et al. v. Li*, No. 3:25-cv-07292-RFL (N.D. Cal.)."

26. On November 20, 2025, xAI produced a forensic report regarding the [redacted] account. Attached to this declaration as **Exhibit O** is a true and accurate copy of the forensic report for Nardello & Co. LLC regarding its "Analysis of Xuechen Li's [redacted] account [redacted] for *X.AI Corp. et al. v. Li*, No. 3:25-cv-07292-RFL (N.D. Cal.)."

27. On November 21, 2025, counsel for Dr. Li and xAI successfully recovered access to Dr. Li's [redacted] account ([redacted]) and [redacted] account ([redacted]).

28. On November 24, 2025, xAI produced a forensic report regarding the [redacted] account ([redacted]). Attached to this declaration as **Exhibit Y** is a true and accurate copy of the forensic report for Nardello & Co. LLC regarding its "Analysis of Xuechen Li's [redacted] account [redacted] for X.AI Corp. et al. v. Li, No. 3:25-cv-07292-RFL (N.D. Cal.)."

29. As of November 24, 2025, xAI has not produced a forensic report for the [redacted] account ([redacted]) and [redacted] account [redacted].

**Dr. Li's Efforts to Facilitate Forensic Review of Post-August 27 Devices**

30. During the briefing and hearing on xAI's Motion for a TRO, counsel for Dr. Li made clear that devices and accounts obtained by Dr. Li on or after August 27, 2025 (i.e., "post-August 27 devices and accounts") contain a substantial amount of privileged information. (*See, e.g.*, ECF No. 46 at 16:7-23.)

31. Counsel for Dr. Li has engaged in multiple attempts to negotiate a protocol for review of the post-August 27, 2025 devices and accounts.

32. Attached to this declaration as **Exhibit P** is a true and accurate copy of the email correspondence between counsel for Dr. Li and counsel for xAI dated September 13, 2025 through September 17, 2025.

33. As shown in Exhibit P, on September 13, 2025, Dr. Li's counsel provided a proposed protocol for post-August 27 devices. As further shown in Exhibit P, xAI provided revisions to the proposed protocol on September 16, and Dr. Li provided further edits on September 17.

34. Attached to this declaration as **Exhibit Q** is a true and accurate copy of the email correspondence between counsel for Dr. Li and counsel for xAI dated September 7, 2025 through September 30, 2025.

35. As shown on Exhibit Q, on September 24, 2025, Dr. Li's counsel followed up with xAI regarding the revisions:

> Additionally, we have not heard back from you regarding the protocol for devices obtained on or after August 27. We have also further discussed this on our end. Given the very substantial privileged information that we understand is on these devices, and further given that these devices were obtained after Mr. Li lost access to the devices and accounts that xAI contends contain confidential information, the priority should be to address, and minimize risk of inadvertent disclosure of, the privileged information while giving xAI assurance that there is no confidential information on the devices. Given the language in the TRO that requires us to "provide a privilege log," we believe the TRO already contemplates us (outside counsel) conducting a review of these devices for privilege before providing xAI's vendor with the devices. Nonetheless, we hear your concerns and in an effort to reach a compromise, we would be willing to agree to a neutral, third party, jointly selected vendor, engaged by Fenwick pursuant to the TRO and under court order,



FENWICK & WEST LLP
ATTORNEYS AT LAW

> to image and review these devices for xAI confidential information (i.e., not Nardello, which has already been engaged by xAI). Under this protocol, only the independent vendor would be permitted to see the information, and we would require that xAI agrees not to view the information (consistent with our prior protocols).

36. As further shown in Exhibit Q, on September 29, 2025 Dr. Li's counsel again followed up with xAI, reiterating the need for a protocol recognizing the privileged information on the devices and accounts:

> Regarding the post-August 27 devices protocol, as mentioned below, given the language in the TRO, as well as the nature of these devices (i.e., that they contain very substantial privileged information and that they were obtained after Mr. Li lost access to the devices and accounts that xAI contends contain confidential information), we believe the proper approach is for us (outside counsel) to conduct a review of these devices for privilege before providing xAI's vendor with the devices.

37. As further shown on Exhibit Q, on September 30, 2025 Dr. Li's counsel once again reached out to xAI regarding a protocol for the post-August 27 devices and accounts:

> Regarding the post-August 27 devices protocol, please let us know xAI's position. If xAI is not amenable to using a neutral, third-party, jointly selected vendor, please let us know if xAI opposes a motion for clarification regarding the appropriate protocol for these devices pursuant to the TRO.

38. Attached to this declaration as **Exhibit R** is a true and accurate copy of the email correspondence between counsel for Dr. Li and counsel for xAI dated October 1, 2025 through October 10, 2025.

39. As shown on Exhibit R, Dr. Li's counsel followed up again with xAI again on October 2 and October 4. On October 5, the parties met and conferred regarding, *inter alia*, the protocol. As further shown on Exhibit R, on October 9, Dr. Li's counsel followed up with a proposed stipulation to the court regarding the post-August 27 devices and accounts:

> Additionally, following up on the protocol for post-August 27 devices, we discussed on our call that the parties could enter into a stipulation that would prevent waiver of privilege (if the parties agree to move forward with a jointly-engaged third party independent vendor). Please find attached a proposed stipulation, and please let us know if you have edits or would like to discuss.

FENWICK & WEST LLP
ATTORNEYS AT LAW

40. As further shown on Exhibit R, on October 10, 2025, counsel for Dr. Li again followed up with revisions to the post-August 27 device protocol, and on October 13, counsel for Dr. Li again followed up regarding the revisions to the post-August 27 device protocol and the proposed stipulation.

41. Attached to this declaration as **Exhibit S** is a true and accurate copy of the email correspondence between counsel for Dr. Li and counsel for xAI dated November 18, 2025 through November 20, 2025.

42. As shown on Exhibit S, on November 18, counsel for xAI reached out to counsel for Dr. Li, and provided edits to the protocol for accounts and devices obtained or accessed after August 27, and the related Joint Stipulation and Proposed Order. Counsel for Dr. Li also identified the [redacted] and [redacted] accounts it sought to recover. As further shown on Exhibit S, counsel for Dr. Li responded to xAI's counsel explaining that Dr. Li would agree to proceed with recovery of the accounts and proposed a joint vendor for the post-August 27 devices and accounts:

> We are concerned these requests are being raised at this late date. As you know, the parties agreed to complete any remaining account recovery attempts by November 7, 2025. (See Dkt. 62.) With respect to the post-August 27 devices and accounts, xAI has had several weeks to attempt recovery on these accounts and devices. Indeed, we had proposed a protocol for these accounts and devices nearly two months ago, on September 24; and we then followed up multiple times, on September 30, October 2, October 4, October 10 and October 13. xAI failed to provide any feedback on the protocol, or on our proposed stipulation, at any point during that time period. Such delays, whether due to xAI's lack of diligence or other intentions, result in unnecessary inefficiency and hinder progress. It is also concerning that xAI is now raising, for the first time, a request to recover Dr. Li's [redacted] and [redacted] accounts, which we believe xAI has known about since August.
>
> Nonetheless, in the interest of moving this matter to resolution and as a further demonstration of good faith, we will agree to proceed with recovery of the [redacted] and [redacted] accounts pursuant to the recovery protocol. Please provide times you are available tomorrow (Friday 11/21) between 11:30 am and 1:30 pm PT.
>
> As for your edits to the August 27 Protocol and related Joint Stipulation and Proposed Order, we are reviewing your changes, and will get back to you. We would propose using Carden Rose as the joint vendor. Please let us know if you agree.
>
> Finally, with respect to all accounts and devices which as of today do not contain xAI confidential information, we reiterate again our request for the account



FENWICK & WEST LLP
ATTORNEYS AT LAW

> restoration information pursuant to the September 16 order. Please provide this information.

**Dr. Li's Deposition**

43. On September 15, 2025, the Court entered the parties' stipulation that Dr. Li's deposition should occur by October 15, 2025. (Dkt. 44.)

44. Attached to this declaration as **Exhibit T** is a true and accurate copy of the email correspondence between counsel for Dr. Li and counsel for xAI dated October 15, 2025 through October 20, 2025.

45. As shown on Exhibit T, on October 15, 2025, counsel for xAI reached out to counsel for Dr. Li, requesting that Dr. Li "appear for his deposition, in person, on November 6 in Winston's Silicon Valley office." As further shown on Exhibit T, on October 20, 2025, counsel for Dr. Li responded to xAI's request and asked when "xAI will make available the [redacted] account image" that it was required to produce under the Imaging Protocol (*see* **Exhibit B**), and that "[w]e can then evaluate xAI's proposal for a deposition on November 6 and get back to you."

46. xAI did not follow up on Dr. Li's deposition after its October 15, 2025 request.

**xAI Subpoena on OpenAI, and Other xAI Documents**

47. On September 18, 2025, xAI served a subpoena on OpenAI. On October 2, 2025, xAI responded to the subpoena, stating in part that:

> OpenAI has conducted a reasonable and diligent search for non-privileged documents, if any, in its possession, custody or control that reflect (i) the disclosure of xAI information to OpenAI by Defendant, and/or (ii) any request by OpenAI for Defendant to disclose xAI information. OpenAI has located no such documents after a reasonable search and inquiry.

48. Attached hereto as **Exhibit U** is a true and accurate copy of OpenAI's response to xAI's subpoena, dated October 2, 2025.

49. Attached hereto as **Exhibit V** is a true and accurate copy of xAI's Response to Interrogatory No. 1, dated October 17, 2025.

50. Attached hereto as **Exhibit W** is a true and accurate copy of xAI's Amended Complaint against OpenAI filed in *X.AI Corp. et al. v. OpenAI, Inc. et al.*, No. 3:25-cv-08133-RFL (N.D. Cal.) dated October 27, 2025 (Dkt. 44).

51. Attached hereto as **Exhibit X** is a true and accurate copy of an X post by @elonmusk dated August 23, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 24, 2025.

*Jessica M. Kaempf*
Jessica M. Kaempf