# EXHIBIT V

[redacted]

**CONFIDENTIAL**

KATHI VIDAL (State Bar No. 194971)
kvidal@winston.com
MATTHEW R. MCCULLOUGH (State Bar No. 301330)
mrmccullough@winston.com
CARSON SWOPE (State Bar No. 353352)
cswope@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

LEELLE B. SLIFER (*pro hac vice*)
lslifer@winston.com
JONATHAN HUNG (*pro hac vice*)
johung@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Attorneys for Plaintiffs X.AI CORP. and X.AI LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| X.AI CORP. and X.AI LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>XUECHEN LI,<br><br>Defendant. | Case No. 3:25-cv-07292-RFL<br><br>**PLAINTIFFS X.AI CORP. AND X.AI LLC'S RESPONSES TO DEFENDANT'S INTERROGATORIES, SET ONE** |

**CONFIDENTIAL**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District for the Northern District of California, Plaintiffs X.AI Corp. and X.AI LLC (collectively, "xAI"), responds and objects to Defendant Xuechen Li's ("Defendant" or "Li") First Set of Interrogatories.

**PRELIMINARY STATEMENT**

xAI's responses are based upon the facts presently known and available to xAI, which are limited due to Defendant's misappropriation, destruction of evidence, and failure to provide access to his devices and/or accounts as required by the Temporary Restraining Order (Dkt. 20). Discovery, investigation, research, and analysis are ongoing, and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, and changes to these responses. xAI reserves the right to further object, amend, and/or supplement its responses as additional facts are discovered or for any other appropriate reason.

In responding to Defendant's Interrogatories, xAI does not concede the relevance, materiality, or admissibility of any Interrogatory or of the subject matter to which said Interrogatory refers. xAI's responses are made subject to and without waiving, or intending to waive, any questions or objections as to the competency, relevance, materiality, privilege, or admissibility as evidence or for any other purpose of any of the responses given herein or the subject matter thereof, in any proceeding, including the trial of this action or any subsequent proceeding; and said responses are made specifically subject to the right to object to any discovery proceeding involving or relating to the subject matter of the Interrogatory responded to herein.

**GENERAL OBJECTIONS**

The following General Objections apply to all of Defendant's Interrogatories, and are incorporated by reference as part of xAI's responses to such Interrogatories. xAI's responses are subject to and do not waive the following General Objections, regardless of whether a General Objection or specific objection is stated in the response.

1. xAI objects to Defendant's Interrogatories to the extent that they seek information that goes beyond the scope of the Preliminary Injunction issued in This Action. Given the stage of this Action,

discovery should be limited to and focused on issues related to the Preliminary Injunction.

2. xAI objects to Defendant's Interrogatories to the extent they seek information that can be found in the public domain, and therefore, are equally accessible to Defendant.

3. xAI objects to Defendant's Interrogatories to the extent that they call for a legal conclusion.

4. xAI objects to Defendant's Interrogatories to the extent they request information that does not exist or that are inaccessible to xAI, including because Defendant destroyed evidence and/or has failed to provide access to his devices and/or accounts as required by the Temporary Restraining Order (Dkt. 20).

5. xAI objects to Defendant's Interrogatories to the extent they seek information or documents that are obtainable from sources that are more convenient, less burdensome, or less expensive.

6. xAI objects to Defendant's Interrogatories to the extent that they call for information or documents outside of xAI's possession, custody, or control based upon a reasonable search of its own files.

7. xAI objects to Defendant's Interrogatories to the extent that they seek or depend on one or more expert opinions, prior to the service of expert reports in accordance with a schedule agreed upon between the parties.

8. xAI objects to Defendant's Interrogatories to the extent they seek documents and/or information protected by the attorney-client privilege, the attorney work-product doctrine, common interest doctrine, and/or other applicable privileges. Inadvertent disclosure of any such information or documentation is not intended to and shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, or with respect to the subject matter thereof. Nor shall such inadvertent production or disclosure waive the right of xAI to object to the use of any such information during this action or in any other subsequent proceedings.

9. xAI objects to Defendant's Interrogatories to the extent they seek documents and/or information that is subject to non-disclosure or confidentiality obligations to third parties.

**OBJECTIONS TO DEFINITIONS**

10. xAI objects to the definitions of the terms "You," "Your," "xAI" and "Plaintiffs" as vague

**CONFIDENTIAL**

and ambiguous as the scope of the terms “predecessors,” “successors,” “parents,” “subsidiaries,” “divisions,” “officers,” “principals,” “employees,” “agents,” “representatives,” “attorneys,” and “all other persons, forms, or corporations acting or purporting to act on their behalf or under their control,” is unclear. xAI objects to the definitions of the terms “You,” “Your,” “xAI” and “Plaintiffs” as overly broad and unduly burdensome to the extent that the definitions (in combination with the individual Interrogatories): (i) seek to encompass information that is not relevant to any party’s claims or defenses, or not proportional to the needs of the case; (ii) are not reasonably limited in time or scope; (iii) seek to encompass information not within xAI’s possession, custody, or control; and/or (iv) seek to encompass information protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, Fed. R. Civ. P. 26(b)(4)(A), or any other applicable privilege or immunity. xAI also objects to these definitions to the extent that they presume that xAI has knowledge of each of the persons or entities within the scope of these definitions. Any request that purports to require xAI to ascertain the knowledge of all of the individuals contained in the definitions of “You,” “Your,” “xAI” and “Plaintiffs” is overbroad and unduly burdensome.

11. xAI objects to the definitions of the term “OpenAI” as vague and ambiguous as the scope of the terms “predecessors,” “successors,” “parents,” “subsidiaries,” “divisions,” “officers,” “principals,” “employees,” “agents,” “representatives,” “attorneys,” and “all other persons, forms, or corporations acting or purporting to act on their behalf or under their control,” is unclear. xAI objects to the definitions of the terms “OpenAI” as overly broad and unduly burdensome to the extent that the definitions (in combination with the individual Interrogatories): (i) seek to encompass information that is not relevant to any party’s claims or defenses, or not proportional to the needs of the case; (ii) are not reasonably limited in time or scope; (iii) seek to encompass information not within xAI’s possession, custody, or control; and/or (iv) seek to encompass information protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, Fed. R. Civ. P. 26(b)(4)(A), or any other applicable privilege or immunity. xAI also objects to this definition to the extent that they presume that xAI has knowledge of each of the persons or entities within the scope of these definitions. Any request that purports to require xAI to ascertain the knowledge of all of the individuals contained in the definitions of “OpenAI”

is overbroad and unduly burdensome.

12. xAI objects to the definition of the terms "Concerning," "Person(s)," "Regarding," "Relating to," and "Referring to," as overly broad and unduly burdensome to the extent they purport to place obligations on xAI greater than allowed for under, broader than, or inconsistent with, the Federal Rules of Civil Procedure and the Local Rules of this Court.

**OBJECTIONS TO INSTRUCTIONS**

13. The following Responses are based on information reasonably available to xAI as of the date of these Responses. xAI's investigation is continuing and ongoing and xAI expressly reserves the right to revise and/or supplement its responses based on information discovered after the date of these Responses and to use such information in defending Defendant's claims and defenses at trial or for any other purpose in This Action. xAI's Responses to these Requests for Production of Documents shall not constitute a waiver of any objection to: (1) the use of any information provided by xAI in its Responses by xAI, for any purpose; or (2) the admissibility, materiality, or relevance of such information to this case.

14. xAI objects to Defendant's Interrogatories that seek the production of "all available information" as unduly burdensome when the relevant information can be supplied by the production of less than "all available information". xAI will provide information sufficient to comply with its discovery obligations and proportional to the needs of the case.

15. xAI objects to provide Responses "within the possession, custody, or control of [its] agents, representatives, employees, attorneys, investment advisors, or any other person or entity acting on [its] behalf" as unduly burdensome. xAssI will provide responses sufficient to comply with its discovery obligations and proportional to the needs of the case.

16. xAI objects to Defendant's instructions to the extent they purport to place obligations on xAI greater than allowed for under, broader than, or inconsistent with, the Federal Rules of Civil Procedure and the Local Rules of this Court.

17. Discovery in this case and xAI's investigation of relevant events are ongoing, and these Responses therefore are subject to supplementation and amendment as discovery progresses.

Subject to and without waiving the General Objections, or any other objections or claims of

privilege, xAI hereby responds and objects to Defendant's First Set of Interrogatories (No. 1) as follows:

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Set forth separately in a numbered list and describe in detail each and every xAI trade secret that xAI alleges was misappropriated in Plaintiffs' Preliminary Injunction Motion. For each trade secret, identify whether xAI has ever disclosed that trade secret outside of xAI, including in public sources or under confidential disclosure agreement, when the information was disclosed, to whom it as disclosed, all restrictions placed on the information when it was disclosed, and the substance of the disclosure.

**RESPONSE TO INTERROGATORY NO. 1:**

xAI, in addition to its General Objections, Objections to Definitions, and Objections to Instructions set forth above, objects to this Interrogatory on the grounds that it is vague, ambiguous, unreasonable, overbroad, unduly burdensome, irrelevant, and disproportional to the needs of the case, including, *inter alia*, the phrase "xAI trade secret," "disclosed that trade secret outside of xAI," "public sources" "confidential disclosure agreement," "when the information was disclosed," "to whom it was disclosed," "all restrictions placed on the information when it was disclosed," and "substance of the disclosure." xAI objects to this Request to the extent it calls for information that is exempt from discovery under the attorney-client privilege, the attorney work-product doctrine, common interest doctrine, and/or other applicable privileges. xAI objects to this Interrogatory on the basis that it calls for a legal conclusion. xAI also objects to this Request on the grounds that it calls for information that is irrelevant to xAI's Preliminary Injunction. xAI objects to this Interrogatory because it seeks to impose requirements that exceed what is required by the governing law: the Defend Trade Secrets Act does not require a plaintiff to identify trade secrets with reasonable particularity at the outset of discovery. *See Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*, 149 F. 4th 1081 (9th Cir. 2025).

Subject to and without waiving the foregoing objections, xAI responds and follows: xAI's trade secrets that were misappropriated by Defendant include at least (1) "2 compressed files of the xAI main codebase" and (2) "1 file that is a slide deck of software design for RL," both of which Defendant admitted to copying to a personal drive and/or account in a handwritten confession (Dkt. 17-2). Because Defendant

has deleted evidence, changed his passwords, and failed to provide access to all of his devices and accounts as required by the Temporary Restraining Order (Dkt. 20), xAI has been unable to ascertain the precise boundaries of all xAI trade secrets at issue in this case. xAI is not aware of any authorized disclosure of the trade secrets at issue publicly or without confidentiality restrictions.

Dated: October 17, 2025

**WINSTON & STRAWN LLP**

By: */s/ Kathi Vidal*

KATHI VIDAL (State Bar No. 194971)
kvidal@winston.com
MATTHEW R. MCCULLOUGH (State Bar No. 301330)
mrmcullough@winston.com
CARSON SWOPE (State Bar No. 353352)
cswope@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

LEELLE B. SLIFER (*pro hac vice*)
lslifer@winston.com
JONATHAN HUNG (*pro hac vice*)
johung@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Attorneys for Plaintiffs X.AI CORP. and X.AI LLC

## PROOF OF SERVICE

I am employed in the County of San Mateo, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 255 Shoreline Drive, Suite 520 Redwood City, CA 94065.

On October 17, 2025, I served the following document(s) described as **PLAINTIFFS X.AI CORP. AND X.AI LLC'S RESPONSES TO DEFENDANT'S INTERROGATORIES, SET ONE** on the interested parties in the subject action by placing a true copy thereof as indicated below, addressed as follows:

Benjamin S. Kingsley
**Fenwick & West LLP**
555 California Street, 12th Floor
San Francisco, CA 94104

Email: bkingsley@fenwick.com

Jessica M. Kaempf
**Fenwick & West LLP**
401 Union Street, 5th Floor
Seattle, WA 98101

Email: jkaempf@fenwick.com

Christian E. Picone
Angela Shaw
**Berliner Cohen, LLP**
Ten Almaden Boulevard,
San Jose, California 95113-2233

Email: christian.picone@berliner.com
angela.shaw@berliner.com

**SEE ATTACHED LIST**

| | |
|---|---|
| ☑ | BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through Winston & Strawn LLP's electronic mail system from LQuan@winston.com to the email addresses set forth below. |

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 17, 2025

[signature]
Liberty Quan