UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

X.AI CORP., et al.,

        Plaintiffs,

    v.

XUECHEN LI,

        Defendant.

Case No.  25-cv-07292-RFL   (LJC)

**ORDER RESOLVING JOINT DISCOVERY LETTER REGARDING SUBPOENA TO OPENAI**

Re: Dkt. No. 125

The Court has reviewed Plaintiff xAI and third party OpenAI's joint letter regarding Request for Production No. 4 (RFP 4) in a subpoena that xAI served on Open AI.  This Order presumes the parties' familiarity with the letter, the record, the history of the case, and general principles of civil discovery in federal court, *e.g.,* Fed. R. Civ. P. 26(b)(1), including the extra protection generally afforded to non-parties.  *See, e.g.*, *Athalonz, LLC v. Under Armour, Inc.*, No. 23-mc-80324-LJC, 2024 WL 628846, at *5–6 (N.D. Cal. Feb. 14, 2024), *objections overruled*, 2024 WL 3508496 (N.D. Cal. July 23, 2024).

As a very brief summary, xAI previously employed Defendant Xuechen Li.  According to xAI, Li admitted to stealing large amounts of sensitive data when he was interviewing for employment with OpenAI, a competitor of xAI.  ECF No. 125 at 1.  OpenAI asserts that it never employed Li.  *Id.* at 4.  Those facts do not appear to be in dispute.

xAI served a subpoena on OpenAI last year seeking various categories of documents.  OpenAI produced documents in response to some of those requests, including "all communications with Li during his interview process" and documents exchanged with him during that process.  ECF No. 125 at 4.  The parties now dispute only RFP No. 4, which reads as follows:

United States District Court
Northern District of California

> All DOCUMENTS and COMMUNICATIONS related to Your internal review and decisionmaking process about whether to hire Defendant, including without limitation internal memoranda, recruitment notes, Defendant's job application, notes or correspondence regarding a review of Defendant's background and/or concerns, risks, or questions related to hiring Defendant.

ECF No. 125-2 at 2. OpenAI objects to that request as unduly burdensome and unnecessary, particularly given that it is a direct competitor of xAI and considers information about its hiring process to be sensitive.

Open AI agreed to produce documents in response to RFP No. 4 only to the extent they reflect "the disclosure of xAI information" or requests for such information, and asserted that it has no such documents. ECF No. 125 at 2, 4. xAI proposed to narrow RFP No. 4 as follows, with added narrowing language indicated by italics:

> All DOCUMENTS and COMMUNICATIONS related to Your internal review and decision-making process about whether to hire Defendant *that reflect, refer to, or describe information communicated by or to Defendant, documents shared or presented by or to Defendant (including any description of the content thereof), or the type, quantity, quality, or value of information about xAI or its products possessed by Defendant*, including without limitation internal memoranda, recruitment notes, Defendant's job application, notes or correspondence regarding a review of Defendant's background and/or concerns, risks, or questions related to hiring Defendant.

*Id.* at 2. OpenAI proposed to "produce all interview summaries and evaluations of Li submitted by interviewers on OpenAI's hiring" (sic). *Id.* at 5.

The Court finds that xAI has a legitimate interest in OpenAI records that reflect information Li disclosed to OpenAI. When Li is accused of misconduct that might well carry criminal penalties if proven, it is not reasonable to expect xAI to take Li's word for what, if any, information he shared with OpenAI. Nor can OpenAI necessarily be expected to be able to identify all "xAI information" within the information that Li shared during his interviews, because he may not have specifically characterized it is as such. Even with perfect knowledge of whether information was derived from Li's employment at xAI, the parties also might legitimately dispute whether certain information is best characterized as "xAI information" or generalized knowledge about artificial intelligence technology.

On the other hand, xAI's requests sweep too far in some respects. It is not clear, for

example, why xAI needs to know all information communicated from OpenAI "*to Defendant*," *see* ECF No. 125 at 2 (emphasis added), which is at most tangentially related to the core issues in this case of what Li took from xAI and what if anything he did with it.[1]  Even with respect to information communicated *by* Defendant Li, the lack of any restriction as to subject matter would sweep in information that is extremely unlikely to be relevant, like Li's discussion of his educational background or hobbies.  xAI's request is also unbounded as to the time period and scope of OpenAI's records search, thus imposing an undue burden.  The Court therefore limits RFP No 4 as follows, adapting xAI's most recent proposal:

> All DOCUMENTS and COMMUNICATIONS related to Your internal review and decision-making process about whether to hire Defendant that reflect, refer to, or describe information communicated by ~~or to~~ Defendant *regarding AI technology*, documents shared or presented by ~~or to~~ Defendant *regarding AI technology* (including any description of the content thereof), or the type, quantity, quality, or value of information about xAI or its products possessed by Defendant, including without limitation internal memoranda, recruitment notes, Defendant's job application, notes or correspondence regarding a review of Defendant's background and/or concerns, risks, or questions related to hiring Defendant.
>
> *This request is limited to the time period beginning when Li and OpenAI first made contact regarding Li's potential employment with OpenAI, and ending when the decision was made that Li would not be employed by OpenAI.  This request is further limited to four custodians to be selected by xAI.*

The parties are directed to meet and confer regarding the bounds of the relevant time period and the selection of four custodians.  OpenAI shall cooperate in sharing information about the individuals involved in the hiring process so that xAI may make an informed selection of custodians.  The parties may also wish to negotiate search terms.  No later than one week from the date of this Order, the parties shall file either a stipulation and proposed order resolving those issues, or a joint letter raising any unresolved disputes.

The Court recognizes that this document request, and even the meet-and-confer process

---

[1] Information about OpenAI's communications to Li might have been more relevant to a separate action that xAI filed against OpenAI, which Judge Lin dismissed on the pleadings.  The Court does not consider that separate case in determining the appropriate scope of discovery.

United States District Court
Northern District of California

regarding custodians, may implicate sensitive OpenAI information.  But the robust protective order in this case, which includes attorneys'-eyes-only provisions, is sufficient to mitigate the risks of such disclosure.  *See* ECF Nos. 60, 72.  To further reduce that risk, OpenAI is permitted to redact portions of its documents produced in response to RFP No. 4 that consist of highly sensitive information internal to OpenAI that does not relate in any way to information shared or potentially possessed by Li.  Whatever limited risk of competitive harm remains is warranted by the potential relevance of the information xAI seeks.

**IT IS SO ORDERED.**

Dated: April 29, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

4