**KING & SPALDING LLP**
LEELLE B. SLIFER (*pro hac vice*)
lslifer@kslaw.com
JONATHAN HUNG (*pro hac vice*)
johung@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201
Telephone: (214) 764-4600
Facsimile: (214) 764-4601

Attorneys for Plaintiffs
X.AI CORP. and X.AI LLC

**FENWICK & WEST LLP**
BENJAMIN S. KINGSLEY (CSB No. 314192)
bkingsley@fenwick.com
555 California St., 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

JESSICA M. KAEMPF (*pro hac vice*)
jkaempf@fenwick.com
401 Union Street, 5th Floor Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511

**BERLINER COHEN, LLP**
CHRISTIAN E. PICONE (CSB No. 218275)
ANGELA SHAW (CSB No. 321726)
Ten Almaden Boulevard, 11th Floor San Jose,
California 95113-2233 Telephone:
408.286.5800 Facsimile: 408.998.5388
christian.picone@berliner.com
angela.shaw@berliner.com

Attorneys for Defendant XUECHEN LI

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| X.AI CORP. and X.AI LLC,<br><br>       Plaintiffs,<br><br>   vs.<br><br>XUECHEN LI,<br><br>       Defendant. | **Case No. 3:25-cv-07292-RFL**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  July 15, 2026<br>Time: 11:30 am<br>Judge: Honorable Rita F. Lin |

Pursuant to Local Rule 16-9, and in compliance with Federal Rule of Civil Procedure 26(f) and the Standing Order for All Judges of the Northern District of California entitled "Contents of Joint Case Management Statement," Plaintiffs (collectively, "xAI") and Defendant Li, by and through their counsel of record, submit the following Joint Case Management Statement.

## 1.     JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq.* This Court has supplemental jurisdiction over xAI's additional claim because it forms part of the same case or controversy. 28 U.S.C. § 1367(a). Li has been served and no other parties remain to be served. No issues exist regarding personal jurisdiction, service, or venue.

## 2.     FACTS

### *xAI's Factual Summary*

On August 28, 2025, xAI filed suit against Li in the Northern District of California alleging violations of the DTSA, breach of contract, fraud, and violations of the California Comprehensive Data Access and Fraud Act, Cal. Penal Code § 502. xAI alleges that Li—one of its first engineers with broad access to xAI's most sensitive trade secrets—willfully copied vast stores of xAI's confidential information and trade secrets from his company laptop to his personal laptop on July 25, 2025, at the same exact time Li was communicating with OpenAI and liquidating millions in xAI stock. Li then tried to cover his tracks by deleting logs, renaming and compressing files, deleting passwords in his password manager, and concealing the nature and extent of his communications with OpenAI during his theft. Upon leaving xAI for OpenAI, Li falsely claimed he had returned and deleted all company data and would keep it confidential. Li admitted, in writing, and in the presence of his own lawyer, to his wrongdoing.

### *Dr. Li's Factual Summary*

Dr. Xuechen Li is an accomplished AI researcher and engineer.  When xAI hired Dr. Li in February 2024, xAI signed his Employee Confidential Information And Invention Assignment Agreement acknowledging multiple prior inventions of Dr. Li in AI research and engineering, which

1

xAI agreed were not to be assigned to xAI. The Employee Confidential Information And Invention Assignment Agreement also expressly contemplates the usage of personal devices and systems for employment at xAI. Publicly available information additionally confirms xAI employees used personal devices and accounts for xAI work.

Dr. Li's last day of employment at xAI was August 1, 2025. On August 11, xAI contacted Dr. Li with allegations regarding files transferred to personal storage, and instructed him to provide and then delete any xAI Confidential Information. Contrary to xAI's characterization of his behavior, within just three days of receiving that letter, Dr. Li voluntarily met with xAI's interrogators, voluntarily relinquished his personal devices to xAI, and repeatedly offered to facilitate xAI's access into his devices and accounts through counsel. Dr. Li did so because he has no intention or interest in using or disclosing bona fide protectable information of xAI. Dr. Li does not concede to the accuracy of xAI's characterization of Dr. Li's statements made during the meeting with xAI's interrogators.

Since entry of the TRO on September 2, 2025, Dr. Li continued to fully cooperate with xAI's forensic investigation. Through that cooperation, xAI obtained complete forensic access to four personal devices and twelve accounts. Despite these extensive forensic examinations, xAI has identified ***no evidence*** that Dr. Li copied, transferred, or disclosed any of the files xAI initially identified, to any third party. Dr. Li's independent forensic analyst confirmed the same.

In light of the absence of such evidence, xAI has now shifted its theory, alleging that the trade secrets Dr. Li purportedly disclosed to a third party (OpenAI) are those within a slide deck that Dr. Li created, and, allegedly, provided during a recruiting presentation to OpenAI. (*xAI Corp. v. OpenAI, Inc.*, Case No. 25-cv-08133-RFL, Dkt. 100 at 2 (N.D. Cal. 2025).) However, that slide deck is about Dr. Li's personal learnings, as reflected in the very title of the slide deck. (Dkt. 73.) It contains nothing more than general concepts, well-known ideas, personal opinions, and names/phrases that are not xAI's protectable information, and xAI's attempt to enjoin Dr. Li from using such general knowledge, skills and experience is an improper attempt to create a de facto non-compete on Dr. Li.

The Parties submit that additional factual issues may arise as the case progresses, the subjects of which are not presently known.

**3.     LEGAL ISSUES**

xAI has asserted claims based on the following legal authorities. The issues below may raise issues of law and/or mixed questions of fact and law:

- DTSA – *See* 18 U.S.C. § 1836 (providing a cause of action for the misappropriation of a trade secret); § 1839 (defining "misappropriation").

- Common Law Breach of Contract – *See, e.g.*, *Prop. Cal. SCJLW One Corp. v. Leamy*, 25 Cal. App. 5th 1155, 1162 (2018) ("The elements of a cause of action for breach of contract are: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom.") (internal quotations omitted).

- Common Law Fraud – *See, e.g.*, *Orient Handel v. United States Fid. & Guar. Co.*, 192 Cal. App. 3d 684, 693 ("The elements of fraud, which give rise to the tort action for deceit, are (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of falsity (or 'scienter'); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.").

- California's Comprehensive Data Access and Fraud Act – *See* Cal. Penal Code § 502.

The Parties submit that additional legal issues may arise as the case progresses, the subjects of which are not presently known.

**4.     MOTIONS**

The following motions have been filed and resolved as follows.

| Motion | Date Filed | Date Resolved |
|---|---|---|
| xAI's Motion for Temporary Restraining Order | August 28, 2025 (Dkt. 8) | September 2, 2025 |
| xAI's Request for Preliminary Injunction | August 28, 2025 (Dkt. 1) | January 14, 2026 |
| The Parties' Motions to Seal | August 28, 2025 (Dkt. 7) September 8, 2025 (Dkt. 31) | September 9, 2025 (Dkt. 35) |

3

| Motion | Date Filed | Date Resolved |
|---|---|---|
|  | September 11, 2025 (Dkt. 37) | September 12, 2025 (Dkt. 38) |
|  | November 24, 2025 (Dkt. 67–68) | February 26, 2026 (Dkt. 103) |
|  | December 16, 2025 (Dkt. 73–75) | February 26, 2026 (Dkt. 103) |
|  | December 23, 2025 (Dkt. 79–80, 82) | February 26, 2026 (Dkt. 103) |
|  | January 13, 2026 (Dkt. 88) | February 26, 2026 (Dkt. 103) |
|  | March 6, 2026 (Dkt. 106–08) | March 11, 2026 (Dkt. 118) |
|  | March 19, 2026 (Dkt. 122) | March 27, 2026 (Dkt. 127) |
| xAI's Motion to Consider Whether Cases Should be Related | September 25, 2025 (Dkt. 55) | September 26, 2026 (Dkt. 58) |
| xAI's Motion to Compel Third-Party Production Pursuant to Subpoena | March 6, 2026 (Dkt. 109) | March 11, 2026 (Dkt. 118) |
| Joint Letter to Court re Subpoena to OpenAI | March 21, 2026 (Dkt. 125) | April 29, 2026 (Dkt. 130) |

## 5.    AMENDMENT OF PLEADINGS

The Parties propose 60 days after the parties stipulate to a schedule, as provided in Section 15, as the deadline for amending the pleadings.

## 6.    EVIDENCE PRESERVATION

The Parties certify that they have reviewed the Court's ESI Guidelines, and confirm that they have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

4

The Parties have agreed to engage in additional meet-and-confer discussions regarding evidence preservation efforts.

**7.      DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), the Parties agree to exchange Initial Disclosures 14 days after the parties stipulate to a schedule, as provided in Section 15. The Parties reserve the right to amend their initial disclosures as may be necessary or required.

**8.      DISCOVERY**

**a.      Rule 26(f)(3)(A) – Initial Disclosures.**

See ¶ 7 *supra*.

**b.      Rule 26(f)(3)(B) – Scope of Anticipated Discovery.**

The Parties anticipate pursuing discovery on the causes of action in its Complaint for trade secrets misappropriation, breach of contract, fraud, and violation of the California Comprehensive Data Access and Fraud Act, including but not limited to the following topics: liability, causation, damages, and willfulness, and issues related to Li's affirmative defenses and counterclaims, if any.

The parties agree that expert discovery should be phased to occur after fact discovery.

**c.      Rule 26(f)(3)(C) – ESI Discovery.**

The Parties are negotiating and expect to stipulate to a Stipulated and [Proposed] ESI Order. The Parties have already entered into a Stipulated Protective Order. *See* Dkt. 59, 60, 71, 72.  The Parties are conferring on modifying the Stipulated Protective Order to incorporate the forensic protocols that the Parties entered into in September 2025.

**d.      Rule 26(f)(3)(D) – Privilege.**

The Parties jointly request that the court sign and enter the proposed Federal Rule of Evidence 502(d) order attached hereto as Exhibit B. The Parties have already entered into a Stipulated Protective Order (*see* Dkt. 59, 60, 71, 72) and are also negotiating and expect to stipulate to a Stipulated and [Proposed] ESI Order, which shall govern subject to the provisions of this Joint Report and the Rule 502(d) order. In addition, the Parties do not need to create a privilege log for any information withheld

from production based on privilege or work product protection that was created on or after August 11, 2025.

e.      **Rule 26(f)(3)(E) – Limitations on Discovery.**

The Parties do not propose any limitations on discovery other than those provided in the Federal Rules of Civil Procedure, the Local Rules, and the Court's Standing Order given the claims currently pleaded.

The Parties acknowledge that Rule 30(b)(6) depositions may require more than the default 7-hour limit and may present counting issues concerning both the 7-hour limit and the 10-deposition limit specified in the Federal Rules of Civil Procedure if a party presents multiple designees in response to a single notice. Therefore, upon service of Rule 30(b)(6) deposition notices, the parties agree to meet and confer in good faith to discuss reasonable time limits or extensions to time limits as the case may be.

f.      **Other**

1.      **Issues Regarding the Forensic Protocols**

As discussed above, the Parties may move to modify the Stipulated Protective Order.

Additionally, the Parties have been working to resolve a dispute that has arisen relating to the forensic protocols. Dr. Li reserves all rights to seek further relief from the Court on this issue, including to enforce the protocols and/or obtain certifications regarding the images, downloads, and takeouts of Dr. Li's and accounts that were created by xAI's forensic vendor. xAI does not believe there is any dispute and is working in good faith with Dr. Li to mitigate any concerns.

2.      **Whether xAI Must Identify Its Trade Secrets At Issue Now In A Trade Secret Disclosure**

As discussed during the Case Management Conference for the *OpenAI* case, the Parties will confer about how and when xAI will identify its trade secrets with particularity and will confer about setting a date certain beyond which contentions regarding the asserted trade secrets allegedly misappropriated cannot be amended without good cause.

Should the litigation against OpenAI proceed, the parties will also confer with OpenAI to

ensure a consistent schedule and requirements for an adequate trade secret disclosure across the related cases.

### 3.    Status of Other Discovery Issues

xAI filed discovery alongside its motion for TRO on August 28, 2025. Pursuant to the Court's September 2, 2025 Order Granting the TRO As Modified and Permitting Expedited Discovery (Dkt. 20), Li responded to xAI's discovery requests on September 9, 2025 by asserting his Fifth Amendment privilege. Li served discovery on xAI on September 25, 2025. xAI served its responses to Li's discovery requests on October 17, 2025.

xAI also served third-party discovery on OpenAI Inc., OpenAI LLC, and OpenAI OpCo LLC ("OpenAI") on September 18, 2025 and on Google, LLC on November 10, 2025. xAI continues to seek third-party discovery from OpenAI pursuant to the Court's April 29, 2026, order (Dkt. 130). The Parties are not otherwise aware of any discovery disputes at this time.

**9.    CLASS ACTIONS**

This is not a class action.

**10.    RELATED CASES**

This case is related to *X.AI Corp. et al. v. OpenAI, Inc., et al.*, Case No. 3:25-cv-08133-RFL (N.D. Cal. 2025), which is pending before this Court.

**11.    RELIEF**

xAI seeks relief in the form of (i) permanent injunctive relief under materially identical terms to the Stipulation Issuing Preliminary Injunction (Dkt. 89); (ii) money judgment against Li for that amount of ordinary damages, trebled damages, punitive damages, and/or restitution, in an amount to be determined at trial; (iii) attorneys' fees and costs; and (iv) any other relief deemed just and proper by the Court.

**12.    SETTLEMENT AND ADR**

Pursuant to ADR L.R. 3-5(d), the Parties have reviewed the Court's ADR handbook, discussed the available ADR procedures, and have come to agreement and have elected mediation.  The parties agree to a proposed deadline of 90 days after the pleadings challenges in the *OpenAI* litigation are

resolved.

**13.    OTHER REFERENCES**

The Parties do not believe that reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation is appropriate at this time.

**14.    NARROWING OF ISSUES**

The Parties are not aware of any issues that can be narrowed by agreement at this time. The Parties intend to address these issues as discovery progresses and the issues become clearer.

**15.    SCHEDULING**

The Parties had previously agreed to confer on a proposed case schedule once the pleadings challenges in the *OpenAI* litigation are resolved.  Although the Court recently granted the motion to dismiss in that case, xAI has advised that it intends to file an appeal.  Given this, the Parties are continuing to confer about a schedule, including whether a stay pending the *OpenAI* appeal and/or the criminal investigation is appropriate.

**16.    TRIAL**

Based on the current pleadings, the Parties expect this case will be tried to a jury. At this point the Parties are unable to estimate the length of the trial. Subject to any substantial narrowing of the issues, the Parties suggest at this time that the court reserve at least 5 trial days.

**17.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

xAI filed Certificates of Interested Entities or Persons pursuant to L.R. 3-15 ("Certificate of Interested Entities or Persons") on August 28, 2025, listing X Corp. and X.AI Holdings Corp. as entities that may have a potential interest in xAI. (Dkt. No. 5–6).Dr. Li filed a Certificate of Interested Entities or Persons on May 13, 2026.

**18.    PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    OTHER MATTERS**

The parties have no other matters to raise at this time.

Dated: July 8, 2026

**KING & SPALDING LLP**

LEELLE B. SLIFER (*pro hac vice*)
lslifer@kslaw.com
JONATHAN HUNG (*pro hac vice*)
jhung@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201
Telephone: (214) 764-4600
Facsimile: (214) 764-4601

Attorneys for Plaintiffs X.AI CORP. and X.AI LLC

Respectfully submitted,

**FENWICK & WEST LLP**

BENJAMIN S. KINGSLEY (CSB No. 314192)
bkingsley@fenwick.com
555 California St., 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

JESSICA M. KAEMPF (*pro hac vice*)
jkaempf@fenwick.com
401 Union Street, 5th Floor Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511

**BERLINER COHEN, LLP**

CHRISTIAN E. PICONE (CSB No. 218275)
ANGELA SHAW (CSB No. 321726)
Ten Almaden Boulevard, 11th Floor San Jose, California 95113-2233 Telephone: 408.286.5800
Facsimile: 408.998.5388
christian.picone@berliner.com
angela.shaw@berliner.com

Attorneys for Defendant XUECHEN LI

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| X.AI CORP. and X.AI LLC, | **Case No. 3:25-CV-07292-RFL** |
| Plaintiffs, | **STIPULATED [PROPOSED] FEDERAL RULE OF EVIDENCE 502(D) ORDER** |
| vs. | |
| XUECHEN LI, | |
| Defendant. | |

**STIPULATED [PROPOSED] ORDER UNDER FED. R. EVID. 502(d)**

Pursuant to Fed. R. Civ. P. 502(d), inadvertent production of materials covered by the attorney-client privilege or work product protection is not a waiver in this or any other federal or state proceeding. In case of inadvertent production, at the producing party's request, the receiving party shall immediately return or destroy the inadvertently produced materials. The producing party will provide a privilege log in accordance with Paragraph 6 for any inadvertently produced materials.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | |
|---|---|
| Dated: July 8, 2026 | Dated: July 8, 2026 |
| */s/ LeElle B. Slifer* | */s/ Jessica Kaempf* |
| LEELLE B. SLIFER (*pro hac vice*) lslifer@kslaw.com | JESSICA M. KAEMPF (*pro hac vice*) jkaempf@fenwick.com |
| Attorneys for Plaintiffs X.AI CORP. and X.AI LLC | Attorneys for Defendant XUECHEN LI |

10

**L.R. 5-1 ATTESTATION**

I, LeElle B. Slifer, am the ECF user whose identification and password are being used to file the parties' Joint Case Management Statement. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

*/s/ LeElle B. Slifer*
LeElle B. Slifer

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

Dated: _____

_____
THE HONORABLE RITA F. LIN
UNITED STATES DISTRICT JUDGE