United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

X.AI CORP., et al.,

Plaintiffs,

v.

XUECHEN LI,

Defendant.

Case No. 25-cv-07292-RFL (LJC)

**ORDER RESOLVING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**

Re: Dkt. Nos. 106, 107, 108

In connection with a motion to compel, Plaintiff xAI Corp. filed three administrative motions to seal or consider sealing documents. ECF Nos. 106, 107, 108. The Court denied the motion to compel without prejudice to the parties filing a joint letter, noting that the joint letter could rely on exhibits filed with the motion to compel and the Court would "consider the current sealing motions with respect to those exhibits." ECF No. 118. The parties' joint letter relied on Exhibits A, B, and G to the motion to compel. *See* ECF No. 125-1.

The remainder of the original sealing requests, consisting of redacted portions of the motion to compel and all of Exhibit F, is DENIED AS MOOT because the joint letter did not rely on those documents. *See* ECF No. 118; ECF No. 125-1. The Court deems those documents withdrawn and will not rely on them for any purpose. *See* ECF No. 118 (citing Civ. L.R. 79-5(g)(2)). The Court resolves the other sealing requests as follows.

**1. Exhibit A**

Exhibit A, a slide presentation prepared by Defendant Li, was also presented as Exhibit 12 to a different filing before Judge Lin, where Judge Lin granted leave to seal narrowly tailored redactions. *See* ECF No. 127 (granting leave to seal as requested at ECF Nos. 122 and 122-8); ECF No. 128-5 (redacted document filed in the public record). This Court therefore GRANTS

United States District Court
Northern District of California

leave to seal Exhibit A to the same extent as previously allowed by Judge Lin. Because the same document has already been filed in the public record with the approved redactions, ECF No. 128-5, no further action is necessary with respect to this document.

**2. Exhibit B**

Exhibit B consists of metadata for the slide presentation document, apparently derived from Defendant Li's Google account. ECF No. 106-5; *see* ECF No. 125 at 1 (referring to "Dkt. 106-5 (Slide Metadata)"). xAI's only justification for sealing this (or any other) document reads as follows:

> 2. . . . Exhibits A–B of the Motion to Compel, which xAI seeks to seal in their entirety, contain competitively sensitive information, including descriptions of xAI's trade secrets and sensitive information regarding the known and possible location of xAI confidential information.
>
> 3. Beyond the disclosure of a trade secret itself, disclosure of the locations where xAI confidential information is or may be stored without authorization and appropriate protections, given the sensitive nature of the misappropriated material, would expose xAI confidential information to a heightened risk of further misappropriation, cyber intrusion, and other malicious acts attempting to disseminate or disclose xAI confidential information, risking harm to xAI.

ECF No. 106-1, ¶¶ 2–3. That conclusory assertion, with no explanation of how it applies to the document at issue containing Google metadata, is insufficient to show any need to seal this document to protect xAI's interests.

xAI also moved to consider sealing this document as containing information considered designated as confidential by Defendant Li. ECF No. 107; ECF No. 107-1, ¶ 2; *see* Civ. L.R. 79-5(f). Li filed a response seeking to redact portions of the document that contain his "sensitive personal account information and personally identifiable information." ECF No. 124 at 3; ECF No. 124-2, ¶¶ 3, 6. Without reaching the question of whether sealing would be appropriate under the "compelling reasons" standard if this document were filed in a context more than tangentially related to the merits of the case, the Court finds good cause to seal Li's proposed redactions in this context of this discovery dispute. The parties' requests to seal Exhibit B are therefore GRANTED to the extent that Li proposes to redact the document, *see* ECF No. 124-3 (under seal), and otherwise DENIED. To complete the public record, xAI shall file a public version of Exhibit B no

later than one week from the date of this Order containing the redactions proposed by Li.

### 3. Exhibit G

Exhibit G is an email chain between Li and employees and officers of non-party OpenAI. ECF No. 108-5. xAI moved to consider filing it under seal based on OpenAI's designation of confidentiality. ECF No. 108. OpenAI filed a response seeking to seal the names, job titles, and contact information for its employees, to avoid revealing sensitive information about its interview process as well as unwanted public outreach to its employees. ECF Nos. 126; 126-1. Taking into account OpenAI's non-party status, and without reaching the question of whether sealing would be appropriate under the "compelling reasons" standard if this document were filed in a context more than tangentially related to the merits of the case, the Court finds good cause to seal that information. Li also asks to seal his personal email address, and the Court finds good cause to seal that as well. *See* ECF No. 124-2, ¶ 3; ECF No. 124-5. To complete the public record, xAI shall file a public version of Exhibit G no later than one week from the date of this Order containing the redactions proposed by Li and OpenAI.[1]

* * *

For the reasons discussed above, xAI's requests to seal or consider sealing are GRANTED in part and DENIED in part. xAI shall file redacted public versions of Exhibits B and G consistent with the rulings above no later than one week from the date of this Order.

**IT IS SO ORDERED.**

Dated: July 28, 2026

LISA J. CISNEROS
United States Magistrate Judge

[1] OpenAI did not file a sealed version of the document highlighting its specific proposed redactions. The Court expects the parties to meet and confer to ensure that all necessary redactions are applied before filing.